**RECEIVED**

APR 0 2 2008

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

United States District Court
For The District of Columbia

CIVIL DIVISION

**RECEIVED**

APR 0 2 2008

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

Kenneth Hammond
9302 Piney Branch Road #202
Silver Spring , MD 20803
                    **Plaintiff(s)**              Civil Action No.08-0326 (RMU)

        V.

D.C. Records Center & Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534
                    **Defendant(s)**


### Motion To Amend Pleadings LCvR 7.1(i ) and
### Clarification of the Facts within this Civil Complaint


**Abbreviations**

(FBOP) - Federal Bureau of Prisons

(CCC) - Community Correctional Center

(CDC) - Center Disciplinary Committee

(DHO) - Disciplinary Hearing Officer

(DCMR) - District or Columbia Municipal Regulations


**NOTE:**
 The hearing by the (CDC) is not the same hearing as the (DHO) hearing, for the (CDC)
only can make sanction recommendations they are not authorize nor have the authority to
pass down any forfeiture sanction, for only the (DHO) has the authority to carryout this
function" and this authority is only authorize after a full disciplinary hearing has been
conducted by the (DHO) hearing officer, as according to *Wolff v. McDonnell*, 418 U.S.
**539, etc. 18 USC §§ 4161-4164; 28 C.F.R.§541.13(a)(1).**

For the plaintiff is a District of Columbia Code Offender being held at a District of Columbia Halfway House and therefore was to be held under the District of Columbia Department of Corrections D.C. Official Code Section 23-1321(c) (1) (b) (xi) (2001) Title 28DCMR chap.7 entitled **"Community Correctional Center Disciplinary Procedures"** see – **Exhibit B pgs 1-4**.

For under the DCMR 23-1321(c) (1) (b) (xi) (2001) there's no sanction which allows forfeiture of Statutory Good Time Credits for (CCC) violations see – **Exhibit B.**

For as according to ***Wolff v. McDonnell*, 418 U.S. 539**, before a prisoner's statutory good time can be forfeited and only after the prisoner has been given proper notice and a full disciplinary hearing can his statutory good time be forfeited.

For this plaintiff's complaint is not about him receiving proper notice of the charges brought against him, but is about him not receiving a (DHO) hearing and where 150 days were unlawfully forfeited from his sentence and where he was held unlawfully imprisoned for 150 days without any kind of (DHO) hearing; although Ms. D. Livingston the alleged (DHO) hearing officer who allegedly held a hearing without the plaintiff being present found him guilty of the charges that were brought against him.

For the plaintiff was not allowed to be present at the (DHO) hearing nor was the plaintiff allowed to submit any document s in his defense nor was he allowed to call forth any of his witnesses because they were staff members of the (CCC) for five of these witnesses

would have testified that they were present when one of their own co-worker took a Hall's cough drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

The plaintiff was not allowed to have a witness written statement by the Metro Station worker submitted, which stated that he had to awake the plaintiff up because the plaintiff was sleep on the train, but Ms. Ebony Hill a staff member of the (CCC) and also the person who sat on the (CDC) hearing as a chairperson and refused to submit the witness statement, which would have proved that the plaintiff was telling the truth.

Also the report from one of the staff members that also cleared the plaintiff was not allowed by Ms. Hill. For the report that was written by Ms. Moore, which stated that she had called the plaintiff's place of employment and was informed that the plaintiff was at work on the day in question from 10am to 8pm.

Therefore the plaintiff could not have been found guilty of the charge of escape, because the plaintiff was to have been given two hours travel time, from the time the plaintiff left his place of employment, which would have meet that the plaintiff was not do back at the

(CCC) until 10pm and not at 9pm, therefore the plaintiff was place on escape one hour prior to the time that such report was to be done.

For the (CCC) policy states that a prisoner has a two-hour grace period to return to the Facility. In this case the plaintiff was given only one hour which violates their own policy and was then unlawfully placed on escape. However, after they placed the plaintiff on escape they allowed him sign in on that same day, meaning that the plaintiff was received back into the (CCC) upon his return as required.

**NOTE:**

This is why no criminal charge for an escape was ever filed against the plaintiff.

Three days after this alleged escape the plaintiff was allowed to return to work, for it was not until two weeks after the day of the alleged escape, that the plaintiff was removed from the (CCC) program unlawfully and sent over to the D.C. Jail without a (DHO) finding, for there was no finding until two days after the plaintiff was removed from the program, and this was done without a (DHO) hearing., for the plaintiff was removed from the program on 1-26-2005 and the alleged (DHO) Officer made her finding on 1-28-2005. See-**Exhibit A & C**

4

While the plaintiff was being held at the D.C. Jail the alleged (DHO) Officer Ms. D. Livingston allegedly held a Disciplinary Hearing without the plaintiff being present at this hearing which is a violation of the plaintiff's fifth constitutional right and allegedly found the plaintiff guilty as charged on Jan. 28th, 2008 two days after the plaintiff was sent over to the Jail., thereby the plaintiff was unlawfully removed from the (CCC) Program two days before he was found guilty and two days before the alleged DHO hearing was conducted. See-**Exhibit C pgs 1-3**

For one hundred fifty days were unlawfully removed from the plaintiff's sentence without the plaintiff receiving or being present at a DHO hearing in violation of the plaintiff's fifth constitutional right, the plaintiff was also held in transit and not allowed to Appeal the alleged DHO hearing officer's decision for 142 days, for the plaintiff did not receive the DHO package until 6-28-2005.see- **Exhibit C** the date that the DHO's package was fax to the plaintiff.

This refusal to send or give the plaintiff the DHO package, so that he could appeal the DHO hearing officer decision in a timely manner within the time frame to appeal is a clear violation of the plaintiff's First Constitutional Right to Appeal an arbitrary decision.

For the plaintiff was informed that no DHO package was being sent to him, the plaintiff then filed under his Administrative remedy Appeal seeking for the alleged charges to be removed from his files and that they restore the days from which they unlawfully forfeited. See- **Exhibit D pgs 1-2**

For as according to **Wolff v. McDonnell, 418 U.S. 539** before a prisoner's Statutory Good Time can be forfeited is only after the prisoner was given or received a full disciplinary hearing.

For the plaintiff was not allowed to be present at the DHO hearing, nor was the plaintiff allowed to submit any documents in his defense for he was not allowed to call forth his witnesses because they were staff members of the (CCC).

For five of these witnesses would have testified that they were present when one of their own co-worker Ms. Everrett, had taken a Hall's Cough Drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

The plaintiff was not allowed to submit one of the staff members report in his behalf, which stated that she had called the plaintiff's place of employment and was informed that plaintiff was at work from 10am to 8pm on the day that the plaintiff was charged with the incident of escape when he fell asleep on the train on his way back to the (CCC) Facility.

He was also not allowed to have his witness testify which was a Metro Station Worker who called to tell them that he had awaken the plaintiff on the train.

Also this witness gave a written statement to be submitted, but the staff member Ms. Ebony Hill refused to submit those written statements, which also violated the plaintiff right of due process, his right to submit evidence in his own behalf.

**NOTE:**

This is why no criminal charges for an escape was ever filed against the plaintiff.

Three days after this alleged escape the plaintiff was allowed to return to work, for it was not until two weeks after the day of the alleged escape, that the plaintiff was removed from the (CCC) program unlawfully and sent over to the D.C. Jail without a DHO finding.

 For there was no finding until <u>two days after</u> the plaintiff was removed from the program, and this was done without a DHO hearing; for the plaintiff was removed from the program on 1/26/05 and the alleged DHO officer made her finding on 1/28/05. See – Exhibit  <u>A & C.</u>

While the plaintiff was being held at the D.C. Jail the alleged DHO officer Ms. D. Livingston, allegedly held a Disciplinary Hearing without the plaintiff being present at this hearing, which is a violation of plaintiff's fifth constitutional right and allegedly found the plaintiff guilty as charged, on January 28,2005 two days after the plaintiff was sent over to the jail.

Thereby the plaintiff was unlawfully removed from the (CCC) program two days before he was found guilty and two days before the alleged DHO hearing was conducted. See – Exhibit **C pgs 1-3**

For One Hundred and Fifty days were unlawfully removed from the plaintiff's sentence without the plaintiff receiving or being present at a DHO Hearing in violation of the plaintiff's Fifth Constitutional Right.

The plaintiff was also held in transit and not allowed to appeal the alleged DHO Hearing officer's decision for a total of 142 days, for the plaintiff did not receive the DHO package until 6/28/05. See – Exhibit **C** "the date that the DHO's package was faxed to the plaintiff."

This refusal by the (FBOP) to send or give plaintiff the DHO package so that he could appeal the DHO hearing officer's decision in a timely manner and within the timeframe to appeal is a clear violation of the plaintiff's first constitutional rights, the right to appeal an arbitrary decision.

For the plaintiff was informed that no DHO package was being sent to him, the plaintiff then filed under his administrative remedy appeal seeking for the alleged charges to be removed from his files and that they restore the days from which they unlawfully forfeited. See – Exhibit **D pgs. 1-2**

For as according to *Wolff v. McDonnell*, 418 U.S. 539 before a prisoner's statutory good time can be forfeited is only after the prisoner was given or received a full disciplinary hearing.

For the plaintiff was denied the right to be present at the DHO hearing, for he was not allowed to submit any documents in his defense or call forth his witness's because they were staff members of the CCC.

For five of these witness would have testified that they were present when one of their own co-workers Ms. Everett took a Hall's cough drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

The plaintiff was not allowed to have a staff members report submitted, which stated that she had called the plaintiff's place of employment and was informed that the plaintiff was at work form 10am to 8pm on the day that the plaintiff was charged with the incident of escape.

He was also denied the right to have his witness testify in his behalf, which was a Metro Station worker who called the facility on the day in question.

To verify that he was the person who called to tell them that he had awaken the plaintiff on the train, also this witness gave a written statement to be submitted, but staff member

Ms. Ebony Hill refused to submit those written statements, which also violated the plaintiff right of due process, the right to have evidence submitted in his defense.

This denial by the staff member Ms. Ebony Hill to allow the plaintiff to have his evidence submitted denied him his right to properly prepare any defense in violation of *Morrissey v. Brewer*, supra. 408 U.S. at 489.

The plaintiff asserts that he had a right to be heard and to present witness's or witness's statements, for the fundamental guaranty of due process is the opportunity to be heard, prior to the imposition of a disciplinary sanction, and that this right was violated when (FBOP) refused to conduct a DHO hearing with the plaintiff present.

The law provides that the (CCC) Committee is to be made up of three (3) members and that each member can not be apart of staff involved with the inmate's case, *Wolff v. McDonnell*, 418 U.S. 539,571 (1974).

For in this case this was not done where the inmate case manager Ms. Ebony Hill was the investigator and hearing committee officer and a witness in one of the disciplinary reports.

For she was the only person that sat on the inmate's discipline committee as the chairman, for there were no other members on the inmate's committee, also because

credit days were taken, the inmate's case was to go before a Disciplinary Hearing Officer which did not happen in this case.

Therefore because no full hearing as according to the due process of the fifth amend was ever conducted, the forfeiture of 150 statutory credit days was done in violation of the plaintiff constitutional rights.

For if this court looks closely at this case it will find the (CCC) committee was made up of only the case manager Mrs. Ebony hill, and the plaintiff asserts that this presented such a hazard of arbitrary decision making that it can be seen to have violated the due process of law. See – Exhibit **C pgs 1-2**

For Ms. Ebony Hill was already personally upset with plaintiff because he had went to her supervisor the Administrator, Mr.Wilburn of the (CCC) to uptain a waver so that the plaintiff did not have to pay halfway house subsitence.

Also because Ms. Ebony Hill was one of the witnesses to the #222 disciplinary report and because she also participated in the investigation, it was a violation of the plaintiff's rights for her to sit on the Disciplinary Committee as the Chairman in fact she was the only person (Member) of the Committee. See-Exhibit <u>**C**</u> **pgs 1&2**

The plaintiff was denied the right to Appeal the alleged Disciplinary Hearing Officer's decision because there was no DHO hearing conducted and the plaintiff did not receive the disciplinary package until 6-28-05 some 142 days after the DHO alleged finding.

When the policy under 28 C.F.R.§ 541.17(g) makes very clear that the plaintiff was to be given the said report within 10 working days so that the inmate could Appeal.

In this case the plaintiff did not receive said report until some 142 days after the alleged DHO's decision, which violates the plaintiff's First Constitutional Right to Appeal in a timely manner.

The plaintiff not only asserts but the records herein reflect that not only did the defendants violate the plaintiff's Constitutional Rights but also violated their own Federal Policies under the 28 C.F.R.§§ 541.15 - 541.17.

For under 541.15(C ) states:

The inmate is entitled to be present at the initial hearing except during the deliberations of the decision makers or when institutional security would be jeopardized by the inmates presence.

For in this case the defendants can not show how it would have jeopardize the institutional security to have the plaintiff present at his disciplinary hearing, for the courts has unanimously viewed as necessary safeguard in prison disciplinary proceeding, it has also held that an individual's interest in an adequate hearing cannot be sacrificed to the

12

State's interests in saving time and money; procedural due process is not intended to promote efficiency or accommodate all possible interest; it is intended to protect the particular interest of the person whose possessions {or liberties} are about to be taken. <u>Fuentes v. Shevin</u>, supra, 407 U.S. at 90 n.22; accord, <u>Goldberg v. Kelly,</u> supra, 397 U.S. at 265-266.

The plaintiff asserts that because the defendants cannot justify why the plaintiff was not allowed to be present at his disciplinary hearing and because the DHO failed to make any written statements upon what evidence she relied upon to make her finding of guilt that she willfully and knowingly denied the plaintiff of his procedure due process in violation of his fifth constitutional and in violation of 28 C.F.R. § 541.17(d) which states: the DHO "must" document in the records the reason(s) for excluding an inmate from the hearing.

Also the DHO Ms. D. Livingston is in violation of 28 C.F.R.§ 541.17 (g) which states: The DHO "shall" prepare a record of the proceeding which need not be verbatim.

This record <u>must</u> be sufficient to document the advisement of the inmates rights, the DHO's finding, the DHO's decision and specific evidence relied on by the DHO and <u>must</u> include a brief statement of the reason(s) for the sanctions imposed. The evidence relied upon, the decision and the reasons for the actions taken <u>must</u> be set out in specific terms unless doing so would jeopardize institutional security, the DHO <u>shall</u> give the

inmate a written copy of the decisions and disposition, ordinarlly within 10 days of the DHO's decision.

For the plaintiff asserts that if this Court looks into the records it would find that there are no written reports from the DHO explaining what specific evidence the DHO relied upon, in fact this court won't even find a summary of a report from the DHO explaining how she drew to the conclusion of her decision and disposition in passing down the sanctions that she ordered upon the plaintiff.

For the only thing the DHO did was write at the bottom of the Committee Recommendation Page the sanctions that was imposed by her. See- Exhibit <u>C</u> pgs 1 & 2

The plaintiff asserts and this Court's sister circuits have found that a prisoner has a right to be heard and to present witnesses and that the fundamental guaranty of due process is the opportunity to be heard prior to the imposition of disciplinary sanctions, an accused inmate <u>must</u> have an opportunity to show, if he can that he did not violate the rule as charged or to explain that, although guilty of the charged infraction, there are mitigating circumstances <u>Sostre v. McGinnis</u>, supra,442 F.2d at 198-199,203; <u>Morrissey v. Brewer</u>, supra,408 U.S. at 489.

The plaintiff also has a right to present witnesses and documentary evidence to support his contentions. <u>Morrissey v. Brewer</u>, supra, at 489 the procedural rules utilized at the

hearing should be flexible, so that it is possible to consider letters, affidavits and other material that would not be admissible in an adversary criminal trial.

The ability to produce evidence other then his own testimony is necessary to assure that he will be heard "in a meaningful manner". Armstrong v. Manzo, 380 U.S. 545,552,85 S.Ct.1187, 14 L.Ed.2d 62(1965)

The right to confrontation and cross examination,  confrontation and cross examination of witnesses at a hearing help guarantee that the fact finding process is as complete and reliable as possible, accordingly in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross examine adverse witnesses. Goldberg v. Kelly, supra, 397 U.S. at 269.

Prison disciplinary hearings, no less than parole revocation proceedings Morrissey v. Brewer, supra, at 489,  involve factual determinations and thus must provide an opportunity for an accused inmate to demonstrate that the evidence against him is based on misperceptions or on faulty memories or that it is motivated by malice or prejudice. McDonnell v. Wolff, supra, at 1062-1063; Palmigiano v. Baxter, supra,487 F.2d at 1290; cf. Greene v. McElroy, 360 U.S. 474,496-497, 97 S.Ct. 1400, 3 L.Ed.2d 1377.

The plaintiff asserts and the records will show that Ms. Ebony Hill was the investigating officer, a witness to one of the infractions, and the sole Committee Chairmen that made the recommendations in this plaintiff's committee disciplinary hearing sanctions and it is

for this reason, the plaintiff states that he was denied a neutral and detached hearing body.

For the basic to an accused prisoner's constitutional guarantee of an accurate and fair fact finding determination prior to the imposition of sanctions is the right to be heard by an impartial disciplinary committee. <u>Morrissey v. Brewer</u>, supra, at 489 <u>Goldberg v. Kelly</u>, supra, at 271.

Ms. Ebony Hill forgot, failed or out-rightly refused to submit the plaintiff's written statement of the facts and events which would have supported the plaintiff's imposition of his innocence refused to submit the report of herself witnessing that her co-worker Ms. Everrett testing herself with the breathalyzer and tested positive after taking a Hall's Cough Drop, for Ms.E. Hill knowing all of these facts nevertheless submitted a recommendation report requesting the forfeiture of 150 days from the plaintiff's sentence, because Ms. E.Hill had personal knowledge of the material facts and was the investigator in the plaintiff's disciplinary reports as well as a witness in one of the infraction, she also sat on the disciplinary committee as the chairman (for the committee was made up of only one member- the chairman) therefore the plaintiff was denied a neutral and detached hearing body in violation of his fourteenth constitutional right of due process clause and this violated the plaintiff's right to have a neutral and detached hearing body.

The plaintiff asserts that he has a constitutional right to have a decision based on the evidence presented, for information not presented at a hearing leaves the prisoner without

any means of rebutting or seeking to mitigate the evidence against him. United States v. Abilene & S.Ry, 265 U.S. 274, 289, 44 S.Ct. 565, 68 L.Ed 1016.

For the right to confront and cross examine adverse witnesses to be meaningful, the disciplinary committee must be required to makes its fact finding determinations based solely upon the evidence presented at the hearing . Goldberg v. Kelly, supra, at 271.

For the plaintiff asserts that in this case where the plaintiff was disallowed to present evidence of his witnesses and the right to submit a report which would have change the whole out come of the disciplinary proceedings,  for the plaintiff was not allowed to be present at this disciplinary hearing, denied the right of confrontation to cross examine any witnesses against him or to submit any evidence.

For as this Court and its sister circuits have already indicated, utilization of these procedural safeguards is necessary for any prison disciplinary proceeding to be consistent with the requirements of the due process clause of the fourteenth amendment, regardless of the sanction that is imposed.

Nothing this Court or its sister circuit have said concerning the minimum necessary procedural protections should be construed as limiting the safeguards which prison officials may provide, of course, to the extent that additional safeguards are utilized, they must be made available to all inmates subject to the same class of disciplinary sanction unless there is a rational basis for differentiating between the inmates, failure to provide

such even handed treatment, as the District Court recognized violates the equal protection clause of the fourteenth amendment.

The plaintiff asserts that, because these procedures challenged in this case do not meet these minimums they are unconstitutional.

The plaintiff asserts that because the (CCC) & (CDC) has a unwritten policy that surpasses the plaintiff's rights to be present at his DHO hearing and were he is denied the rights to present any evidence, witnesses (or) documents in his behalf and were the defendant Ms. E. Hill willfully refused to submit the documents that were given to her into the records, this willful refusal was an illegal act.

For the defendant Ms. D. Livingston, to willfully and knowingly conduct a DHO hearing without the plaintiff being present is a clear violation of the Code of Federal Regulations and plaintiff's Constitutional Rights and can be seen as a clear unlawful and illegal action.

Because the defendants (agents for FBOP) Ms. E. Hill & Ms. D. Livingston both was working for the (FBOP) and because it can be seen that the FBOP is a Corporation and not the United States and because the actions of the agents Ms. Hill & Ms. Livingston were acts that were illegal, sovereign immunity is inapplicable.

Corporations have no constitutional immunity from illegal or unlawful actions, and a statute that attempts, by imposing conditions upon a general privilege to exact a waiver of a constitutional right is null & void. Harrisson v. St. Louis & San Francisco R.R.Co., 232 U.S. 318; Terral v. Burke Construction Co., 257 U.S.529.

Doctrine of Sovereign immunity is inapplicable to bar action attacking an illegal act by the defendants, were acts by government officials are ultra vires prevents invocation of doctrine. Tax Analysts & Advocates v. Shultz, 376 F.Supp.889 (D.C.Cir.1974)

Ex Parte Young,209 U.S. 123, 52 L.Ed 714, 28 S.Ct. 441 The ultra vires doctrine removes a claim from the ambit of the eleventh amendment, permitting a suit versus a State Official, if the Official is acting without the Color of State Authority, beyond the scope of his or her responsibilities, some cases intimate that the eleventh amendment does not apply.

Ultra Vires doctrine encompasses only corporate actions that are expressly prohibited by statute or by law. Columbia Hosp. For Women Found.,Inc. v. Bank of Tokyo-Mitsubishi, 15 F.Supp.2d.1 (D.C.1997) aff'd 1998 U.S. App. Lexis 7871 (D.C.Cir. Apr.17,1998)

For in this case the 28 C.F.R.'s make very clear that it prohibit the denial of the plaintiff's rights to produce documents, call witnesses and be present at the hearing and the law under the constitution makes very clear that the plaintiff has the rights to be heard and to present witnesses, the right to confrontation and cross examination, the right to a neutral

& detached hearing body, and the right to have a decision based on all the evidence that
is to be presented.

### Plaintiff's Statement for
### Compensation & Monetary Damages

For the Plaintiff seeks to be compensated for the loss of work wages and for the
constitutional violations committed by the defendants against the plaintiff.

The plaintiff seeks to be compensated for 150 days of loss work wages at ten dollars a
hour at 8 to 10 hours a day, which he would have incurred if not for the violation of his
rights by the defendants, which total $15,000.00 dollars for 150 days.

The plaintiff seeks to be awarded $5,000.00 dollars for each Constitutional violation that
the defendant willfully inflicted upon the plaintiff.

Five Thousand dollars for the violation of the plaintiff's First Constitutional Right, the
Right to Appeal.

Five Thousand dollars for the violation of the plaintiff's Fifth Constitutional Right of due
process, the right to be present at the DHO hearing and to be heard before the forfeiture
of his Statutory Good Time.

Five Thousand dollars for the violation of the plaintiff's Fourteenth Constitutional Right
of procedure due process and equal protection of law.

Five Thousand dollars for the violation of the plaintiff's Eighth Constitutional Right to be free from Cruel and Unusual Punishment, were the defendants unlawfully held the plaintiff imprisoned for 150 days beyond his mandatory release date.

Pursuant to Local Rule 7 (m), Plaintiff, *pro se* left message for the Defendant concerning this Motion of Clarification being filed before this Court and the granting of time from which the Defendant may have an appropriate time to response to said Motion, because the Defendant can address any issues raised within this Motion prior to the Court making any judgements in this case, the defendants would not be prejudice.

## Certificate of Service

I hereby declare that on this 31th, day of March, 2008, I caused the forgoing to be served by first class mail, postage prepaid, to Defendants Attorney

Marian L. Borum, D.C. Bar # 435409
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th, Street, N.W.- Room E4810
Washington, D.C. 20530

3/31/08

Kenneth N. Hammond, pro se
9302 Piney Branch, Rd # 202
Silver Spring, Maryland, 20903
301-712-1079 Cell; 301-439-4054 Home

```
  BOPG8            *        PUBLIC INFORMATION      *     07-14-2005
PAGE 001           *          INMATE DATA           *     13:17:58
                   *        AS OF 07-14-2005

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                   RESP OF: BSY / MANDATORY PAROLE
                   PHONE..: 606-433-2400    FAX: 606-433-2577
                                     RACE/SEX...: BLACK / MALE
FBI NUMBER.: 906985W7                DOB/AGE....: 11-14-1962 / 42
ACTUAL RELEASE METH.: MAND PAR
ACTUAL RELEASE DATE.: 07-12-2005
-------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT  DESCRIPTION              START DATE/TIME STOP  DATE/TIME
BSY   MAND PAR    MANDATORY PAROLE         07-12-2005 1005 CURRENT
BSY   A-DES       DESIGNATED, AT ASSIGNED FACIL  05-19-2005 1450 07-12-2005 1005
S41   RELEASE     RELEASED FROM IN-TRANSIT FACL  05-19-2005 1450 05-19-2005 1450
S41   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-19-2005 0718 05-19-2005 1450
ATL   HLD REMOVE  HOLDOVER REMOVED               05-19-2005 0718 05-19-2005 0718
ATL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF  04-19-2005 1832 05-19-2005 0718
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL  04-19-2005 1832 04-19-2005 1832
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-19-2005 1000 04-19-2005 1832
OKL   HLD REMOVE  HOLDOVER REMOVED               04-19-2005 0900 04-19-2005 0900
OKL   A-HLD       HOLDOVER, TEMPORARILY HOUSED   03-07-2005 1745 04-19-2005 0900
6-K   RELEASE     RELEASED FROM IN-TRANSIT FACL  03-07-2005 1845 03-07-2005 1845
6-K   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-07-2005 0800 03-07-2005 1845
CDC   HLD REMOVE  HOLDOVER REMOVED               03-07-2005 0800 03-07-2005 0800
CDC   A-BOP HLD   HOLDOVER FOR INST TO INST TRF  01-26-2005 1030 03-07-2005 0800
0-X   RELEASE     RELEASED FROM IN-TRANSIT FACL  01-26-2005 1030 01-26-2005 1030
0-X   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-26-2005 1028 01-26-2005 1030
CDC   TRANSFER    TRANSFER                       01-26-2005 1028 01-26-2005 1028
CDC   A-DES       DESIGNATED, AT ASSIGNED FACIL  11-03-2004 1925 01-26-2005 1028
7-M   RELEASE     RELEASED FROM IN-TRANSIT FACL  11-03-2004 1925 11-03-2004 1925
7-M   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 11-03-2004 0919 11-03-2004 1925
GIL   FURL TRANS  FURL W/UNESCORTED TRF TO A CCC 11-03-2004 0919 11-03-2004 0919
GIL   A-DES       DESIGNATED, AT ASSIGNED FACIL  07-16-2003 2030 11-03-2004 0919
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL  07-16-2003 2030 07-16-2003 2030
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-16-2003 0722 07-16-2003 2030
ATL   HLD REMOVE  HOLDOVER REMOVED               07-16-2003 0722 07-16-2003 0722
ATL   A-HLD       HOLDOVER, TEMPORARILY HOUSED   07-01-2003 2014 07-16-2003 0722
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL  07-01-2003 2014 07-01-2003 2014
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-01-2003 1100 07-01-2003 2014
OKL   HLD REMOVE  HOLDOVER REMOVED               07-01-2003 1000 07-01-2003 1000
OKL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF  05-23-2003 1720 07-01-2003 1000
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL  05-23-2003 1820 05-23-2003 1820
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-23-2003 0845 05-23-2003 1820
THA   TRANSFER    TRANSFER                       05-23-2003 0745 05-23-2003 0745
THA   A-DES       DESIGNATED, AT ASSIGNED FACIL  09-04-2002 0819 05-23-2003 0745
3-E   RELEASE     RELEASED FROM IN-TRANSIT FACL  09-04-2002 0919 09-04-2002 0919
3-E   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-04-2002 0527 09-04-2002 0919


G0002      MORE PAGES TO FOLLOW . . .
```



EXHIBIT

A

tabbies

## DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS

## NOTICE OF FINAL RULEMAKING

The Director of the Department of Corrections, pursuant to the authority set forth in §2(d)(3) of the Bail Reform Act of 2000, effective January 16, 2001, D.C. Law 13-310, hereby gives notice that on May 1, 2002 he took final rulemaking action to adopt a new Chapter 7 of Title 28 of the District of Columbia Municipal Regulations (DCMR) entitled "Community Correctional Center Disciplinary Procedures." Notice of Proposed Rulemaking was published for a thirty (30) day comment period in the D.C. Register on March 29, 2002 at 49 DCR 2925. No comments were received. This new chapter of Title 28 will take effect upon publication of this notice in the D.C. Register.

**700    STATEMENT OF PURPOSE**

The purpose of this Chapter is to establish standards of conduct and discipline for persons released pursuant to D.C. Official Code Section 23-1321(c)(1)(B)(xi) (2001) and ordered by a judicial officer to be housed in Community Correctional Centers (CCC). These rules establish sanctions, up to and including revocation of release and detention, for violations of CCC rules, policies and procedures. Conditional release under Section 23-1321(c)(1)(B)(xi) is a pretrial release option for those defendants ordered by a judicial officer to return to custody for specified hours following release for employment, schooling or other limited purposes.

**701    DEFENDANT ORIENTATION**

701.1   Within one business day of their arrival at an assigned CCC, a newly assigned defendant will participate in an orientation program.

701.2   Within this same period CCC staff will endeavor to confirm the defendant's employment and/or training status.

701.3   During the orientation program all defendants will be advised of CCC regulations, and will receive and sign for a printed copy.

701.4   All persons housed in a CCC facility at the time that these regulations take effect will receive and sign for a copy of these regulations.

701.5   All CCC defendants will be required to participate in the orientation program prior to being released unless they have been ordered by a judicial officer to be immediately released into the community.

*Exhibit B pg 1 of 4*

4558

ammunition, or any tool that can be used as a weapon capable of inflicting serious bodily harm to others.

(g)    Intentional destruction of any property within the CCC.

(h)    Possession, manufacture, introduction or use in the CCC of any narcotic, marijuana, intoxicant, medication, drug or drug related paraphernalia not prescribed for the defendant by a doctor and/or authorized by the medical staff.

(i)    Engaging in sexual acts with others in the CCC or on the CCC premises.

(j)    Second or subsequent Class II Infractions may result in a Class I violation.

(k)    If a defendant charged with a Class II Infraction is reasonably believed to present a high risk of danger to self or others, or presents a risk of flight, that defendant may be temporarily remanded to the CDF. The CCC Administrator/Director or designee must approve any such temporary remand to the CDF. An affidavit stating the basis for the defendant's remand, and request that the defendant be brought before the court without unnecessary delay, shall be prepared by the CCC Administrator/Director or designee and filed within twenty-four (24) hours (excluding holidays and weekends) of the defendant's remand to the CDF.

*D.C.code 23-1321 (a)(1)(B)(xi)*

702.6    Class II Infractions constitute misconduct that jeopardizes the security and/or orderly operation of the CCC. The CCC Disciplinary Team is empowered to impose appropriate administrative sanctions when a charged Class II Infraction is sustained. The conduct listed below constitutes infractions under this section.

(a)    Smoking where prohibited.

(b)    Possession of materials to manufacture alcoholic beverages.

(c)    Violation of curfew (defendants return to the CCC after curfew but before a warrant for escape is issued).

(d)    Gambling, conducting a gambling operation or possession of gambling paraphernalia, including betting pools, illegal lotteries, or other games of chance.

(e)    Refusal to obey an order from CCC staff.

(f)    Using abusive, threatening or obscene language to any staff person.

(g)    Failure to report a new arrest.

*EX B Pg 2 of 4*

(h)    Being in an unauthorized area without permission from a CCC staff person.

(i)    Wearing or possessing a disguise or mask.

(j)    Indecent exposure.

(k)    Signing in or out of the CCC under false pretenses.

(l)    Failure on the part of any defendant to abide by a mutually agreed upon program contract (e.g. drug program, education program or work schedule).

(m)    Failure to pay subsistence fees to the CCC.

(n)    Disruption of CCC operations.

(o)    Testing positive for drugs or alcohol.

(p)    Conspiracy to commit any misconduct listed as a Class II Infraction.

702.7    Class III Infractions constitute misconduct that does not jeopardize the security, safety or orderly operation of the CCC, but could be considered as offensive or inappropriate. Class III Infractions are generally violations of rules, regulations or policies that are not specifically listed, or are not the equivalent of Class I or Class II Infractions, but are guidelines for appropriate behavior. For example, lying to a CCC staff person is a Class III Infraction. Class III Infractions are the least severe infractions. The CCC Disciplinary Team is empowered to impose administrative sanctions when a charged Class III infraction is sustained.

**703    PRE-HEARING PROCEDURES**

703.1    CCC defendants charged with a Class I Infraction shall be immediately remanded to the CDF.

703.2    Within twenty-four (24) hours (excluding weekends and holidays) of the defendant's remand to the CDF an affidavit stating the basis for the defendant's remand shall be filed by the CCC staff with the appropriate judicial officer along with a request for an order that the defendant be brought before court without unnecessary delay.

703.3    Copies of the affidavit will be sent by the CCC staff to the Pretrial Services Agency and the Criminal Justice Act Office for forwarding to defense counsel and the U.S. Attorney's Office.

EX B pg 3 of 4

705.3   The Disciplinary Team shall impose sanctions in proportion to the severity of the infraction.

705.4   In deciding sanctions, the Disciplinary Team shall consider any mitigating or aggravating circumstances.

705.5   After a finding that an infraction has occurred, the following sanctions or combinations thereof, may be imposed:

(a)   Class I infractions shall result in detention pending court intervention/judicial review.

(b)   Class II Infractions may be subjected to any one (1) or more of the following sanctions:

(1) Counseling;

(2) Restriction and/or loss of privileges;

(3) A request to the committing Judge to revoke the work release order;

(4) Requiring the defendant to pay restitution for lost or damaged property; or

(5) Assignment to the CCC work detail

*There is Nothing about forfeiture Credit days That are vested.*

(c)   Class III Infractions - may be subjected to any one (1) or more of the following sanctions:

(1) Counseling;

(2) Restriction or loss of privileges;

(3) Requiring the defendant to reimburse for loss or damaged property;

(4) Assignment to the CCC work detail; or

(5) Reprimand or warning.

705.6   The Disciplinary Team may not impose the following sanctions:

(a)   Any form of dietary restriction or the use of food or meals as punishment.

(b)   Use one defendant to discipline another defendant.

*Ex B pg 4 of 4*

01/21/2005  11:03   2025792569          HOPE VILLAGE INC                        PAGE  06/07

## IV. FINDINGS OF THE COMMITTEE

(X) a.  The act was committed as charged.
( ) b.  The following act was committed:
( ) c.  No prohibited act was committed: Expunge according to your Statement of Work.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS

The specific evidence relied upon to support a finding of guilt was the reporting officer's statement that on January 12, 2005, at 9:45 A.M., resident Kenneth Hammond, #09567-007, signed out for work with a return time for 9:00 P.M., on the same date. He failed to returned to the facility as designated. Locator calls made to his home address, area hospitals and Central Cell Block were to no avail. It should be noted that Mr. Hammond contacted the facility at 10:25 P.M., stating that he had fallen asleep on the train. However, the caller ID indicated that he was calling out of area. Therefore, effective at 9:00 P.M., on January 12, 2005, Mr. Hammond was placed on escape.
On January 12, 2005, at 11:30 p.m., Mr. Hammond returned to the facility. He was given a breathalyser test with negative results.

## VI. SANCTION RECOMMENDATION

Disciplinary transfer, disallowance of all eligible good time and restriction for 60 days from visiting, commissary and telephone privileges.

## VII. REASON FOR SANCTION RECOMMENDATION

Any lessor sanction recommendation would minimize the seriousness of this infraction.

## VIII. APPEAL RIGHTS ___Yes___

The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days of the imposition of the sanction to the Regional Director. A copy of this report has been given to the inmate.

## IX. DISCIPLINE COMMITTEE

| Chairperson of Ebony Hill | Member | Member |
|---|---|---|
| | | |

## X. ACTION BY DHO

The DHO Imposes
1. Transfer
2. Forfeit 420 days SGT-60

D. Livingston                                    1-28-05
Typed Name/Signature - DHO              Date

(This form may be replicated via WP)

*Exhibit C* Pg 1 of 3

01/24/2005  09:08    2025702569    HOPE VILLAGE INC    PAGE  06/09

## IV. FINDINGS OF THE COMMITTEE

(X) a. The act was committed as charged.
( ) b. The following act was committed: _____
( ) c. No prohibited act was committed: Expunge according to your Statement of Work.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS

The specific evidence relied upon to support a finding of guilt was the reporting officer's statement that on January 20, 2005, at 9:00 A.M., resident Kenneth Hammond, #09567-007, signed out to Music Center at Strathmore, 5301 Tuckerman Lane, Bethesda, Maryland, with a return time of 7:00 P.M., on the same date. Mr. Hammond returned at 8:45 P.M., making him one hour and 45 minutes late. An alcohol test was given at 8:45 P.M., with a positive reading of .096. At 9:00 P.M., a second test was given with a positive reading of .061.

Additionally, Mr. Hammond admits to returning late. Though he denied the use of alcohol, he was found guilty due to the preponderance of evidence against him.

## VI. SANCTION RECOMMENDATION

Disciplinary transfer, disallowance of all eligible good time and restriction for 60 days from visiting, commissary and telephone privileges.

## VII. REASON FOR SANCTION RECOMMENDATION

Any lessor sanction recommendation would minimize the seriousness of this infraction.

## VIII. APPEAL RIGHTS __Yes__

The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days of the imposition of the sanction to the Regional Director. A copy of this report has been given to the inmate.

## IX. DISCIPLINE COMMITTEE

| Chairperson Ebony Hill | Member | Member |
|---|---|---|
|  |  |  |

## X. ACTION BY DHO

The DHO imposes:

222:  1. Transfer
      2. Forfeit ~~30 days~~ SGT-60
      3. Loss of Comm  6 mo.

Typed Name/Signature - DHO        Date  1-28-05

(This form may be replicated via WP)

310:  1. Forfeit ~~30~~ days SGT 30

*Exhibit C pg 2 of 3*

## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH N. HAMMOND,         )
                                      )
        Petitioner,        )
      v.                       )      **Civil Action No. SP 703-05**
                                        )
D.C. RECORDS CENTER, et al.,     )
                                      )
        Respondents.      )

## DECLARATION OF MICHAEL PYBAS

Comes now Michael Pybas, Senior Counsel, Federal Bureau of Prisons, and upon personal information does declare the following:

1. I am employed as an attorney in the Central Office of the Federal Bureau of Prisons in Washington, D.C. In this capacity, I have access to official inmate and BOP records.

2. Attached hereto as Exhibit A is a true and correct copy of the BOP SENTRY computer database records containing Public Information regarding the Petitioner, Kenneth N. Hammond, BOP Reg. No. 09567-007 (FBI number 906985W7), as of July 14, 2005.

3. The records reveal that Petitioner Hammond was released from BOP custody via Mandatory Parole on July 12, 2005.

4. Attached hereto as Exhibits B and C are true and correct copies of disciplinary records relating to Petitioner Hammond, concerning incidents that occurred at the Hope Village halfway house on January 12, 2005 and January 20, 2005. On January 28, 2005, Petitioner was found guilty of violating Code 200 Escape (on January 12th). The Disciplinary Hearing Officer (DHO) imposed a sanction of disciplinary transfer and forfeiture of 60 days statutory good time. Also on January 28, 2005, Petitioner was found guilty of Code 222 Use of Intoxicants (on January 20th), with a sanction of disciplinary transfer, forfeiture of 60 days statutory good conduct time, and loss of commissary privileges for six months. He was also found guilty of Code 310 Unexcused Absence, with forfeiture of 30 days statutory good conduct time as the sanction.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that this information is true and correct to the best of my knowledge. Done this *14th* day of July, 2005.

_____
MICHAEL PYBAS
Senior Counsel
Federal Bureau of Prisons
Washington, D.C.

*Exhibit C p2 3 of 3*

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: ~~Hammond~~ Kenneth   N.                    09567-007           C-4           Big Sandy USP

        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A—REASON FOR APPEAL**  I was wrongfully charged & found guilty of a disciplinary charge of Escape, Code# 200 on January, 12th, 2005 (copy of disciplinary inclosed) was informed that no (DHO) package would be sent to me, Now in order for a person to be found guilty of Escape, one "must" be found guilty of "willfully" refusing to return as designated., which from the reading of the disciplinary report, it can not be found that I was willfully refusing to return to the halfway house, when the report itself states that I called & reported that I fell asleep on the train while on my way back from work, and that I was on my way into the halfway house., therefore it fails to show where I willfully refused to return & therefore I should not have been found guilty of an Escape, and I seek the return of 60 days extra good time credits forthwith in this matter.

My mailing address after 7-12-2005 is
9403 Piney Branch Road # 202
Silver Spring, Md. 20903

_6-16-2005_                                          _Hammond N. Kenneth_

      DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

      DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                   CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                CASE NUMBER: _Exhibit D pg 1 of 2._

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Hammond Kenneth N.__     __09567-007__    __C-4__    __USP Big Sandy__
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**  I was wrongfully charged & found guilty of a disciplinary charge of unexcused absense from work assignment, Code# 310 on January, 20th, 2005(copy of disciplinary inclosed) was informed that no (IHO) package would be sent to me, Now in order for me to be found guilty of this charge, I would have had to fail to show up at my place of work, which is not the case under this matter, for Mr. Robert Cook, alter this charge by removing the "word" work from the statement & used it as to say that I was late returning to the halfway house., because it is prohibited & unlawful to alter (or) make up a disciplinary offense as was done here in this case I should not have been found guilty of this fabracated offense, & the positive breathalyer test was caused by Hall's Cough Drops, for this was proven by Ms. Everrett when she also tested positive after taking one of the cough drips, this was witnessed by four (4) other Shaff Members, Ms. Vanessa Hill;Ms. Moore:Mr. Robert Cook; and Ms. Ebony Hill., for I gave Ms. Ebony Hill a written statement to submit with the disciplinary report which she refused to submit., for I should not have been found guilty of these offenses, and I seek the return of the 90 extra good time credit days that was taken unlawfully from my sentence forthwith.

My mailing address after 7-12-2005 is
9403 Piney Brach Road # 202
Silver Spring, Md. 20903

__6-16-2005__
DATE

_Hammond N. Kenneth_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____        _____
DATE                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _Exhibit D pg 2 of 2_

Return to: _____    _____    _____    _____
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                        _____
DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN      ✪ PRINTED ON RECYCLED PAPER           BP-230(13)
JUNE 2002