**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH HAMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-0326 (RMU) |
| | ) |
| D.C. RECORD CENTER, | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| Defendants. | ) |
| | ) |

## FEDERAL DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Federal Defendant, Federal Bureau of Prisons ("BOP"),[1] by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff's claim for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1) and (b)(6). In the alternative, Federal Defendant moves for summary judgment because there is no genuine issue as to any material fact, and the Federal Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In support of this motion, Federal Defendant respectfully refer the Court to the accompanying memorandum of points and authorities and Statement of Material Facts As to Which There Is No Genuine Dispute. A proposed Order consistent with this Motion is attached hereto.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507,

---

[1]The caption of plaintiff's Complaint reads "et al." However, no additional defendants are identified in the Complaint.

509 (D.C. Cir. 1988).  Plaintiff should also take notice that any factual assertions contained in the

affidavits and other attachments in support of defendant's motion may be accepted by the Court

as true unless the plaintiff submits his own affidavits or other documentary evidence

contradicting the assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457

(D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith.  The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits.  When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment, if appropriate, shall be entered against the adverse
> party.

Respectfully submitted,


 /s/
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Federal Defendant


Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KENNETH HAMMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-0326 (RMU)** |
| | ) | |
| **D.C. RECORD CENTER,** | ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**FEDERAL DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Federal Defendant, Federal Bureau of Prisons ("BOP"), submits this Statement of

Material Facts As To Which There Is No Genuine Dispute in accordance with Local Rule 7(h).

1.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants

violated his Fifth, Eighth and Fourteenth Amendments rights by "unlawfully imprisoned [him]

by illegally forfeiting credit days from his sentence."  <u>See</u> Complaint ("Cmplt.").

2.  On July 13, 1992, in the District of Columbia Superior Court, Plaintiff was sentenced

to a 3 to 9 year sentence for Robbery.  <u>See</u> Attachment #1 (Superior Court of the District of

Columbia Judgment and Commitment/Probation Order dated July 13, 1992.)

3.  On July 17, 1992, in the District of Columbia Superior Court, Plaintiff was sentenced

to a 3 to 6 year term for Burglary, and 80 days for violation of the Bail Reform Act.  <u>See</u>

Attachment #2 (Superior Court of the District of Columbia Judgment and

Commitment/Probation Order dated July 17, 1992.)

4.  These sentences were ordered to run consecutively, for a maximum term of 15 years

and 180 days.  <u>See</u> <u>id</u>. at 2.

5.   On April 26, 1996, Plaintiff was released on parole from his 15 year and 180 day

term.  <u>See</u> Attachment #3 (Board of Parole, District of Columbia, Certificate of Parole, dated

April 26, 1996).

6.  Plaintiff violated his parole[2] and, on October 16, 1997 the United States Parole

Commission issued a District of Columbia Code Offender Warrant for Parole Violation for

Plaintiff.  <u>See</u> Attachment #4 (District of Columbia Board of Parole Warrant).

7.  On January 7, 1998, this warrant was executed by the United States Marshals Service.

<u>Id.</u>

8.  On February 25, 1998, the District of Columbia Board of Parole issued a Notice of

Board Order revoking Plaintiff's Parole.[3]  <u>See</u> Attachment #5 (The Board of Parole of the District

of Columbia Notice of Board Order dated February 25, 1998, and August 4, 2000).

9.  On September 26, 2000, the U.S. Parole Commission issued a Notice of Action

denying Plaintiff's parole.[4]  <u>See</u> Attachment #7 (Department of Justice, United States Parole

---

[2]Plaintiff was alleged to have Failed to Obey All Laws, Failed to Report Arrest to
Probation Officer, Failed to Report as Directed, and Non-Compliance with Outpatient Drug
Program.  <u>See</u> Attachment #5 (The Board of Parole of the District of Columbia Notice of Board
Order dated February 25, 1998, and August 4, 2000 ).

[3]Pursuant to Bureau of Prisons Program Statement 5880.32, <u>District of Columbia
Sentence Computation Manual</u>, applying Title 24 D.C.C. § 206, and <u>United States Parole
Comm'n v. Noble</u>, 711 A.2d 85 (D.C. 1998), a prisoner serving a D.C. Code parole violation
term must serve the balance of the term remaining at the time of release on parole, upon the
revocation of parole.  <u>See</u> Attachment #5; Attachment #6 (BOP, Program Statement 5880.32,
Chapter 17, Page 2).

[4]On August 5, 2000, the U.S. Parole Commission ("Commission') assumed responsibility
for parole revocation decisions formerly made by the D.C. Board of Parole.  <u>See</u> The National
Capital Revitalization and Self-Government Improvement Acct of 1997, Public Law No. 105-33,
§ 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

Commission, Notice of Action).

10. May 14, 2002, Plaintiff filed a Petition for a Writ Habeas Corpus in the United States District Court for the Eastern District of Virginia, claiming that the BOP miscalculated his good time credits and demanding that they be restored. See Attachment #20 (Hammond v. Garraghty, Civil Action No. 02-671, Memorandum Opinion).

11. On March 1, 2004, the Court dismissed Plaintiff petition. See id.

12. On November 3, 2004 Plaintiff was Furlough Transferred from the Federal Correctional Institution Gilmer to a Halfway House in Washington, DC. See Attachment #8 (Inmate History Form).

13. On January 13, 2005, after a discipline hearing conducted under the provisions of the BOP program statement on Inmate Discipline and Special Housing Units, Plaintiff was found guilty of Escape. He was sanctioned with a forfeiture of sixty (60) days Good Time Credit. See Attachment #9 (Inmate Discipline Data Form).

14. On January 21, 2005, after a discipline hearing, Plaintiff was found guilty of possessing Intoxicants, and was sanctioned with a forfeiture of sixty (60) days Good Time Credit. He also was found guilty of Being Absent from Assignment, and was sanctioned with a forfeiture of thirty (30) days Good Time Credit. These sanctions resulted in an adjusted mandatory parole release date of July 12, 2005. See id. at 2.

15. Plaintiff was released on Mandatory Parole on July 12, 2005. See Attachment #10 (Sentence Monitoring Computation Data as of July 12, 2005). He was to remain under parole until May 29, 2009, his re-calculated full-term sentence. Id.

16. Plaintiff violated his parole and, on January 29, 2007, the U.S. Parole Commission

3

issued a parole violator warrant for Plaintiff.  See Attachment #11 (Warrant, D.C. Code Offender

dated January 29, 2007).[5]

17.  Plaintiff was arrested for the parole violator warrant on February 21, 2007.  See

Attachment #12 (United States Marshals Service, Prisoner Tracking System, District of District

of Columbia).

18.  On February 23, 2007, after a Hearing, the U.S. Parole Commission's Hearing

Examiner found probable cause that Plaintiff had violated his conditions of parole.  Attachment

#13 (D.C. Probable Cause Hearing Digest).

19.  On April 6, 2007, the U.S. Parole Commission offered Plaintiff an expedited

revocation proposal in which, in return for Plaintiff's accepting responsibility for violating his

parole, the Commission agreed to revoke his parole, forfeit the time he had spent on parole, and

establish a presumptive parole date of March 20, 2008, after the service of 13 months.

Attachment #14  (United States Department of Justice, United States Parole Commission,

Expedited Revocation Proposal dated April 6, 2007).

20.  On April 23, 2007, Plaintiff accepted the expedited revocation proposal.  Attachment

#15 (Response to Expedited Revocation Proposal); Attachment #16 (Department of Justice,

United States Parole Commission, Notice of Action, DC Expedited Revocation).

21.  On July 19, 2007, in District of Columbia Superior Court, Plaintiff filed a petition for

a Writ of Habeas Corpus alleging that "150 days of [his] statutory/extra good time credits were

---

[5]Plaintiff was charged with Use of Dangerous and Habit Forming Drugs between July 15, 2005 and November 16, 2006 because he submitted 25 urine specimens which tested positive for cocaine, and one urine specimen that tested positive for cocaine and opiates. Plaintiff also was charged with Failure to Submit to Drug Testing between July 29, 2005 and December 7, 2006 because he failed to submit urine specimens on 34 occasions. Id. at 3-4.

4

unlawful[ly] forfeited . . . ." <u>Hammond v. D.C. Records Center, et al.</u>, Case Number 07-CNC-567. <u>See</u> Attachment #17 (<u>Hammond v. D.C. Records Center, et al.</u>, Case Number 07-CNC-567, Plaintiff's Writ of Habeas Corpus).

22. On September 6, 2007, the government filed a motion to dismiss the petition. <u>See</u> Attachment #22 (<u>Hammond v. D.C. Records Center, et al.</u>, Case Number 07-CNC-567, United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus).

23. On September 14, 2007, the Superior Court of the District of Columbia granted the government's motion to dismiss as moot. <u>See</u> Attachment #23 (<u>Hammond v. D.C. Records Center, et al.</u>, Case Number 07-CNC-567, Order dated September 14, 2007).

24. On August 14, 2007, the U.S. Parole Commission issued a Notice of Action officially revoking Plaintiff's parole, and continuing him to a new parole date of March 20, 2008. <u>See</u> Attachment #18 (Sentence Monitoring Computation Data as of February 26, 2008).

25. On January 7, 2008, Plaintiff was placed in community pre-release custody in Washington D.C. <u>See</u> Attachment #19 (Public Information Inmate Data as of April 1, 2008).

26. On January 25, 2008, Plaintiff filed the instant Complaint in the Superior Court of the District of Columbia, Civil Division, Civil Action No. 08-0000571. <u>See</u> Cmplt.

27. On February 4, 2008, the Federal Bureau of Prisons was served with a copy of the complaint. <u>See</u> Notice of Removal, Docket Entry No. 1.

28. On February 26, 2008, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1) and 1446, Defendant, Federal Bureau of Prisons, removed this action from the Superior Court of the District of Columbia to this Court. <u>See id</u>.

29. On March 20, 2008, Plaintiff was released from custody. <u>See</u> Attachment #19.

5

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Federal Defendant

Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH HAMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-0326 (RMU) |
| | ) |
| D.C. RECORD CENTER, | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I. FACTS

Federal Defendant hereby incorporates its Statement of Material Facts Not in Genuine Dispute, filed together with this memorandum.

### II. LEGAL STANDARDS

#### A. Standard of Review For Motions to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction." Gardner v. U.S., No. Civ. A. 96-1467, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001) (quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987)); see also 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . . subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.") A court may resolve a motion to dismiss brought pursuant to Rule

12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. Herbert v. Nat'l Acad. Of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. U.S. Marshal Serv., 322 F. Supp.2d 23 (D.D.C. 2004). "At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - - its very power to hear the case." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __U.S. ___, 127 S. Ct. 1955, 1974 (May 21, 2007) (clarifying the standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The allegations in a plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in a plaintiff's favor. Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc., 52 F.3d 373, 375 (D.C. Cir. 1995). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl., 127 S. Ct. at 1965.

**B.  Standard of Review for Motions for Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

    Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the plaintiff must present some objective evidence that would enable the

court to find he is entitled to relief.  In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the

Supreme Court held that, in responding to a proper motion for summary judgment, the party who

bears the burden of proof on an issue at trial must "make a sufficient showing on an essential

element of [his] case" to establish a genuine dispute.

    In Anderson, the Supreme Court explained under what circumstances summary judgment

is appropriate:

> If the evidence is merely colorable, . . . or is not significantly
> probative, . . . summary judgment may be granted . . . [T]he mere
> existence of a scintilla of evidence in support of the Plaintiff's
> position will be insufficient; there must be evidence on which the
> jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)

(the non-moving party is "required to provide evidence that would permit a reasonable jury to

find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.  ARGUMENT

### A.    <u>Sovereign Immunity Bars Any Claims Against Federal Defendant.</u>

Plaintiff brings this Complaint pursuant to 42 U.S.C.§ 1983, and alleges that Defendants violated his Fifth, Eighth and Fourteenth Amendment rights when they "denied [him] his due process rights of a full hearing . . . and held him unlawfully . . . by illegally forfeiting credit days from his sentence . . . ."  Cmplt.  However,  "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994).  <u>See</u> <u>United States v. Nordic Village</u>, 503 U.S. 30 (1992).  Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed.  <u>Library of Cong. v. Shaw</u>, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief.  <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).  <u>See</u> <u>Meyer</u>, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").  Plaintiff's Complaint does not contain any colorable basis for such a waiver.  Moreover, this Circuit has explicitly held that sovereign immunity bars the BOP from liability under § 1983.  <u>Galvan v. Fed. Prison Ind.</u>, 199 F.3d 461, 462 (D.C. Cir. 1999).

Plaintiff also states that his "civil complaint is for the violation" of his rights under the Fifth, Eighth and Fourteenth Amendments.  <u>See</u> Cmplt.  However, the United States has not

waived its immunity from constitutional tort lawsuits.  See Fed. Deposit Ins. Corp. v. Meyer, 510

U.S. 471, 475 (1994); Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206,

1210 (D.C. Cir. 1998).  In fact, the Supreme Court has expressly held that the United States is

not liable for constitutional claims.  FDIC v. Meyer, 510 U.S. 471 (1994); compare Clark v.

Library of Cong., 750 F.2d 89, 101-02 (D.C. Cir. 1984). Therefore, Plaintiff's claims must be

dismissed for lack of subject matter jurisdiction.[6]

   **B.  Plaintiffs' Claim Under 42 U.S.C. § 1983 Must Fail.**

   Plaintiff's Complaint alleges a violation of 42 U.S.C. § 1983.  See Cmplt.  However,

"[t]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting *under color of state law*."  West v. Atkins, 487

U.S. 42, 48 (1988)(emphasis added).  See Abramson v. Bennett, 707 F.Supp. 13, 16 (D.D.C.),

aff'd 809 F.2d 291 (D.C. Cir. 1989)("Section 1983 only applies to state officials acting under

color of state law.").

   Here, Plaintiff cannot show the deprivation of any right committed by a person acting

under color of state law.  Moreover, the Federal Bureau of Prisons may not be sued under 42

U.S.C. §1983.  See Heck v. Humphrey, 512 U.S. 477 (1994) (stating that section 1983 provides

access to a federal forum for claims of unconstitutional treatment at the hands of state officials).

Therefore, Plaintiff's § 1983 claim against the Federal Bureau of Prisons must be dismissed for

---

   [6]Plaintiff seeks damages for the alleged constitutional violations, but these claims also
must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp. 11
(D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. United States
Dep't of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995).

failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

### C.  Plaintiff's Good Time Credit Claim is Barred by the Heck Rule.

Plaintiff alleges the Defendants "illegally forfeit[ed] credit days from his sentence" and asks for $30,000 in damages.  Cmplt.  However, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner may not bring a civil rights action for money damages alleging unconstitutional conviction or imprisonment unless the conviction had first been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus.  Id. at 486-87 (plaintiff relying on 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).  See Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (applying Heck analysis outside of section 1983 actions).  See also Razzoli v. Fed. Bureau of Prisons, No. 99-5289 (D.C. Cir. Nov. 7, 2000) (discussing Balisok and Heck).

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate, holding that a claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983. Id. at 647.

Here, Plaintiff is alleging that forfeiture of good time credit days resulted in his having "to serve 150 days unlawfully . . . ."  Cmplt.  Under Heck and Balisok, because Plaintiff's allegation that this forfeiture lengthened his incarceration, he would have to successfully

6

challenge the legality of his confinement directly before he could bring this action.

### D.    Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata* and/or Collateral Estoppel.

Under the related doctrines of *res judicata* and collateral estoppel, a final judgment on the merits of an action precludes the parties from re-litigating issues or claims that were or could have been finally decided.  Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); Montana v. United States, 440 U.S. 147, 153 (1979); Am. Employers Ins. Co. v. Am. Sec. Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 947 (D.C. Cir. 1983); Jack Faucett Asso., Inc. v. Am. Tel. and Telegraph Co., 566 F. Supp. 296, 299 (D.D.C. 1983); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983).  Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by [a] part[y] in the same cause of action.  Montana v. United States, 440 U.S. at 153.

Application of these doctrines "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal."  Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979).  Application of the doctrines thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes.  United States v. Mendoza, 464 U.S. at 154, 158 (1984); Cutler, 549 F. Supp. at

1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

As indicated *supra*, Plaintiff alleges that his constitutional rights were violated when he was "illegally forfeit[ed] credit days from his sentence." Cmplt. However, Plaintiff has made the same allegations in a complaint filed in the Eastern District of Virginia.

On May 14, 2002, Plaintiff filed a Writ of Habeas Corpus in the United States District Court for the Eastern District of Virginia, claiming that the BOP miscalculated his good time credits and demanding that they be restored. See Attachment #20 (Hammond v. Garraghty, Civil Action No. 02-671, Memorandum Opinion). The Court extensively examined Plaintiff's claim, and rendered a decision on the merits. The Court held that Plaintiff's good time credits were accurately computed by the Bureau of Prisons. Id. Specifically the Court made the following findings:

> . . . Hammond avers that he is owed good-time credits dating from when he was in the custody of the D.C. Department of Corrections . . . However, without a recommendation from a staff member, Hammond was ineligible to receive discretionary MGT [Meritorious Good Time] awards while in D.C. Department of Corrections . . . Significantly, Hammond does not present any information, nor do his records suggest, that he was ever awarded such time or that a recommendation that he receive such time was ever made. As such, Hammond has failed to establish that the BOP miscalculated his good-time credits. Furthermore, there simply is no constitutional right to good-time credits for educational programs or good behavior. . . . Accordingly, Hammond's petition must be dismissed.

See id. at 6-7.

The issues decided in Hammond v. Garraghty were based upon the same facts as are now before this Court. Having unsuccessfully litigated his claims in the United States District Court for the Eastern District of Virginia, Plaintiff has attempted to file the claims in this Court. However, Plaintiff's claims were soundly rejected on the merits and dismissed with prejudice.

8

Pursuant to the doctrines of *res judicata* and/or collateral estoppel, that ruling bars Plaintiff from re-litigating the claims here. Therefore, Plaintiff's Complaint and any amendments thereto must be dismissed.[7]

---

[7]It also should be noted that Plaintiff has raised the same claims in the District of Columbia. Specifically, on July 19, 2007, Plaintiff filed a Petition for a Writ of Habeas Corpus, in the Superior Court of the District of Columbia, Special Proceedings Section, claiming that the BOP illegally forfeited 150 days of good time credit. See Hammond v. D.C. Records Ctr., et al., Case No. 07-CNC-567. On September 6, 2007. Defendants filed a Motion to Dismiss. On September 17, 2007, Plaintiff's petition was dismissed as moot. See Attachment #17 (Hammond v. D.C. Records Ctr., et al., Case Number 07-CNC-567, Order, dated September 14, 2007).

Additionally, on January 28, 2005, Plaintiff filed a complaint in the Superior Court of the District Columbia, Civil Division, in which he alleged a

> violation of the Eighth amend[ment] of cruel and unusual punishment by way of unlawful incarceration for the violation of the Fifth [and] Fourteenth Amend[ment] of due process [and] equal protection the state law . . . by [failing to] . . .award him the extra good time/meritorious credits that was to be awarded towards his sentence . . . without any kind of hearing . . . and for holding [him] beyond [his] mandatory release date by more than nine months.

Hammond v. Williams, et al., Civil Action No. 05-0214. See Attachment #21 (Complaint, Hammond v. Williams, et al., Civil Action No. 05-0214). The matter was removed to federal court, and the Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, in which they argued, *inter alia*, that Plaintiff's claims were barred by the doctrines of *res judicata* and collateral estoppel. See id., Docket Entry Nos. 1, 11. Plaintiff was ordered to respond to Defendants' motion, and failed to do so. The matter was dismissed without prejudice on October 14, 2005.

## IV. <u>CONCLUSION</u>

Accordingly, for the reasons set forth above, Federal Defendant respectfully request that the Court dismiss this action, or in the alternative, grant Federal Defendant's Motion for Summary Judgment.

Respectfully submitted,


/s/
JEFFERY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.   20530
202-514-6531


Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

## CERTIFICATE OF SERVICE

I certify that, on this 3rd day of April, 2008, the foregoing, and the attached Orders, were

mailed postage prepaid to:

> Kenneth Hammond
> 9302 Piney Branch Road, #202
> Silver Spring, MD 20903


_____/s/_____
MARIAN L. BORUM
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KENNETH HAMMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-0326 (RMU)** |
| | ) | |
| **D.C. RECORD CENTER,** | ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This matter is before the Court on Federal Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2008,

**ORDERED** that Federal Defendant's Motion to Dismiss should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KENNETH HAMMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-0326 (RMU)** |
| | ) | |
| **D.C. RECORD CENTER,** | ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Federal Defendant's Motion to Dismiss, or in the

Alternative, for Summary Judgment.  Upon consideration of this Motion and the entire record of

this case, it is this _____ day of _____, 2008,

**ORDERED** that Federal Defendant's Motion for Summary Judgment should be and hereby

is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Marian L. Borum
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC  20530

Kenneth Hammond
9302 Piney Branch Road, #202
Silver Spring, MD 20903

Attachment 1

SUPERIOR COURT OF THE

Case No.

PDID No.

KENNETH M. HAMMOND                                    DCDC

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s)

CT. B- ROBBERY

having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant

found guilty of the offense(s) charged, and is hereby SENTENCED to

Attachment 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. E-13413-91

vs.

PDID No.

Kenneth Hammond

Probation Revoked

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _Misdemeanor, Bail Reform Act_

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _180 days_

_Consecutive_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision pursuant to the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code (Youth Rehabilitation Act 1985).

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division and it is further ORDERED that while on probation the defendant observe the following marked conditions.

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with the notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ an assessment amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981 and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorities and a certified copy of the commitment order for the defendant.

Date _____

Certified by Clerk pursuant to Criminal Rule 32(d).

6-17-92
Date

I HEREBY CONFIRM OF.

Deputy Clerk

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2

Date Prepared 04 1893 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | Race B | Sex M |
|---|---|---|---|---|---|---|---|
| | HAMMOND KENNETH | | | | | | |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Offense | ROBB | BURG II | BRA |
|---|---|---|---|
| Case Number | F4008-92B | FI1642-91C | F13413-91C |
| Sentence (Yrs., Mos., Days) | 3 - 9 years | 2 - 6 years (cons) | 180 Days (cons) |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 7-13-92 | 7-17-92 | 7-17-92 |
| Full Term Date (Mo., Da., Yr.) | 9-11-2007 | | |
| Short Term / M.R. Date (Mo., Da., Yr.) | 6-29-02  *(6-25-02 )EG-T | | |
| Parole Eligibility Date (Mo., Da., Yr.) | 11-30-95  11-27-95 | | |
| Max. Supervision Date (Mo., Da., Yr.) | | | N/A |
| Statutory Good Time Rate / Month | | | 496/1860 |
| Plea | Guilty | Guilty | Guilty |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By: | | | |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | Y4-7-93 | 35 days | EGT | | |
| | | | 5-16-94 | 3 days | ETAP | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | |
| 11-13-91 | 12-11-91 = 29 | Void Face Sheet dated 7-14-92 |
| 4-14-92 | 07-12-92 = 90 | ADM. Rem N. CCC #1 1-14-96 |
| | Total = 119 | |

YELLOW COPY TO ADP

Attachment 3

IT-16
(Revised 10/93)

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

### ADULT

AP# 17038-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

____Hammond, Kenneth_____ D.C.D.C. __202-521__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __April 26,_____, 19__96__, and that said person remain under

supervision within the limits of the _____Washington, Metro Area____(including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __September 11_____ 2007 ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____26_____ day

of __April_____, 19__96__

A TRUE COPY
TEST

_Michael Green_

Director, Michael Green
Parole Determination
The D.C. above-named was released on
the 26TH day of APRIL , 19 96
FOR: Michele Terry Cely
JOHN S. HENDERSON
    Administrator

_Margaret Quick_

# Attachment 4

DISTRICT    OF    COLUMBIA    BOARD    OF    PAROLE

# EXPEDITE

**WARRANT**

Number PD-32316-97

TO: Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE: NAME: Hammond, Kenneth Norman                    DCDC # _____  _____

ALIAS: DOYE, Kenneth Norman/"Face"/"Kenny"/        PDID # __  _____

HAMMOND, Kenneth Norwell/Norwell//             FBI # _____  _____

LAST KNOWN ADDRESS: 620 46th Place, Apt. 21        DOB: _____

Washington, D.C.  20019                    RACE: Blk   SEX: M

PAROLE OFFICER: Nkemdirim Ukairo                HEIGHT: 5'5" WEIGHT: 175

SENTENCE TYPE: X Adult    ___YRA    ___FYCA*    ___YRA & Adult    ___FYCA & Adult

SUBJECT'S LOCATION: ___ At large    X  Confined at Montgomery Cty Jail

WHEREAS the above-named person is under sentence in the District of Columbia

for the crime(s) of Robbery/Burglary II/BRA                    and was

on the 26th day of April        , 19 96  , released on parole from the

Occoquan Facility                                ,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole
that said paroled prisoner has violated the conditions of parole and is therefore
deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED

STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF*

*FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.*

*PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL*

*WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT*

*SHALL TAKE PRECEDENCE.  IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS*

*WARRANT IS EXECUTED.*

WITNESS my hand and the seal of this Board this 16th day of October ,

19 97 .

Dr. ___ Michael Green
___ ___
D.C. Board of Parole

Member, D.C. Board of Parole

* FYCA case ONLY:  This warrant expires at 12:01 a.m. on _____, 19____
and the person named MUST NOT be held beyond that time.

BOP.280  7/20/93

*PD.*

WARRANT for return of Paroled Prisoner *Hammond, Kenneth Norman*

DCDC No. _____ | to the Central Detention Facility, Washington, D.C.

EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BOARD OF PAROLE

_Washington_____, District of _Columbia_,

Received this writ the _7_ day of _January_, 19_98_, and executed same
by arresting Paroled Prisoner _Hammond, Kenneth Norman_ at
_Montgomery County Jail_ this _7_ day of _January_,
19_98_, at _10:00_ (a.m)/p.m., and committing him/her to _Detention fac._
_1901 D. St., SE. Washington, DC._

_J. Archer_
Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to
_Detention facility_ at _1901 D. St, SE. Wash, DC_
on this _7_ day of _January_, 19_98_, at _11:00_ (a.m)/p.m.,
the institution designated by the Attorney General, with this copy of the Warrant
and the Statement of Alleged Violations attached hereto.

_J. Archer_
Executing Officer

_FAXED to PAROLE BOARD ON 1-7-58-98_

NOTE:    One signed copy of this executed warrant is to be returned to the
         District of Columbia Board of Parole. If an expired warrant for a
         prisoner sentenced under the Federal Youth Corrections Act (FYCA)
         is discovered in your files, it should be returned forthwith to the
         District of Columbia Board of Parole.

# Attachment 5



# The Board of Parole
## of the
## District of Columbia

### NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to

DCDC

NAME  KENNETH N HAMMOND

DOB

SSN _____ 3

LOCATION  OCCOQUAN FACILT

DOCKET  H9802-0025

CONSIDERATION TYPE  H REVOCATION

The District of Columbia Board of Parole issues the following ORDER:

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS
CONSIDER FOR REPAROLE BY 01/07/2000

POSTED

Implementation of this Order shall include the following
Special Instructions for Reconsideration

COMMUNIC/CONFLICT RESOLU

ANGER MANAGEMENT

Remarks
FAILED TO OBEY ALL LAWS
FAILED TO REPORT ARREST TO PO
FAILED TO REPORT AS DIRECTED
NONCOMPLIANCE  OUTPAT DRUG PROG

02/25/1998
Date

Chairman
on behalf of the Board of Parole

A TRUE COPY Seal
TEST

(Institution)
UKAIRO JD

Director  Michael Open
Parole Determination
DC Board of Parole



# The Board of Parole
### of the
## District of Columbia

### NOTICE OF BOARD ORDER

VA# 268959                    Order # 2 of 2

In reference to:

DCDC                          NAME KENNETH N HAMMOND

DOB                    SSN            LOCATION Sussex

DOCKET D0008-0016             CONSIDERATION TYPE N AMEND ACTION

The District of Columbia Board of Parole issues the following ORDER:

TRANSFER CASE TO FEDERAL AUTHORITY

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

RECEIVED
AUG 31 2000
INMATE RECORDS
OFFICE

08/04/2000
Date                          Chairman
                              on behalf of the Board of Parole

A TRUE COPY

[ Offender ]



*Corrected Copy* The Board of Parole

of the

District of Columbia

**NOTICE OF BOARD ORDER**

Order # 1 of 2

In reference to:

DCDC

DOB

DOCKET D0008-0016

NAME KENNETH N HAMMOND

SSN _____3    LOCATION _____ Sussex VA

CONSIDERATION TYPE N AMEND ACTION

The District of Columbia Board of Parole issues the following ORDER:

SCHEDULE A SPECIAL REHEARING FOR PAROLE RECONSIDERATION
BY 09/01/2000

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks

08/04/2000
Date

A TRUE COPY

Director, Michael Green
Parole Determination

Margaret Quick
Chairman
on behalf of the Board of Parole

Seal

J. Offender

# Attachment 6

**Commission v. Noble**, **711 A2d 85**, upheld the United States Parole Commission's interpretation that § 24-206(a) requires the forfeiture of street time credit upon revocation of parole.  This means that a D.C. Code parole violator must serve the balance of the sentence, remaining to be served at the time of release on parole, upon revocation of parole.  An incarcerated parole violator may be reparoled at any time.  The effect of **Noble** on D.C. Code offenders sentenced on and after April 11, 1987 was:

a.   Persons in the community who successfully completed supervision prior to **Noble** have not had the supervision period extended and are not subject to revocation.

b.   Persons in the community undergoing supervision on and after **Noble** have had the supervision period extended through the EFT date as calculated at the time of release on parole.

c.   Persons in an absconding status from supervision, or who are incarcerated on other non-federal or federal charges with a warrant on file for alleged parole violation, will be required to serve the balance of the sentence as it existed at the time of release on parole.

d.   Prisoners who were incarcerated as parole violators on and after **Noble** have had the EFT extended based on the total amount of time that remained to be served through the EFT at the time of release on parole and the sentence has been recalculated.

e.   Prisoners who were paroled, reincarcerated as parole violators and reparoled prior to **Noble**, must have the sentence recalculated from the beginning to withdraw any street time credit that may have been awarded to the revocation term.

f.   Prisoners who were paroled, reincarcerated as parole violators and reparoled, and then  reincarcerated as a reparole violator on or after **Noble**, must have the sentence recalculated from the beginning to withdraw any street time credit that may have been awarded to any prior revocation term.

**17.6 Parole Violator Terms.**  As noted in paragraph a. above, a parole violator must serve the balance of the sentence as it existed at the time of release with no benefit for

# Attachment 7

U.S. Department of Justice

**Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HAMMOND, Kenneth                    Institution: Sussex II State Prison

Register Number:                          DCDC No.:

---

In the case of the above-named, the following parole action was ordered:

Deny Parole. Continue to expiration. You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

NOTE: The D.C. Department of Corrections or the Bureau of Prisons is requested to provide the U.S. Parole Commission with a current psychological/psychiatric report prior to the next scheduled hearing which specifically addresses the parole violation behavior which involved rape, whether the subject should have special mental health aftercare counseling to reduce the likelihood of his again acting in an assaultive manner.

REASONS:

Your parole violation behavior is rated as Category Seven severity because it involved rape. Your salient factor score (SFS-98) is 3. You have been in confinement as a result of your behavior for a total of 24 months as of August 7, 2000. Guidelines established by the Commission for it vocation behavior indicate a customary range of 100-148 months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by Commission rules, you have also been scheduled for a review hearing during August 2002.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

cc:        D.C. Court Services & Offender Supervision Agency
           300 Indiana Avenue, N.W.
           Suite 2134
           Washington, D.C. 20001

---

Date: September 26, 2000                          Clerk: mdd

| Your Pts | Item Explanation |
|---|---|

**SALIENT FACTOR SCORE**

0    A - Prior convictions/adjudications (adult or juvenile)
None = 3; One = 2; Two or three = 1; Four or more = 0

0    B - Prior commitments of more than thirty days (adult or juvenile)
None = 2; One or two = 1; Three or more = 0

3    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)

0    D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment
at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a
probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Item A-E above
is 0 or less) = 1; Otherwise = 0

| Points for SFS Item C |  |  |  |
|---|---|---|---|
| Age | Prior Commitments |  |  |
|  | 0-1 | 2-3 | 4+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 19 | 1 | 0 | 0 |

Date: September 26, 2000

Clerk: mdd

HAMMOND.202

# Attachment 8

```
   DSC5B  531.01 *              INMATE HISTORY              *        02-26-2008
   PAGE 001         *                ADM-REL               *        14:53:12

   REG NO..:                  NAME....: HAMMOND, KENNETH N
   CATEGORY: ARS              FUNCTION: PRT        FORMAT:

FCL    ASSIGNMENT   DESCRIPTION                     START DATE/TIME  STOP  DATE/TIME
CDC    A-DES        DESIGNATED, AT ASSIGNED FACIL   01-07-2008 2150  CURRENT
8-C    RELEASE      RELEASED FROM IN-TRANSIT FACL   01-07-2008 2150  01-07-2008 2150
8-C    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  01-07-2008 1030  01-07-2008 2150
CAA    FURL TRANS   FURL W/UNESCORTED TRF TO A CCC  01-07-2008 1030  01-07-2008 1030
CAA    A-DES        DESIGNATED, AT ASSIGNED FACIL   09-14-2007 1040  01-07-2008 1030
9-L    RELEASE      RELEASED FROM IN-TRANSIT FACL   09-14-2007 1040  09-14-2007 1040
9-L    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  08-22-2007 1100  09-14-2007 1040
DSC    ADMIN REL    ADMINISTRATIVE RELEASE          08-22-2007 1000  08-22-2007 1000
DSC    A-ADMIN      ADMINISTRATIVE ADMISSION        08-22-2007 0958  08-22-2007 1000
BSY    MAND PAR     MANDATORY PAROLE                07-12-2005 1005  08-22-2007 0958
BSY    A-DES        DESIGNATED, AT ASSIGNED FACIL   05-19-2005 1450  07-12-2005 1005
S41    RELEASE      RELEASED FROM IN-TRANSIT FACL   05-19-2005 1450  05-19-2005 1450
S41    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  05-19-2005 0718  05-19-2005 1450
ATL    HLD REMOVE   HOLDOVER REMOVED                05-19-2005 0718  05-19-2005 0718
ATL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF   04-19-2005 1832  05-19-2005 0718
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL   04-19-2005 1832  04-19-2005 1832
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  04-19-2005 1000  04-19-2005 1832
OKL    HLD REMOVE   HOLDOVER REMOVED                04-19-2005 0900  04-19-2005 0900
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED    03-07-2005 1745  04-19-2005 0900
6-K    RELEASE      RELEASED FROM IN-TRANSIT FACL   03-07-2005 1845  03-07-2005 1845
6-K    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  03-07-2005 0800  03-07-2005 1845
CDC    HLD REMOVE   HOLDOVER REMOVED                03-07-2005 0800  03-07-2005 0800
CDC    A-BOP HLD    HOLDOVER FOR INST TO INST TRF   01-26-2005 1030  03-07-2005 0800
0-X    RELEASE      RELEASED FROM IN-TRANSIT FACL   01-26-2005 1030  01-26-2005 1030
0-X    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  01-26-2005 1028  01-26-2005 1030
CDC    TRANSFER     TRANSFER                        01-26-2005 1028  01-26-2005 1028
CDC    A-DES        DESIGNATED, AT ASSIGNED FACIL   11-03-2004 1925  01-26-2005 1028
7-M    RELEASE      RELEASED FROM IN-TRANSIT FACL   11-03-2004 1925  11-03-2004 1925
7-M    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  11-03-2004 0919  11-03-2004 1925
GIL    FURL TRANS   FURL W/UNESCORTED TRF TO A CCC  11-03-2004 0919  11-03-2004 0919
GIL    A-DES        DESIGNATED, AT ASSIGNED FACIL   07-16-2003 2030  11-03-2004 0919
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL   07-16-2003 2030  07-16-2003 2030
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  07-16-2003 0722  07-16-2003 2030
ATL    HLD REMOVE   HOLDOVER REMOVED                07-16-2003 0722  07-16-2003 0722
ATL    A-HLD        HOLDOVER, TEMPORARILY HOUSED    07-01-2003 2014  07-16-2003 0722
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL   07-01-2003 2014  07-01-2003 2014
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  07-01-2003 1100  07-01-2003 2014
OKL    HLD REMOVE   HOLDOVER REMOVED                07-01-2003 1000  07-01-2003 1000
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF   05-23-2003 1720  07-01-2003 1000
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL   05-23-2003 1820  05-23-2003 1820
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL  05-23-2003 0845  05-23-2003 1820


   G0002        MORE PAGES TO FOLLOW . . .
```

# Attachment 9

```
   DSC5B          *        INMATE DISCIPLINE DATA        *     02-26-2008
PAGE 001 OF 001 *     CHRONOLOGICAL DISCIPLINARY RECORD   *     08:20:23

REGISTER NO:        ? NAME..: HAMMOND, KENNETH N
FUNCTION...: PRT       FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 02-26-2008
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1306276 - SANCTIONED INCIDENT DATE/TIME: 01-20-2005 2045
CDC HEARING DATE/TIME: 01-21-2005 1510
FACL/LOC/CHAIRPERSON.: CDC/2EE/LIVINGSTON
APPEAL CASE NUMBER(S): 380434
REPORT REMARKS.......: DENIES GUILT
   222  POSSESSING INTOXICANTS - FREQ: 1
        FF SGT     / 60 DAYS / CS
        COMP:010 LAW:O   DC GTCA
        LP COMM    / 6 MONTHS / CS
        COMP:   LAW:
        TRANSFER   / CS
        COMP:   LAW:
   310  BEING ABSENT FROM ASSIGNMENT - FREQ: 1
        FF SGT     / 30 DAYS / CS
        COMP:010 LAW:O   DC GTCA
------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1306277 - SANCTIONED INCIDENT DATE/TIME: 01-12-2005 2100
CDC HEARING DATE/TIME: 01-13-2005 1905
FACL/LOC/CHAIRPERSON.: CDC/2EE/LIVINGSTON
APPEAL CASE NUMBER(S): 380435
REPORT REMARKS.......: DENIES GUILT
   200  ESCAPING - FREQ: 1
        FF SGT     / 60 DAYS / CS
        COMP:010 LAW:O   DC GTCA
        TRANSFER   / CS
        COMP:   LAW:




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
   DSC5B  542*22 *              SENTENCE MONITORING          *      02-26-2008
   PAGE 001 OF 001 *              GOOD TIME DATA             *      08:52:47
                                 AS OF  07-12-2005

   REGNO...:              NAME: HAMMOND, KENNETH N
   ARS 1...: CDC A-DES
   COMPUTATION NUMBER..: 010                 FUNC..: PRT   ACT DT:
   LAST UPDATED:  DATE.: 02-01-2005          FACL..: CRO    CALC: AUTOMATIC
   UNIT................:                     QUARTERS...........:
   DATE COMP BEGINS....: 01-07-1998          COMP STATUS.........: SATISFIED
   TOTAL JAIL CREDIT...: 0                   TOTAL INOP TIME.....: 0
   STATUTORY REL DT....: 08-24-2005 WED      EXPIRES FULL TERM DT: 05-19-2009
   PROJ SATISFACT DT...: 07-12-2005 TUE      PROJ SATISF METHOD..: MAND PAR
   ACTUAL SATISFACT DT.: 07-12-2005 TUE      ACTUAL SATISF METHOD: MAND PAR
   FINAL STAT GOOD TIME: 1214                FINAL EXTR GOOD TIME: 193
   DAYS REMAINING......: 1407                FINAL PUBLC LAW DAYS: 0


   ---------------------EXTRA GOOD TIME EARNINGS---------------------------

      INST     TYPE      DATE IN       DATE OUT       PRI/SEN IND
      THA      MGT      06-25-2001    09-03-2002
      GIL      MGT      09-04-2002    07-15-2003
      GIL      MGT      07-16-2003    11-02-2004
      CDC      CCC      11-03-2004    01-26-2005

      EGT EARNED................................:         193 DAYS

   BREAK OVER DATE.............................:         06-25-2002

   -----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS-----------------

                   NONE

   --------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS--------------------

                   NONE
                                              --------------
      TOTAL EGT...............................:         193 DAYS

   --------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

      INFRACTION       DECISION      ACTION    AMOUNT   INFR SEVERITY    FREQ
      DATE    NO        DATE          TYPE               /RSN FOR ADJ
   01-12-2005 1       01-13-2005       FF         60
   01-20-2005 1       01-21-2005       FF         90

      NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:       150 DAYS



   S5136      ABOVE COMP BELONGS TO A PRIOR COMMITMENT - RELEASED 07-12-2005
   G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Attachment 10

```
DSC5B   540*23 *              SENTENCE MONITORING          *    02-26-2008
PAGE 002 OF 002 *              COMPUTATION DATA             *    08:25:48
                                AS OF 07-12-2005

REGNO..: (          AME: HAMMOND, KENNETH N


-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-01-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-07-1998
TOTAL TERM IN EFFECT............:  4151 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    11 YEARS      4 MONTHS      13 DAYS
EARLIEST DATE OF OFFENSE........: 09-30-1991

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1364
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 08-24-2005
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 05-19-2009

NEXT PAROLE HEARING DATE........: 12-00-2004
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

ACTUAL SATISFACTION DATE........: 07-12-2005
ACTUAL SATISFACTION METHOD......: MAND PAR
ACTUAL SATISFACTION FACILITY....: BSY
ACTUAL SATISFACTION KEYED BY....: LJR

DAYS REMAINING..................: 1407
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: DOO BASED ON DATE FROM NCIC.  NO PSI AVAILABLE.
                COMP RECERTIFIED BY DC RECORDS CENTER ON 02-01-2005




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

```
   DSC5B   540*23  *              SENTENCE MONITORING           *    02-26-2008
   PAGE 001          *              COMPUTATION DATA             *    08:25:48
                                    AS OF 07-12-2005

   REGNO..:         NAME: HAMMOND, KENNETH N


   FBI NO...........:                          DATE OF BIRTH:
   ARS1.............: CDC/A-DES
   UNIT.............:                           QUARTERS.....:
   DETAINERS........: NO                        NOTIFICATIONS: NO

   PRE-RELEASE PREPARATION DATE: 01-12-2005

   THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
   THE INMATE WAS SCHEDULED FOR RELEASE:  07-12-2005 VIA MAND PAR

   ---------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

   COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
   DOCKET NUMBER...................: F4008-92B/11642-91C
   JUDGE...........................: BURNETT
   DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
   DATE WARRANT ISSUED.............: 10-16-1997
   DATE WARRANT EXECUTED...........: 01-07-1998
   DATE COMMITTED..................: 04-05-2001
   HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
   PROBATION IMPOSED...............: NO
   SPECIAL PAROLE TERM.............:


   RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

   -----------------------PRIOR OBLIGATION NO: 010 --------------------------
   OFFENSE CODE....:  605
   OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT
            (PAROLE VIOLATION)

   SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS     180 DAYS
   NEW SENTENCE IMPOSED...........:  4151 DAYS
   BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
   DATE OF OFFENSE................: 09-30-1991




   G0002       MORE PAGES TO FOLLOW . . .
```

Attachment 11

# WARRANT
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Hammond, Kenneth, Reg. No.          , DCDC          , was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years, 180 days (Aggregate Original); 4,151 days (Parole Violator Term) for the crime of Burglary II; Robbery; Bail Reform Act and was on July 12, 2005 released on mandatory release with good time credits from Big Sandy USP with 1,407 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 29, 2007

U.S. Parole Commissioner

---

Hammond, Kenneth

Reg. No.                    DCDC

FEB 22 2007 03:45 FR U S MARSHALS SERVICE 2023071936 TO USPC                P.04/14
** TOTAL PAGE.01 **

## WARRANT For Return Of Prisoner Released To Supervision

Name: Hammond, Kenneth                    Institution: Big Sandy USP
Reg. No. (                                DCDC No.

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See Instructions on accompanying memorandum.)

_____ District of _____CoL_____ ss:

Received this writ the ___8TH___ day of ___FEB___, 20_07_ and executed same by arresting the within-named ___KENNETH HAMMOND___ this ___21 ST___ day of ___FEB___, 20_07_ at ___5 PM___ and committing him to ___DC JAIL___

_____George Walsh_____
U.S. Marshal

_____Barry Boucher_____
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____, 20_____ the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ___Jan 29, 2017___

_____[signature]_____ ___Feb 21, 2007___
Prisoner's Signature                    Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

_____

                    Hammond, Kenneth
            Reg. No. (          DCDC

FEB 21 2007 10:18 FR USM

U.S. DEPARTMENT OF JUSTICE                           WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION                      D.C. Code Offender

Name .............................. Hammond, Kenneth

Reg. No ..........................              Date ........................................ January 29, 2007
DCDC No.........................               Termination of Supervision..... 5-19-2009
FBI No.............................            [If Conviction Offense Before April 11, 1987 And
Birth Date.......................              Offender Is On Mandatory Release, Termination
Race............................... Black      Date Is 180 Days Prior To Full Term]
                                               Violation Date........................... 7-15-2005
                                               Released...................................... July 12, 2005
Sentence Length ........... 15 years, 180 days (Aggregate Original); 4,151 days (Parole Violator Term)
Original Offense............. Burglary II; Robbery; Bail Reform Act

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

CHARGES:
Charge No. 1 - Use of Dangerous and Habit Forming Drugs. Between 7-15-2005 and 11-16-2006, the releasee submitted 25 urine specimens which tested positive for cocaine; and 1 urine specimen which tested positive for cocaine and opiates. This charge is based on the information contained in the violation report dated 11-21-2006 from supervising officer Danita Day and corresponding drug report dated 12-12-2006.
I ADMIT [   ] or DENY [   ] this charge.

                                Hammond, Kenneth
            Reg. No.                DCDC No

**Charge No. 2 - Failure to Submit to Drug Testing.** Between 7-29-2005 and 12-7-2006, the releasee failed to submit urine specimens on 34 occasions. This charge is based on the information contained in the violation report dated 11-21-2006 from supervising officer Danita Day and the corresponding drug report dated 12-12-2006.
I ADMIT [   ] or DENY [   ] this charge.

Probable Cause Hearing Is Required                Warrant Recommended By:

Warrant Issued................... January 29, 2007        Scott Kubic, Case Analyst
                                                          U.S. Parole Commission

Community Supervision Office Requesting Warrant: Interstate V-Team 55, 300 Indiana Avenue

---

Hammond, Kenneth
Reg. No.                DCDC No.

# Attachment 12



LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF DISTRICT OF COLUMBIA
DISTRICT: 16 OFFICE: DC
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: HAMMOND, KENNETH NORMEN
USMS NUMBER:

## I. IDENTIFICATION DATA

| USMS NUMBER: 09567007 | | NAME: HAMMOND, KENNETH NORMEN |
|---|---|---|
| ADDRESS: | | PHONE: |
| DOB: | AGE: | POB: MONTGOMERY CTY, MD |

| SEX: M | RACE: B | HAIR: BLK | EYE: BRO | HEIGHT: 505 | WEIGHT: 195 |
|---|---|---|---|---|---|
| SSN: | | FBI NBR: | | ALIEN NBR: | |

| OTHER NUMBER TYPE | OTHER NUMBER VALUE |
|---|---|
| DC | 202-521 |

| *** SPECIAL HANDLING CODE | SPECIAL HANDLING REMARK |
|---|---|
| MED | HIGH BLOOD PRESSURE/ HIGH CHOLESTEROL |

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| HAMMOND, KENNY | |

| GENERAL REMARKS |
|---|
| |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGB | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | RL-BOP | 9567007-1 | WASHINGTON | | | |
| 2 | RL-BOP | 9567007-2 | WASHINGTON | | | |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 01/26/2005 | U.S. MARSHALS SERVICE | HALFWAY HOUSE HOPE VILLAG | |
| 2 | 02/21/2007 | LOCAL LAW ENFORCEMENT | SHERIFF RD NE | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 5013 | CONDITIONAL REL VIOLATION | | GUILTY (PLEA) |
| 2 | 5011 | PAROLE VIOLATION | | PAROLE REVOCATION |

## III. STATUS HISTORY

LIMITED OFFICAL USE



UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF DISTRICT OF COLUMBIA
DISTRICT: 16 OFFICE: DC
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: HAMMOND, KENNETH NORMAN
USMS NUMBER:

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | CTC-FAIL | 01/26/2005 | 01/26/2005 | **/**/**** | BOP MEMO |
| 1 | WT-MOVE | 02/18/2005 | 02/18/2005 | **/**/**** | TERRE HAUTE |
| 1 | RL-BOP | 03/07/2005 | 03/07/2005 | **/**/**** | |
| 2 | REV-PV | 02/21/2007 | 02/21/2007 | **/**/**** | |
| 2 | WT-MOVE | 08/27/2007 | **/**/**** | **/**/**** | CANAAN |
| 2 | RL-BOP | 09/14/2007 | 09/14/2007 | | |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| DCSC | DC SHARED PRISONERS | 01/26/2005 | 02/18/2005 | 0 | |
| JYL | D.C. JAIL | 02/18/2005 | 03/07/2005 | 17 | |
| DCPV | DC PAROLE VIOLATORS | 02/21/2007 | 09/14/2007 | 205 | |
| | TOTAL DAYS BOARDED 222 | | | | |

V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| **/**/**** | | |

Attachment 13

# D.C. PROBABLE CAUSE HEARING REQUEST

Name..............................: **Hammond, Kenneth**

Reg. No. ..........................: (

Type of Release ............:Mandatory Release

Full Term Date When Warrant Issued..: 5-19-2009

Date Warrant Executed.: *2-21-07*

Hearing Date .........: *2-23-07*

Examiner................: *Otis Thomas*

Supervision Officer: **Danita Day**

## Attorney at Probable Cause Hearing:

[X] PDS    [  ] Other    [  ] None

Name_____*Gonzales*_____

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[X] PDS    [  ] Other    [  ] Unknown

Name_____

Address_____*Same*_____

Phone_____

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[X] Advised of Right to a Probable Cause Hearing  [X] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [  ] At Request of Attorney/Prisoner        [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*



## III. Review of Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[  ] ADMITS      [ X ] DENIES

The Subject's Response:     _no Comment_

[ X ] **Probable Cause Found.** After considering the violation report dated 11-21-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

**Charge No. 2 - Failure to Submit to Drug Testing**

[  ] ADMITS      [ X ] ~~DENIES~~

The Subject's Response:     _no Comment_

[ X ] ~~Probable~~ **Cause Found.** After considering the violation report dated 11-21-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

**Hammond, Kenneth**

Reg. No. (            DCDC No. :

[  ] No Probable Cause Found

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[X] Probable Cause Found on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] No Probable Cause Found for any charge.  **Discharge from Custody** immediately and

      [  ] Reinstate to Supervision  or  [  ] Close Case *(If expiration date has passed)*

[  ] Probable Cause Found on one or more charges.  Recommend **Reinstate to Supervision** and

      [  ] **Summon** to revocation hearing or [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a matter of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Danita Day

Hammond,  Kenneth
Reg. No. (       -        DCDC No. ˊ

Status: ___Approved    ___Not Approved    ___Pending Further Review

---

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

---

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

---

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

---

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

---

Hammond,  Kenneth
Reg. No. (              DCDC No.

IX.    **Revocation Hearing**

[ X ] Local Revocation **or**        [   ] Combined Probable Cause/Local Revocation on:

Location: [ X ] CTF   [   ] DC Jail   Date: ~~————~~        Time: [   ] am   [ X ] pm

[   ] Other at _____        4/23/07   9am

[   ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov

_____

                    *Attorney/Prisoner*                        *Date*

_____

*Additional Text:*

_____

                    *Examiner*                        2/23/07
                                                      *Date*

**Disclosure Documents:** Warrant dated 1-29-2007, Warrant Application dated 1-29-2007, Violation Report dated 11-21-2006 with attachments, Mandatory Release Certificate dated 7-7-2005, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____

                    *Attorney/Prisoner*                        2/23/07
                                                      *Date*

_____

                    **Hammond, Kenneth**
         Reg. No.                  DCDC No.

# Attachment 14



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile :(301) 492-5525*

Date: April 6, 2007

Ms. Gonzalez Roz
Staff Attorney
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Re:    **HAMMOND, KENNETH**
        **Reg. No: 09567-007**
        **DCDC No: 202-521**

Dear Ms. Gonzalez,

I have enclosed an expedited revocation proposal for the above-named releasee. This expedited revocation procedure allows the releasee to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. If the releasee accepts, the Commission will promptly issue a Notice of Action and arrange for the releasee to be transferred to a designated facility for service of the violation term. If the releasee declines, the Commission will arrange an in-person hearing under regular procedures.

Please review the attached proposal with the releasee and then fax the signed Response to Expedited Revocation Proposal to my attention at  (240) 437-0256.

**Note:** The signed Response to Expedited Revocation Proposal must be received by the Commission either **(1) Within 14 days of the date of this letter or; (2) If a hearing is already scheduled within 14 days of the date of this letter, no later than the day of the hearing.** If the Response to Expedited Revocation Proposal is not received within **the time frames outlined above,** the releasee will have an in-person hearing, and the proposed decision will not be binding on the Commission.

If you have any further questions, please call me at (301) 492-5821, ext. 171

                            Sincerely,

                            *Lori Gobble*
                            Lori Gobble,

Enclosure

Expedited Revocation Proposal HAMMOND KENNETH 09567-007

# Expedited Revocation Proposal



| Name: **HAMMOND, KENNETH** | Reg. No: **09567-007** | DCDC No: **202-521** |
|---|---|---|

**I.**     The Parole Commission has found that you have violated the conditions of your release.

**II.**     The Commission has found probable cause on the following charges:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

**III.**          **SALIENT FACTOR SCORE  (SFS-98)**

**Items**          **Rules, Scores and Explanations**

**SFS Item A**     **Rule:**     <u>Prior convictions/adjudications (adult or juvenile)</u>
                     None = 3; One = 2; Two or three = 1; Four or more = 0

               **Score:**     SFS Item A = 0

               **Explanation:**  Subject has 7 prior convictions/adjudication

| Date | Offense | Disposition |
|---|---|---|
| 12/01/1981 | Grand Larceny (F 5882-81) | 5010B YCA on 12/1/81 (2-1) |
| 12/01/1981 | Burglary (F 6104-81) | 5010B YCA on 12/1/81 (1-1) |
| 04/16/1985 | Assault with a Dangerous Weapon (Knife) (F 2901-85) | 6 months (consecutive) on 11/19/85 (3-2) |
| 12/08/1989 | Unlawful Entry (M 12887-89) | 180 days on 6/5/90 (4-3) |
| 09/30/1991 | Burglary II (F- 11642-91C) | 5 years probation (5-3); Probation revoked on 7/17/92 and sentenced to 2 to 6 years (5-4) |
| 10/10/1991 | BRA (F 13413-91) | 180 days (consecutive) on 7/17/92 (6-4) |
| 07/13/1992 | Robbery (F 4008-92) | 3 to 9 years on 7/13/92 (7-4); Paroled on 4/26/06; Revoked on 9/16/98 (7-5); MR'd on 7/12/05 |

**SFS Item B**     **Rule:**     <u>Prior commitments of more than thirty days (adult or juvenile)</u>
                     None = 2; One or two = 1; Three or more = 0

**Score:**    SFS Item B =    0

**Explanation:** Subject has  5  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

**SFS Item C**    **Rule:**    <u>Age at current offense/prior commitments</u>

| | | |
|---|---|---|
| <u>26 years or more</u> | +3 or less prior commitments | = 3 |
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| <u>22-25 years</u> | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| <u>20-21 years</u> | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| <u>19 years or less</u> | +any number prior commitments | = 0 |

**Score:**    SFS Item C =   1

**Explanation:** Subject was  42  years old at the commencement of the current offense and had  5  prior commitments.

**SFS Item D**    **Rule:**    <u>Recent Commitment Free Period</u> *(Three Years)*
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1;   Otherwise = 0

**Score:**    SFS Item D =    0

**Explanation:  07/15/2005** - Date of Current Offense.
07/12/2005 - Release to the Community from last commitment

**SFS Item E**    **Rule:**    <u>Probation/Parole/Supervised Release/Confinement/Escape Status Violator</u>
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**Score:**    SFS Item E =    0

**Explanation:**  Subject is a parole/ supervised release violator.

**SFS Item F**    **Rule:**    <u>Older Offenders</u>
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**Score:**   SFS Item F =   1

**Explanation:** Sum of Items A-E = 1   and the offender was 42 years old at the commencement of the current offense.

**TOTAL SALIENT FACTOR SCORE  =   2**

**IV.**  **Guidelines**

Your violation behavior has been rated Category One severity because it involved administrative violations. Your salient factor score is 2. You have been in DC confinement as a result of your behavior for a total of 2 month(s) as of 04/22/2007. Your Reparole Guidelines, established by Commission, indicate a range of 12 - 16 months to be served.

**V.**  **Expedited Revocation Proposal**

Your violation behavior makes you eligible to apply for the following expedited procedure. You may, waive your right to revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the action indicated on the attached Response To Expedited Revocation Proposal.

For the Commission to approve your application for this revocation procedure, the U.S. Parole Commission must receive the completed form within 14 days of the date noted on the cover letter. If the completed form is not received within 14 days, a revocation hearing will be held and the proposed action will not be binding on the Commission.

You are under no obligation to apply for the expedited revocation procedure. If you do not wish to waive your right to a revocation hearing and accept the proposed action, please indicate, on the Response To Expedited Revocation Proposal., that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action. The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.

## Response To Expedited Revocation Proposal

| Name:  HAMMOND, KENNETH | Reg No: 09567-007 | DCDC No: 202-521 |
|---|---|---|

### PROPOSED DECISION

**Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 03/20/2008 after the service of 13 months.**

**In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

**After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.**

☐ I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

☐ I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

☐ I wish to request a 14-day extension to consider this proposal.

_____          _____
Signature                                                    Date

_____          _____
Witness                                                      Date

Expedited Revocation Proposal HAMMOND KENNETH 09567-007

# Attachment 15

## Response To Expedited Revocation Proposal

| Name: HAMMOND, KENNETH | Reg No: | DCDC No: |
|---|---|---|

### PROPOSED DECISION

Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 03/20/2008 after the service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.

☑ I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

☐ I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

☐ I wish to request a 14-day extension to consider this proposal.

_Hammond Kenneth_                          4/23/07
Signature                                   Date

                                            9/23/07
_____                   Date

Expedited Revocation Proposal HAMMOND KENNETH 09567-007

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HAMMOND, Kenneth                  Institution:   D.C. CTF
Register Number:
DCDC No:                                Date:          August 14, 2007

---

## DC EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on April 23, 2007:

Revoke Parole. None of the time spent on Parole shall be credited. Continue to Presumptive Parole on
03/20/2008 after the service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that
you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and
examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from
the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission has found that you violated the following condition(s) of release:

    Charge No. 1 - Use of Dangerous and Habit Forming Drugs

    Charge No. 2 - Failure to Submit to Drug Testing

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

**REASONS:**

Your violation behavior has been rated Category One severity because it involved administrative
violations. Your salient factor score is 2 (see attached sheet). You have been in DC confinement as a
result of your behavior for a total of 2 month(s) as of 04/22/2007. Your Reparole Guidelines established
by Commission, indicate a range of 12 - 16 months to be served.

A Commission finding about factors and information presented and decision outside the guidelines, at this
consideration, is not warranted.

---

Hammond                                    -1-                        Clerk:  SRM
Queued: 08-14-2007 17:35:25 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Interstate
V-Team 55, 800 North Capitol | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia,
District of Columbia - DC |



THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency



       D.C. Federal Billing Unit
       D.C. Department of Corrections

       Interstate V-Team 55
       CSOSA

       Public Defender Service
       District of Columbia
       Special Proceedings Division

       U.S. Marshals Service
       District of Columbia - District Court

       Warrants - Attn: David Baldwin

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 08-14-2007 17:35:25 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Interstate V-Team 55, 800 North Capitol | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Attachment 16

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Hammond, Kenneth                          Institution:   D.C. CTF
Register Number:
DCDC No:                                        Date:      August 14, 2007

---

## DC EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on April 23, 2007:

Revoke Parole. None of the time spent on Parole shall be credited. Continue to Presumptive Parole on
03/20/2008 after the service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that
you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and
examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from
the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

    Charge No. 1 - Use of Dangerous and Habit Forming Drugs

    Charge No. 2 - Failure to Submit to Drug Testing

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

## REASONS:

Your violation behavior has been rated Category One severity because it involved administrative
violations. Your salient factor score is 2 (see attached sheet). You have been in DC confinement as a
result of your behavior for a total of 2 month(s) as of 04/22/2007. Your Reparole Guidelines established
by Commission, indicate a range of 12 - 16 months to be served.

After review of all relevant factors and information presented, a decision outside the guidelines, at this
consideration, is not warranted.

---

Hammond                                     -1-                      Clerk:   SRM

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Interstate V-Team 55
        CSOSA
        800 North Capitol Street, NW, 2nd Floor
        Washington, D.C. 20001

        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

## SALIENT FACTOR SCORE (SFS-98)

| Your Ptr | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A - Prior convictions/adjudications (adult or juvenile)** None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B - Prior commitments of more than thirty days (adult or juvenile)** None = 2; One or two = 1; Three or more = 0 |
| 1 | **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)** (see table below for an explanation) |
| 0 | **D - Recent commitment free period (three years)** No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E - Probation/parole/confinement/escape status violator this time** Neither on probation, parole, confinement, or escape status at the time of the current offense, nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F - Older offenders** If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98) (sum of points for A-F above)** |

| Points For SFS Item C | Prior Commitments | | |
|---|---|---|---|
| Age | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

USPC                10/22/2007 9:04    PAGE 1/1    Fax Server

U.S. Department of Justice                          Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: Hammond, Kenneth                    Institution:   Canaan USP
Register Number
DCDC No:                                  Date:   October 22, 2007

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82

No Change in presumptive parole date of March 20, 2008 and parole effective March 20, 2008

With the special condition(s) as indicated below:

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

REASONS:

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

*Do not Scan NOA* (handwritten)

Hammond                                    -1-                        Clerk    OMG
Queued: 10-22-2007 12:12:24 BOP-Canaan USP

# Attachment 17

Court Copy

Superior Court of the District of Columbia
Civil Division

2007 JUL 19 P 5: 21

FILED
2007 CNC 567
Case No. _____

Kenneth N. Hammond
                Petitioner,

        Vs.

District of Columbia
Records Center, et.al.
                Respondents.

Petitioner's Writ of Habens Corpus
under D.C. Code § 16-1901 for unlawful Taking of
Vested Credits & unlawful use of False Information

The petitioner, moves before This honorable Court With a Case of Frist Impression, seeking for This Court To Find That the defendant's forfeiture of 150 days of The petitioner's Statutory/Extra good Time Credits were unlawful and also Find That The defendant's are unlawfully holding False Information in The petitioner's Files (charge of Escape) and are using Said Information against The petitioner in counteracting his Custody Classification Score, for The petitioner was never Charge with an Escape in The Court of Law (Nor was I ever Convicted of any such charge.

The Frist Issue The petitioner submits is the Issue of The unlawful forfeiture of 150 days Statutory/Extra good Time Credits by The D.C. Records Center; for back on 11-3-2004 petitioner was sent To The halfway house, Hope Village, but on 1-26-2005 The petitioner was removed from Hope Village And sent over To The D.C. Jail, the petitioner's mandatory release date was 2-9-2005, but on 2-1-2005 The D.C. Records Center unlawfully removed 150 Credit days That had already been earned And Which became "Vested", moving The petitioner's mandatory release date from 2-9-2005 To 7-12-2005. See - Exhibit A pgs 1&2. (Extra Good Time) EGT Earned "*", with a full Term date of 9-11-2007.

The defendants, D.C. Records Center, stated that the credit days that they forfeited where. The petitioner's statutory days. See-Exhibit A pg 2 (at bottom of page) △

The petitioner's statutory credit days where awarded at the begaining of the petitioner's District Sentence and became vested after the Frist year had past. See-Exhibit B *. (Face sheet No. 2 dated 6-24-1998)

Some seven years seven months after the District of Columbia Department of Corrections awarded the petitioner his statutory Good Time Credit days of 1,365 days, one year later all of those days became "vested." Now the defendants D.C. Records Center states that they forfeited the petitioner's statutory Good Time days, now, if that is so, then they conceed that they have in fact violated the petitioner's rights of due process.

For under the District of Columbia Law D.C. Code §24-432 the Director of the Department of Corrections "must" Notify the Mayor and the Mayor "must" Notify the petitioner and the Sentencing Court, that the District seeks to forfeit the petitioner's statutory Good Time, and then the Court "must" set a hearing court date for the petitioner and conduct the hearing while allowing the petitioner his full due process rights to call and cross examendation of witness'es, present documents, and explain why the court should not forfeit his statutory Good Time., for the petitioner do asserts and the records do show that No Notify was ever sent to the mayor (or) to the Court, and that No Court hearing was ever held in this petitioner's case forfeiture of credit days., and if the defendants wish to keep standing on this statement then they have already conceeded that they have violated the petitioner's fifth Amendment Rights of Due process. See-D.C. Code ___ (Inclosed) Exhibit E

The petitioner asserts and the records do show that the Good Time Credit days that the defendant unlawfully forfeited was the Extra Good Time Credits And that those Credits were "vested" And could not be forfeited by the defendants. See-Exhibit A *

(2)

Also, because the defendants own Law States: once extra good time, is awarded, it becomes vested and may not be forfeited or withheld, or retroactively terminated or disallowed. see- Exhibit C 28 C.F.R. § 523.17(g).

Therefore, the petitioner asserts and the records herein show that the defendants unlawfully forfeited the petitioner's Credit days, be it, Statutory (or) Extra Good Time Credits, and therefore held the petitioner unlawfully in prison for 150 days, and therefore, the petitioner seeks for this honorable Court to find that the defendants did in fact violated the petitioner's due process rights and his rights to be free from unusual punishment.

Because the petitioner was never charged in the Court of Law (nor) prosecuted for the Charge of Escape, the petitioner seeks for this honorable Court to Order the defendant's to remove this false Charge of Escape from any and All of the petitioner's Institutional; Correctional & Criminal Files, and also Order the defendants to stop using that false, information of Escape in the petitioner's Custody and Classification and hearings. see- Exhibit D

## Conclusion

Because this court can find by the reviewing of the records that are before this Court that the defendants are in fact violating the petitioner's rights, that this Court can Order that the defendant's restore the petitioner's Credit days and Order them to remove and stop using the false information (Charge of Escape) from the petitioner's files.

I hereby declare that all the information herein this writ is True and Correct to the best of my Knowledge as according to 28 U.S.C. § 1746.

Mr. Kenneth N. Hammond
DC#          Fed#          7

(3)          Washington, D.C. 20003     7-16-07
                                        Date

## Certificate of Service

I hereby declare That TWO (2) Copies of This Writ of Habeas Corpus is being Mailed on This 17th day of July, 2007 To The Superior Court for Filing with This Court And One Copy, The petitioner is Sending So That This Court may mail or Fax The defendant a Copy of This Writ.

Defendants Address & Fax Number

Augustus Faller - Manager
District of Columbia Records Center
Post Box 90044
Petersburg, Virginia 23804
Phone :
Fax.

x Hammond N. Kenneth
Mr. Kenneth N. Hammond
Dc#              Fed#

Washington, D.C. 20003

7/16/2007

(4)

08/18/2004 13:20 FAX 8038831858        DC RECORDS CENTER                        ☒002

**US Department of ___ice**
**Federal Bureau of Prisons**
**District of Columbia Records Center**
**PO Box 90044**
**Petersburg, VA 23804**

August 12, 2004

To: HAMMOND, Kenneth

From: John Shannon, Legal Instruments Examiner

Subject: Inmate Request to Staff

This letter is in response to your correspondence regarding your Extra Good Time Credits. You have been awarded Meritorious Good Time from 06-25-2001 to 09-03-2002 while at USP Terre Haute, & again from 09-04-2002 and remain in earning status currently. As previously stated, your total Extra Good Time Credits will total 196. Your Projected Satisfaction Date of 02-09-2005 includes the total of 196 days of MGT provided you remain in earning status up until you have been taken out of earning status on your release date of 02-09-2005.

If you have any additional concerns, please contact our office.

*Faxed 8,18-04*

*Exhibit A pg 1*

```
BSY2C  542*22 *          SENTENCE MONITORING          *    07-12-2005
PAGE 001 OF 001 *          GOOD TIME DATA            *    08:03:08
                          AS OF  07-12-2005
```

```
REGNO...:          NAME: HAMMOND, KENNETH N
ARS 1...: BSY A-DES
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED: DATE.: 02-01-2005        FACL..: CRO   CALC.: AUTOMATIC
UNIT...............: C3/4              QUARTERS...........: C07-324U
DATE COMP BEGINS....: 01-07-1998       COMP STATUS.........: SATISFIED
TOTAL JAIL CREDIT...: 0                TOTAL INOP TIME.....: 0
STATUTORY REL DT...: 08-24-2005 WED    EXPIRES FULL TERM DT: 05-19-2009
PROJ SATISFACT DT...: 07-12-2005 TUE   PROJ SATISF METHOD..: MAND PAR
ACTUAL SATISFACT DT.: 07-12-2005 TUE   ACTUAL SATISF METHOD: MAND PAR
FINAL STAT GOOD TIME: 1214             FINAL EXTR GOOD TIME: 193
DAYS REMAINING......: 1407             FINAL PUBLC LAW DAYS: 0
```

```
---------------------EXTRA GOOD TIME EARNINGS-------------------------

   INST    TYPE       DATE IN      DATE OUT        PRI/SEN IND
   THA     MGT       06-25-2001   09-03-2002
   GIL     MGT       09-04-2002   07-15-2003
   GIL     MGT       07-16-2003   11-02-2004
   CDC     CCC       11-03-2004   01-26-2005

   EGT EARNED.................................:        193 DAYS

   BREAK OVER DATE............................        06-25-2002

---------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS-------------
                    NONE

-------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS--------------
                    NONE

   TOTAL EGT..............................:        193 DAYS

-----STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

   INFRACTION      DECISION     ACTION   AMOUNT   INFR SEVERITY    FREQ
   DATE    NO        DATE       TYPE              /RSN FOR ADJ
   01-12-2005 1    01-13-2005    FF        60
   01-20-2005 1    01-21-2005    FF        90

   NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:      150 DAYS



G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

*Exhibit A*
*page 2*

ADM Form 19 DCDC-f-28

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Date Prepared
6-24-98
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| | Hammond, Kenneth | Black | Male |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| | |
|---|---|
| Offense | |
| Case Number | Parole Violation |
| | F 4008-92B F 11642-91C |
| | F 13413-91C |
| Sentence (Yrs., Mos., Days) | Owes 4,155 days on |
| | 15 Yrs & 180 Days |
| Warrant/Commit / Confinement Begins (Mo., Da., Yr.) | 1-7-98 |
| Full Term Date (Mo., Da., Yr.) | 5-23-2009  original full term |
| Short Term / M.R. Date (Mo., Da., Yr.) | 8-27-2005 |
| Parole Eligibility Date (Mo., Da., Yr.) | Parole Board's Discretion |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 1,365 Days |
| Fine | N/A |
| Committing Judge | |
| Defense Attorney | |
| Initialed By | dwl/csv |

| DETAINERS | | | | CONDUCT CREDITS | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | PV term converted= 11 years 4 months 17 days |
| | | Recomputed pursuant to DCCA in Noble |

EXhibit B

| View Results | | New Search |
|---|---|---|

To navigate within the results and the documents use the buttons below.

| Previous Doc | Next Doc | First Hit | | Next Hit | | Previous Hit |
|---|---|---|---|---|---|---|

28 CFR Sec. 523.17, (Title 28, JUDICIAL ADMINISTRATION), Sec. 523.17 Procedures.

(a) Extra good time is awarded at a rate of three days per month during the first twelve months of seniority in an earning status and at the rate of five days per month thereafter. The first twelve months of seniority need not be based on a continuous period of twelve months. If the beginning or termination date of an extra good time award occurs after the first day of a month, a partial award of days is made.

(b) An inmate may be awarded extra good time even though some or all of the inmate's statutory good time has been forfeited or withheld.

(c) Parole and mandatory release violators may earn extra good time the same as other inmates. Once an inmate is conditionally released from imprisonment, either by parole, including special parole, or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release.

(d) Staff working in the community have the same extra good time authority as the Warden when approving the award of good time for an inmate confined in a non-federal facility and may approve meritorious good time or lump sum awards in accordance with this rule upon recommendations made by a responsible person employed by the non-federal facility. The appropriate staff in the Regional Office may review all such awards if the Regional Director requires the review.

(e) An inmate who is transferred remains in the earning status at time of transfer, unless the reason for transfer would otherwise have caused removal from an earning status, and provided the inmate's behavior is such while in transit that it does not justify removal. Where the receiving institution is a camp, farm, or community corrections center, the extra good time continues automatically upon the inmate's arrival. Where the receiving institution is other than a camp, farm, or community corrections center, the extra good time is terminated upon arrival, and staff at the receiving institution shall review each case to determine if the inmate should continue in meritorious good time earning status if not immediately employed in Federal Prison Industries or assigned to a work/study release program. If the inmate then is not continued in meritorious good time earning status, later awards must comply with procedures outlined in Sec. 523.11.

(f) An inmate serving a life sentence may earn extra good time even though there is no mandatory release date from which to deduct the credit since the possibility exists that the sentence may be reduced or commuted to a definite term.

(g) Extra good time is not automatically discontinued while an inmate is hospitalized, on furlough, out of the institution on a writ of habeas corpus, or removed under the Interstate Agreement on Detainers. Extra good time may be terminated or disallowed during such absences if the Warden or the Discipline Hearing Officer finds that the inmate's behavior warrants such action.

*Exhibit C*  7/9/2007

(h) Extra good time earned by an inmate in a District of Columbia Department of Corrections facility is treated the same as if earned in a Bureau of Prisons institution, upon transfer to a Bureau institution.

(i) An inmate committed under the provisions of 18 U.S.C. 3651 (split sentence) may earn extra good time credits provided the sentence imposed is not under the provisions of 18 U.S.C. 5010 (b) or (c) (YCA). All extra good time and seniority earned is carried over to any subsequent probation violator sentence based on the original split sentence.

(j) An inmate committed under the provisions of 18 U.S.C. 4205(c) may earn extra good time credits towards the final sentence that may be imposed. Such extra good time credits do not reduce the three months allowed for study. An inmate committed under the provisions of 18 U.S.C. 4244, as amended effective October 12, 1984, may earn extra good time credits toward the final sentence that may be imposed. Such extra good time credits do not reduce the provisional sentence. Extra good time may continue during a commitment for examination of hospitalization and treatment under 18 U.S.C. 4245, as amended effective October 12, 1984.

(k) Inmates committed under the provisions of 18 U.S.C. 4244, 4246-47, 4252, 5010 (b), (c), (e), or 5037(c) as these sections were in effect prior to October 12, 1984, are not entitled to extra good time deductions. Inmates committed under the provisions of 18 U.S.C. 4241, 4242, 4243, or 4246 as these sections were amended effective October 12, 1984, are not entitled to extra good time deductions.

(l) A pretrial detainee may not earn good time while in pretrial status. A pretrial detainee, however, may be recommended for good time credit. This recommendation shall be considered in the event that the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status.

(m) An inmate committed for civil contempt is not entitled to extra good time deductions while serving the civil contempt sentence.

(n) A military or Coast Guard inmate may earn extra good time. Extra good time earned in Federal Prison Industries in a military or Coast Guard installation is treated the same as if earned in Federal Prison Industries in the Bureau of Prisons. Other forms of military or Coast Guard extra good time, such as Army Abatement time, are fully credited, but no seniority is allowed.

(o) American citizens who are serving sentences in foreign countries and who are subsequently returned to this country under the provisions of 18 U.S.C. chapter 306 (Pub. L. 95-144) may have earned work, labor, or program time credits in the foreign country similar to extra good time earned under 18 U.S.C. 4162. Such foreign "extra good time" credits shall be treated as if awarded under Sec. 523.16, Lump Sum Awards, with any future lump sum award consideration in this country calculated on the basis of time served in custody of the Bureau of Prisons. After return to this country an inmate may earn extra good time at the three-day rate and advance to the five-day rate after one year of seniority is accrued. No seniority is accrued for foreign "extra good time" credits.

(p) An inmate in extra good time earning status may not waive or refuse extra good time credits.

(q) Once extra good time is awarded, it becomes vested and may not be forfeited or withheld, or retroactively terminated or disallowed.

```
   BSY2W  606.00 *      MALE CUSTODY CLASSIFICATION FORM    *    05-24-2007
   PAGE 001 OF 001                                               13:05:17
                           (A) IDENTIFYING DATA
  REG NO..: L                    FORM DATE: 02-18-2005          ORG: CDC
  NAME....: HAMMOND, KENNETH N                              CR HX PT: UNK
                                        MGTV: NONE
  PUB SFTY: GRT SVRTY,SEX OFFN          MVED:
                            (B) BASE SCORING
  DETAINER: (0) NONE             SEVERITY.......: (7) GREATEST
  MOS REL.: 4                    PRIOR..........: (3) SERIOUS
  ESCAPES.: (1) > 10 YRS MINOR   VIOLENCE.......: (4) 10-15 YRS SERIOUS
  PRECOMMT: (0) N/A
                           (C) CUSTODY SCORING
  TIME SERVED.....: (5) 76-90%   DRUG/ALC ABUSE.: (2) PAST 5 YRS
  MENTAL STABILITY: (4) FAVORABLE  TYPE DISCIP RPT: (1) > 1 HIGH
  FREQ DISCIP RPT.: (3) NONE     RESPONSIBILITY.: (0) POOR
  FAMILY/COMMUN...: (3) MINIMAL

                    --- LEVEL AND CUSTODY SUMMARY ---
   BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
   +15  +18    +2       +17       HIGH          N/A                   INCREASE


   G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

*Exhibit D*

Attachment 18

```
    DSC5B   540*23 *              SENTENCE MONITORING          *     02-26-2008
    PAGE 002 OF 002 *            COMPUTATION DATA              *     08:25:42
                                  AS OF 02-26-2008

    REGNO..:            ' NAME: HAMMOND, KENNETH N


    ------------------------CURRENT COMPUTATION NO: 020 ------------------------

    COMPUTATION 020 WAS LAST UPDATED ON 12-26-2007 AT DSC AUTOMATICALLY
    COMPUTATION CERTIFIED ON 01-07-2008 BY DESIG/SENTENCE COMPUTATION CTR

    THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
    CURRENT COMPUTATION 020: 020 010

    DATE COMPUTATION BEGAN..........: 02-21-2007
    TOTAL TERM IN EFFECT............: 1407 DAYS
    TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS,     10 MONTHS      8 DAYS
    EARLIEST DATE OF OFFENSE........: 09-30-1991

    TOTAL JAIL CREDIT TIME..........: 0
    TOTAL INOPERATIVE TIME..........: 0
    STATUTORY GOOD TIME RATE........: 7
    TOTAL SGT POSSIBLE..............: 323
    PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
    STATUTORY RELEASE DATE..........: 02-08-2010
    TWO THIRDS DATE.................: N/A
    180 DAY DATE....................: N/A
    EXPIRATION FULL TERM DATE.......: 12-28-2010

    PAROLE EFFECTIVE................: 03-20-2008
    PAROLE EFF VERIFICATION DATE....: 10-22-2007
    NEXT PAROLE HEARING DATE........: N/A
    TYPE OF HEARING.................: PAROLE EFFECTIVE

    PROJECTED SATISFACTION DATE.....: 03-20-2008
    PROJECTED SATISFACTION METHOD...: PAROLE

    REMARKS.......: RELEASE AUDIT DONE AT DSCC




    G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
DSC5B  540*23 *           SENTENCE MONITORING           *    02-26-2008
PAGE 001          *         COMPUTATION DATA            *    08:25:42
                            AS OF 02-26-2008

REGNO..:       7 NAME: HAMMOND, KENNETH N


FBI NO..........:   . .                DATE OF BIRTH:
ARS1............: CDC/A-DES
UNIT............:                       QUARTERS.....:
DETAINERS.......: NO                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-11-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-20-2008 VIA PAROLE

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4008-92B/11642-91C
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
DATE WARRANT ISSUED.............: 01-29-2007
DATE WARRANT EXECUTED...........: 02-21-2007
DATE COMMITTED..................: 09-14-2007
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO SERVICES:  NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  605
OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT 22-2901
         (PAROLE VIOLATION)

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS     180 DAYS
 NEW SENTENCE IMPOSED...........: 1407 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 09-30-1991




G0002     MORE PAGES TO FOLLOW . . .
```

Attachment 19

```
BOPG8                      •      PUBLIC INFORMATION            •      04-01-2008
PAGE 001                   •         INMATE DATA                •      14:43:04
                                  AS OF 04-01-2008

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                      RESP OF: CDC / PAROLE FROM PAR COM OR CT
                      PHONE..: 301-317-3142        FAX: 301-317-3138
                                                   RACE/SEX...: BLACK / MALE
                                                   AGE: 45
ACTUAL RELEASE METH.: PAROLE
ACTUAL RELEASE DATE.: 03-20-2008
------------------------------ ADMIT/RELEASE HISTORY -----------------------------
FCL   ASSIGNMENT   DESCRIPTION                  START DATE/TIME  STOP  DATE/TIME
CDC   PAROLE       PAROLE FROM PAR COM OR CT    03-20-2008 0945  CURRENT
CDC   A-DES        DESIGNATED, AT ASSIGNED FACIL 01-07-2008 2150  03-20-2008 0945
8-C   RELEASE      RELEASED FROM IN-TRANSIT FACL 01-07-2008 2150  01-07-2008 2150
8-C   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 01-07-2008 1030 01-07-2008 2150
CAA   FURL TRANS   FURL W/UNESCORTED TRF TO A CCC 01-07-2008 1030 01-07-2008 1030
CAA   A-DES        DESIGNATED, AT ASSIGNED FACIL 09-14-2007 1040  01-07-2008 1030
9-L   RELEASE      RELEASED FROM IN-TRANSIT FACL 09-14-2007 1040  09-14-2007 1040
9-L   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 08-22-2007 1100 09-14-2007 1040
DSC   ADMIN REL    ADMINISTRATIVE RELEASE        08-22-2007 1000  08-22-2007 1000
DSC   A-ADMIN      ADMINISTRATIVE ADMISSION      08-22-2007 0958  08-22-2007 1000
BSY   MAND PAR     MANDATORY PAROLE              07-12-2005 1005  08-22-2007 0958
BSY   A-DES        DESIGNATED, AT ASSIGNED FACIL 05-19-2005 1450  07-12-2005 1005
S41   RELEASE      RELEASED FROM IN-TRANSIT FACL 05-19-2005 1450  05-19-2005 1450
S41   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-19-2005 0718 05-19-2005 1450
ATL   HLD REMOVE   HOLDOVER REMOVED              05-19-2005 0718  05-19-2005 0718
ATL   A-BOP HLD    HOLDOVER FOR INST TO INST TRF 04-19-2005 1832  05-19-2005 0718
A01   RELEASE      RELEASED FROM IN-TRANSIT FACL 04-19-2005 1832  04-19-2005 1832
A01   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-19-2005 1000 04-19-2005 1832
OKL   HLD REMOVE   HOLDOVER REMOVED              04-19-2005 0900  04-19-2005 0900
OKL   A-HLD        HOLDOVER, TEMPORARILY HOUSED  03-07-2005 1745  04-19-2005 0900
6-K   RELEASE      RELEASED FROM IN-TRANSIT FACL 03-07-2005 1845  03-07-2005 1845
6-K   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 03-07-2005 0800 03-07-2005 1845
CDC   HLD REMOVE   HOLDOVER REMOVED              03-07-2005 0800  03-07-2005 0800
CDC   A-BOP HLD    HOLDOVER FOR INST TO INST TRF 01-26-2005 1030  03-07-2005 0800
0-X   RELEASE      RELEASED FROM IN-TRANSIT FACL 01-26-2005 1030  01-26-2005 1030
0-X   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 01-26-2005 1028 01-26-2005 1030
CDC   TRANSFER     TRANSFER                      01-26-2005 1028  01-26-2005 1028
CDC   A-DES        DESIGNATED, AT ASSIGNED FACIL 11-03-2004 1925  01-26-2005 1028
7-M   RELEASE      RELEASED FROM IN-TRANSIT FACL 11-03-2004 1925  11-03-2004 1925
7-M   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 11-03-2004 0919 11-03-2004 1925
GIL   FURL TRANS   FURL W/UNESCORTED TRF TO A CCC 11-03-2004 0919 11-03-2004 0919
GIL   A-DES        DESIGNATED, AT ASSIGNED FACIL 07-16-2003 2030  11-03-2004 0919
A01   RELEASE      RELEASED FROM IN-TRANSIT FACL 07-16-2003 2030  07-16-2003 2030
A01   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 07-16-2003 0722 07-16-2003 2030
ATL   HLD REMOVE   HOLDOVER REMOVED              07-16-2003 0722  07-16-2003 0722
ATL   A-HLD        HOLDOVER, TEMPORARILY HOUSED  07-01-2003 2014  07-16-2003 0722


G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPG8              *        PUBLIC INFORMATION          *      04-01-2008
PAGE 002           *           INMATE DATA              *      14:43:04
                            AS OF 04-01-2008

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                      RESP OF: CDC / PAROLE FROM PAR COM OR CT
                      PHONE..: 301-317-3142    FAX: 301-317-3138
A01    RELEASE      RELEASED FROM IN-TRANSIT FACL  07-01-2003 2014 07-01-2003 2014
A01    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 07-01-2003 1100 07-01-2003 2014
OKL    HLD REMOVE   HOLDOVER REMOVED               07-01-2003 1000 07-01-2003 1000
OKL    A-BOP HLD    HOLDOVER FOR INST TO INST TRF  05-23-2003 1720 07-01-2003 1000
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL  05-23-2003 1820 05-23-2003 1820
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-23-2003 0845 05-23-2003 1820
THA    TRANSFER     TRANSFER                       05-23-2003 0745 05-23-2003 0745
THA    A-DES        DESIGNATED, AT ASSIGNED FACIL  09-04-2002 0819 05-23-2003 0745
3-E    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-04-2002 0919 09-04-2002 0919
3-E    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-04-2002 0527 09-04-2002 0919
LEX    HLD REMOVE   HOLDOVER REMOVED               09-04-2002 0527 09-04-2002 0527
LEX    A-BOP HLD    HOLDOVER FOR INST TO INST TRF  09-03-2002 1410 09-04-2002 0527
S38    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-03-2002 1410 09-03-2002 1410
S38    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-03-2002 0600 09-03-2002 1410
CRL    TRANSFER     TRANSFER                       09-03-2002 0600 09-03-2002 0600
CRL    A-DES        DESIGNATED, AT ASSIGNED FACIL  09-18-2001 1414 09-03-2002 0600
0-G    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-18-2001 1414 09-18-2001 1414
0-G    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-18-2001 1329 09-18-2001 1414
BOP    ADMIN REL    ADMINISTRATIVE RELEASE         09-18-2001 1329 09-18-2001 1329
BOP    A-DCOB       ADMIT TO D.C. OFFENDER BRANCH  09-18-2001 1246 09-16-2001 1329
0-G    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-16-2001 1246 09-16-2001 1246
0-G    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-18-2001 1244 09-18-2001 1246
CRL    ADMIN REL    ADMINISTRATIVE RELEASE         09-18-2001 1244 09-18-2001 1244
CRL    A-DES        DESIGNATED, AT ASSIGNED FACIL  04-05-2001 1010 09-18-2001 1244
0-G    RELEASE      RELEASED FROM IN-TRANSIT FACL  04-05-2001 1010 04-05-2001 1010
0-G    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 03-28-2001 0828 04-05-2001 1010
BOP    ADMIN REL    ADMINISTRATIVE RELEASE         03-28-2001 0828 03-28-2001 0828
BOP    A-ADMIN      ADMINISTRATIVE ADMISSION       03-28-2001 0827 03-28-2001 0828
BOP    DCOB REL     REL FROM D.C. OFFENDER BRANCH  03-28-2001 0826 03-28-2001 0827
BOP    A-DCOB       ADMIT TO D.C. OFFENDER BRANCH  03-24-2000 0827 03-28-2001 0826


G0002      MORE PAGES TO FOLLOW . . .
```

```
      BOPG8           *         PUBLIC INFORMATION        *      04-01-2008
      PAGE 003        *            INMATE DATA            *      14:43:04
                      *         AS OF 03-20-2008

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                      RESP OF: CDC / PAROLE FROM PAR COM OR CT
                      PHONE..: 301-317-3142    FAX: 301-317-3138
      PRE-RELEASE PREPARATION DATE: 02-11-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 03-20-2008 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4008-92B/11642-91C
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
DATE WARRANT ISSUED.............: 01-29-2007
DATE WARRANT EXECUTED...........: 02-21-2007
DATE COMMITTED..................: 09-14-2007
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

-----------------------PRIOR OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 605
OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT 22-2901
         (PAROLE VIOLATION)

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 15 YEARS    180 DAYS
NEW SENTENCE IMPOSED...........: 1407 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 09-30-1991




G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPG8                     *        PUBLIC INFORMATION        *        04-01-2008
PAGE 004                  *           INMATE DATA            *        14:43:04
                                   AS OF 03-20-2008

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                 RESP OF: CDC / PAROLE FROM PAR COM OR CT
                    PHONE..: 301-317-3142   FAX: 301-317-3138
---------------------------PRIOR COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-14-2008 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-17-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 02-21-2007
TOTAL TERM IN EFFECT............: 1407 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      10 MONTHS      8 DAYS
EARLIEST DATE OF OFFENSE........: 09-30-1991

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 323
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 02-08-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-28-2010

PAROLE EFFECTIVE................: 03-20-2008
PAROLE EFF VERIFICATION DATE....: 10-22-2007
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 03-20-2008
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: TLA

DAYS REMAINING..................: 1013
FINAL PUBLIC LAW DAYS...........: 0




G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8         *        PUBLIC INFORMATION       *      04-01-2008
   PAGE 005       *            INMATE DATA          *      14:43:04
                            AS OF 07-12-2005
```

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                    RESP OF: CDC / PAROLE FROM PAR COM OR CT

PRE-RELEASE PREPARATION DATE: 01-12-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 07-12-2005 VIA MAND PAR

------------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F4008-92B/11642-91C
JUDGE..........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
DATE WARRANT ISSUED............: 10-16-1997
DATE WARRANT EXECUTED..........: 01-07-1998
DATE COMMITTED.................: 04-05-2001
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 ----------------------------
```
OFFENSE CODE....: 605
OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT
         (PAROLE VIOLATION)
```

```
 SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: 15 YEARS    180 DAYS
 NEW SENTENCE IMPOSED..........: 4151 DAYS
 BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE...............: 09-30-1991
```

G0002      MORE PAGES TO FOLLOW . . .

```
   BOPG8          *         PUBLIC INFORMATION            *      04-01-2008
   PAGE 006 OF 006 *            INMATE DATA               *      14:43:04
                              AS OF 07-12-2005

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                 RESP OF: CDC / PAROLE FROM PAR COM OR CT
                  PHONE..: 301-317-3142    FAX: 301-317-3138
--------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-01-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-07-1998
TOTAL TERM IN EFFECT............: 4151 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   11 YEARS      4 MONTHS      13 DAYS
EARLIEST DATE OF OFFENSE........: 09-30-1991

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1364
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 08-24-2005
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 05-19-2009

NEXT PAROLE HEARING DATE........: 12-00-2004
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

ACTUAL SATISFACTION DATE........: 07-12-2005
ACTUAL SATISFACTION METHOD......: MAND PAR
ACTUAL SATISFACTION FACILITY....: BSY
ACTUAL SATISFACTION KEYED BY....: LJR

DAYS REMAINING..................: 1407
FINAL PUBLIC LAW DAYS...........: 0




S0039      ALL CURRENT COMPS ARE SATISFIED
```

Attachment 20

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAR - 1

KENNETH N. HAMMOND,                )
                                   )
        Petitioner,                )
                                   )
v.                                 )    CIVIL ACTION NO. 02-671-AM
                                   )
DAVID GARRAGHTY,                   )
                                   )
        Respondent.                )

MEMORANDUM OPINION

Petitioner Kenneth N. Hammond ("Hammond"), a D.C. Code inmate proceeding pro se, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") calculation of his good-time credits. Hammond demands that the BOP award him 266 days of good-time credits which he claims were previously earned while incarcerated by the District of Columbia ("D.C.") Department of Corrections. By Order dated April 21, 2003, respondent was directed to show cause why the writ should not issue. On June 20, 2003, respondents filed their response, and on August 4, 2003, Hammond filed a reply brief. For the following reasons, Hammond's petition for writ of habeas corpus will be dismissed. Further, Hammond's Motions for Entry of Final Judgment will be denied as moot.

I.

On July 17, 1992, Hammond was initially convicted in the Superior Court for the District of Columbia on charges of Burglary II, Robbery, and a Bail Reform Act Violation.[1] Hammond was sentenced to consecutive terms of imprisonment of three (3) to nine (9) years on the Burglary charge; two (2) to six (6) years on the Robbery charge; and one hundred eighty (180) days on the Bail Reform Act charge.

On April 26, 1996, Hammond was ordered paroled from these sentences. Hammond was subsequently paroled on April 30, 1996. Pursuant to an October 16, 1997, arrest warrant, Hammmond was arrested on January 7, 1998. Subsequently, the District of Columbia revoked Hammond's parole on February 25, 1998.

On March 24, 2000, in anticipation of the changes to D.C. Code § 24-101, which closed the Lorton Correctional Complex and transferred all D.C. felons to federal prisons, Hammond was administratively assigned to the D.C. Offender Branch for the Federal Bureau of Prisons (BOP). This administrative assignment allowed the BOP an opportunity to receive and review Hammond's records, verifying his sentence and assessing an appropriate place of incarceration, prior to his transfer to BOP's custody. Custody did not transfer to the BOP until such time as an inmate

---

[1] The Court adopts as uncontested the recitation of Hammond's criminal history and transfer to BOP custody as described at pages 2-4 of the Response to the Petition for Writ of Habeas Corpus.

2

was received at either a BOP facility or a contract facility used by the BOP to house D.C. inmates.

On March 28, 2001, Hammond was designated to the Greensville Correctional Center in Greensville, Virginia, under a contract between that facility and the BOP which allowed for temporary placement of D.C. felons at that facility. On April 5, 2001, Hammond arrived at the Greensville Correctional Center ("GRCC"). Upon his arrival, custody transferred from the D.C. Department of Corrections to the BOP, making Hammond and official BOP prisoner on that date.

On September 3, 2002, Hammond was transferred to the USP at Terre Haute, Indiana, arriving there on September 4, 2002. On November 8, 2002, a recommendation that Hammond receive Meritorious Good Time ("MGT") against his sentence from June 25, 2001, through September 3, 2002, was submitted. This recommendation was based on the comments of Hammond's work supervisor at the Greensville facility. The request was granted.

On November 22, 2002, a recommendation that Hammond continue to receive MGT was submitted. The request was approved and Hammond continues to earn MGT. On July 18, 2003, Hammond notified the Court that he had been transferred to FCI Gilmer.

Hammond claims that when he was transferred from D.D. Department of Corrections custody to BOP custody, the BOP failed to award him the good-time credits he previously earned.

3

Specifically, Hammond asserts that from January 7, 1998 through April 5, 2001, he earned good-time credits at a rate of three (3) days per month for the first year, plus five (5) days per month for time served after the first year, for a total of 186 days. Hammond further avers that during this time he earned 40 days for educational accomplishments, bringing the total to 226 days owed to him. Hammond additionally claims that when the BOP awarded him with the good-time credits earned, the BOP miscalculated the amount, awarding him only 196 days — when he should have received 236 days. Accordingly, Hammond claims that the grand total of good-time credits owed to him is 266 days.

Hammond filed the instant petition for writ of habeas corpus on May 14, 2002.[2] As relief, he seeks the award of 266 days of good-time credit, allegedly owed to him by the BOP.

II.

As a threshold matter, this Court must consider whether it has jurisdiction over this action and whether the petitioner named proper defendants to his petition. Challenges concerning the denial of good-time credits must be brought under 28 U.S.C. § 2241 in the district court with jurisdiction over the prisoner or his custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The instant petition indicates

---

[2]  The Court notes that Hammond initially claimed that the BOP owes him 432 days of good-time credits. However, because Hammond's latest

that petitioner was incarcerated at the Greenville Correctional Center in Jarrett, Virginia when he filed this petition. For federal habeas corpus purposes, petitioner's custodian is the warden of that institution. <u>Billiteri v. United States Bd. of Parole</u>, 541 F.2d 938, 948 (2d Cir. 1976). Therefore, petitioner properly named Greensville Correctional Center Warden D.A. Garraghty as respondent and this Court has jurisdiction over this petition because Jarrett, Virginia is located in the Eastern District of Virginia.

III.

As for the merits of his petition, Hammond alleges that based on the BOP's miscalculations, he is entitled to an additional 266 days of good-time credit against his sentence.[3] He avers this would result in a release date of May 19, 2004, rather than February 9, 2005. Specifically, Hammond alleges that he is entitled to Meritorious and Work/Study Good Time Credits from January 7, 1998 until the present. Inmates held by the BOP,

---

[3]    Although the core of Hammond's complaint involves the alleged miscalculation of his good-time, he also raises a vague equal protection claim regarding his alleged denial of participation in various programs needed for the "reintegration process back into Society." This claim must fail. Although inmates are constitutionally entitled to certain basic amenities such as food, adequate medical care, and sufficient recreation, programs such as work release programs, educational programs, and administrative remedy programs are not constitutionally required amenities for inmates serving prison sentences. See <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

whether in BOP or contract facilities such as the GRCC, are eligible to earn one type of extra good-time credits. Under 28 C.F.R. § 523.1(b), extra good-time is defined as "credit to a sentence authorized by 18 U.S.C. § 4162 for performing exceptionally meritorious service or for performing duties of outstanding importance in an institution or for employment in a Federal Prison Industry or Camp. 'Extra Good Time' thus includes Meritorious Good Time, Work/Study Release Good Time, Community Corrections Center Good Time, Industrial Good Time, Camp or Farm Good Time, and Lump Sum Awards. Extra good time and seniority are inseparable with the exception of lump sum awards for which no seniority is earned." 28 C.F.R. § 523.1(b)

In order to be eligible for BOP MGT, a recommendation must be made by a staff member based upon the work performance of the inmate. 28 C.F.R. § 523.11. Similarly, inmates serving District of Columbia sentences are eligible to earn meritorious good time credits, at the discretion of the Director of the D.C. Department of Corrections. D.C. Code § 24-429.1.

In this case, Hammond avers that he is owed good-time credits dating from when he was in the custody of the D.C. Department of Corrections as well as good-time credits allegedly earned while in BOP custody at the GRCC. However, without a recommendation from a staff member, Hammond was ineligible to receive discretionary MGT awards either while in D.C. Department

of Corrections custody or while in BOP custody.  Significantly,
Hammond does not present any information, nor do his records
suggest, that he was ever awarded such time or that a
recommendation that he receive such time was ever made.  As such,
Hammond has failed to establish that the BOP miscalculated his
good-time credits.

Furthermore, there simply is no constitutional right to
good-time credits for educational programs or good behavior.
See, e.g., Belasco v. Bidden, No. 1:03-CV-165-C, 2003 U.S. Dist.
LEXIS 17559 (N.D. Tex. Sept. 29, 2003) (citing Wolff v.
McDonnell, 418 U.S. 539, 557 (1974); Zimmerman v. Tribble, 226
F.3d 568, 572 (7th Cir. 2000); Hamill v. Wright, 870 F.2d 1032,
1036 (5th Cir. 1989).  Accordingly, Hammond's petition must be
dismissed.

IV.

For the reasons stated above, this petition must be
dismissed.  An appropriate Order will issue.


Mar. 1, 2004                    Claude M. Hilton
                                U.S.D.J.


7

Attachment 21

C/2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Kenneth N. Hammond,

CIVIL ACTION FILED RECEIVED
Civil Clerk's Office
DEC 15 2004
DEC 15 2004
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff

04-0009465

vs.

CIVIL ACTION No:

Anthony williams et.al.
1350 penn. Ave. N.W. suite #419
Washington, D.C. 20004

ms. Kim M. White
10010 Junction Dr. suite #100-N
Annapolis Junction, Md. 20701

ms. Joann Shannon
D.C. Records Center p.o. Box 90044
Petersburg, VA. 23804

Greg Jackson, Gen. Counsel
1923 Vermont Ave. N.W.
Washington, D.C. 20001

mr. Edgar Haynes
Defendants/1801 D, St. S.E.
Wash. D.C. 20003

mr. Augustus Faller
D.C. Records Center, P.O. Box #90044
Petersburg, Va. 23804

ms. Brenda Scott
1801 D St. S.E.
Wash, D.C. 20003

Michael B. Cooksey
320 First St. N.W.
Wash, D.C. 20534

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

) for the violation of the eighth amend. of cruel and unusual punishment by way of unlawful incarceration for the violation of the fifth & fourteenth amend. of due process & equal protection of state law, where the district of Columbia transferred the plaintiff to a out of state contract facilities without correcting and awarding him the Extra good Time/meritorious credits that was to be awarded towards his sentence, and for "willfully refusing" to correct & credit my sentence as according to District & Federal laws, without any kind of hearing being held to inform me why my credits were being withheld in violation of D.C. Code § 24-428-thru-24-432 & 18 U.S.C. §§ 4161-thru-4163, and for holding me beyond my mandatory release date by more than Nine months.

9-9-04

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 61,712.00 with interest and costs, for the releasement from unlawful incarceration.
301-439-4054 mother's Home number
202-678-1077 - Hallway Hall number
Phone:

DISTRICT OF COLUMBIA, ss

Kenneth N. Hammond, plaintiff pro-se , being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all

Kenneth N. Hammond       pro-se
(Plaintiff                    Agent)

05 0214
The District of Columbia; ss
Subscribed and sworn to before me this                    14ᵗ day of                    20 04
this ___ day of ___ 200_

(Notary Public/Deputy Clerk)

Notary Public, DC
Commission Expires 10/14/2006

FORM CV-1012r Nov. 00

FILED
JAN 2 8 2005

Attachment 22

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## SPECIAL PROCEEDINGS SECTION

KENNETH N. HAMMOND,  :  **Case No. 07-CNC-567**
  Petitioner    :  **Judge Robert S. Tignor**
          :
  v.        :
          :
D.C. RECORDS CENTER, et. al.,  :
  Respondents    :

### UNITED STATES' MOTION TO DISMISS PETITIONER'S
### PETITION FOR A WRIT OF HABEAS CORPUS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully file its motion to dismiss the petitioner's pro se petition for a writ of habeas corpus. In support of his petition, the petitioner claims that he should be released because some of the good time credits that he earned while in custody were illegally forfeited by the Federal Bureau of Prisons ("BOP") and because his federal institution security classification has been improperly based on a charge of escape. However, given that the petitioner was released to parole supervision on July 12, 2005 and is not currently in BOP's custody, his petition for a writ of habeas corpus should be dismissed as moot, because BOP's allegedly illegal actions are no longer affecting the petitioner's status.

### PROCEDURAL HISTORY

The petitioner, Kenneth N. Hammond, was originally sentenced on July 13, 1992 in F4008-91 to three to nine years' imprisonment for committing the offense of robbery; sentenced on July 17, 1992 in F11642-91 to two to six years' imprisonment, to run consecutively, for committing the offense of second degree burglary; and sentenced on July 17, 1992 in F13413-91 to 180 days, to run consecutively, for violating the Bail Reform Act. See Exhibit A (Judgment

-1-

and Commitment Order in F4008-91), Exhibit B (Judgment and Commitment Order in F11642-91) and Exhibit C (Judgment and Commitment Order in F13413-91). On April 30, 1996, the petitioner was paroled and was to remain under parole supervision until September 11, 2007, his full-term sentence date. See Exhibit D (Certificate of Parole). On October 16, 1997, the D.C. Board of Parole ("the Board") issued a parole violator warrant, which was executed on January 7, 1998. See Exhibit E (Warrant) and Exhibit F (Public Information Inmate Data). On February 25, 1998, the Board revoked the petitioner's parole for criminal and non-criminal violations. See Exhibit G (Notice of Board Order).

On March 28, 2001, the petitioner was designated to the Greensville Correctional Center in Greensville, Virginia, under a contract between that facility and BOP that allowed for temporary placement of D.C. felons in that facility. See Exhibit H (Security/Designation Data). On April 5, 2001, the petitioner arrived at the Greensville facility and custody transferred from the D.C. Department of Corrections to BOP. See Exhibit I at ¶ 8 (Declaration of Augustus Faller).

On September 4, 2002, the petitioner was transferred to the federal penitentiary in Terre Haute, Indiana. Id. at ¶ 9. On November 8, 2002, a recommendation that the petitioner receive Meritorious Good Time credit ("MGT") against his sentence from June 25, 2001, through September 3, 2002, was submitted. This request was granted. Id. at ¶ 10. Another request that the petitioner continue to receive MGT credit was submitted on November 22, 2002, which was approved. Id. at ¶ 11. On September 15, 2003 and November 26, 2003, additional recommendations were made for the petitioner to receive Extra Good Time credits ("EGT"). Id. at ¶ 12, 13. These requests were approved. Id.; see Exhibit J (Sentence Monitoring Extra Good

Time Status).[1] On July 12, 2005, the petitioner was re-paroled and was to remain under parole

supervision until May 19, 2009, his re-calculated full-term sentence date. See Exhibit L

(Certificate of Mandatory Parole or Mandatory Release).

On January 29, 2007, the U.S. Parole Commission ("the Commission") issued a parole

violator warrant for the petitioner for violating the conditions of his parole by use of dangerous

and habit forming drugs and failure to submit to drug testing. See Exhibit M (Warrant

Application) and Exhibit N (Warrant).[2] The parole violator warrant was executed on February 21,

2007. See Exhibit N at p. 2. The petitioner was given his probable cause hearing on February 23,

2007, at which time the Commission's hearing examiner found probable cause that the petitioner

had violated the conditions of his parole. See Exhibit O (D.C. Probable Cause Hearing Digest).

On April 6, 2007, the Commission offered the petitioner an expedited revocation proposal in

which, in return for the petitioner accepting responsibility for violating his parole, the

Commission agreed to revoke his parole, forfeit the time he had spent on parole, and establish a

presumptive parole date of March 20, 2008, after the service of 13 months. See Exhibit P

(Expedited Revocation Proposal). The petitioner accepted the expedited revocation proposal on

April 23, 2007. See Exhibit Q (Response to Expedited Revocation Proposal). In accordance with

-------------------

[1]Statutory "institutional good time credit" is different from "extra good time credit."
Institutional good time credit is awarded to qualifying D.C. Code offenders as a result of the D.C.
Good Time Credit Act, while "extra good time credits" may be awarded to inmates in federal
custody pursuant to 28 C.F.R. § 523.1(b). The petitioner earned both types of credit. See Exhibit
K (Sentence Monitoring Good Time Data dated 7/12/05).

[2]On August 5, 2000, the U.S. Parole Commission assumed responsibility for parole
revocation decisions formerly made by the D.C. Board of Parole. See The National Capital
Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33,
§ 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

the expedited revocation agreement, the Commission revoked the petitioner's parole on August 14, 2007. <u>See</u> Exhibit R (Notice of Action). The petitioner is currently at the D.C. Correctional Treatment Facility awaiting his federal designation.

The petitioner filed the instant petition on July 19, 2007.[3]

## ARGUMENT

In his habeas petition, the petitioner argues that he should be released from custody because BOP illegally forfeited 150 days of good time credit that he earned prior to July 12, 2005, thereby changing his parole release date from February 2, 2005 to July 12, 2005, and for improperly basing his institutional security classification on a charge of escape for which he had not been arrested or convicted.[4] Given that the petitioner was released to parole supervision on July 12, 2005 and is no longer in BOP custody, the petitioner's petition for a writ of habeas corpus should be dismissed as moot.

It is well settled law that good time credits, such as those governed by the D.C. Good Time Credit Act of 1986, D.C. Code § 24-201.29 (formerly § 24-428), do not reduce the full term date of the sentence.[5] Rather, they only set the mandatory release date if the prisoner has

---

[3]The Court has subject-matter and personal jurisdiction because the petitioner was confined at the District of Columbia Correctional Treatment Facility at the time he filed his petition and he challenges the lawfulness of his custody. However, he named the wrong respondent; the proper respondent is Warden John Caulfield of the Correctional Treatment Facility. <u>See</u> D.C. Code § 16-1901(a).

[4]The petitioner erroneously refers to the forfeited credit as "extra good time credit" but the credit that was forfeited was actually "statutory institutional good time credit", not his 193 days of "extra good time credit". <u>See</u> Exhibit K.

[5]The Good Time Credit Act was repealed on August 20, 1994 but is applicable to sentences imposed before that date, such as the petitioner's sentences.

not been previously paroled. Good time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-201.29 (formerly § 24-428(b)). Thus, these good time credits essentially affect either when a prisoner becomes eligible for release on parole or when he must be released on parole.

As the records indicate, the petitioner was earning statutory good time credit but, on January 12, 2005 and on January 20, 2005, the Bureau of Prisons forfeited 150 days of statutory good time credits for institutional disciplinary infractions.[6] This forfeiture of statutory good time credits changed the petitioner's release date from February 9, 2005 to July 12, 2005. The petitioner was in fact released on parole on July 12, 2005. Because the forfeiture of good time credits only affects the release date, the petitioner's release on parole on July 12, 2005 makes any forfeiture of good time credit earned prior to that date moot.[7] Likewise, the petitioner's claim that

---

[6]The petitioner's claim that D.C. Code § 24-432 requires a hearing in front of the sentencing judge before good time credits can be forfeited is without merit. Section 24-432 allowed the Director of the Department of Corrections to forfeit good time credit after a hearing in accordance with the rules; it did not require a hearing before the sentencing judge. It is the United States' understanding that BOP, which now administers the D.C. Good Time Credit Act for qualifying D.C. Code offenders, forfeited 150 days of the petitioner's institutional statutory good time credit, following a disciplinary hearing for institutional disciplinary violations.

[7]Even if the prior forfeiture of 150 days of good time credit was in error, the petitioner's parole has subsequently been revoked, and accordingly, all of his prior good time credits are now revoked. When parole is revoked, the prisoner serves the balance of the original sentence less any good time credit "which may be earned by him after his return to custody." See D.C. Code § 24-406(a) (emphasis added). The Good Time Credit Act, now codified at D.C. Code § 24-201.29 (formerly § 24-428), provided that, upon a prisoner's initial incarceration, good time credits shall be calculated "solely on the basis of the maximum term of imprisonment." However, where, as here, an order of parole has been revoked, § 24-201.29 yielded to D.C. Code § 24-406, which governs the computation of good time credits on the sentence remaining after the revocation of

his BOP security classification has been erroneously affected by an escape charge has also

become moot upon his release from BOP's custody.[8]

Under Article III of the U.S. Constitution, a federal court only has the power to resolve

"Cases" or "Controversies" between litigants. Isenbarger v. Farmer, 463 F. Supp.2d 13, 19

(D.D.C. 2006). As the Court recounted in Isenbarger:

> A case is considered moot either "when the issues presented are no longer 'live'
> or the parties lack a legally cognizable interest in the outcome." Powell v.
> McCormack, 395 U.S. 486, 496, 89 S.Ct.1944, 23 L.Ed.2d 491 (1969); see also
> Pharmachemie B.V. v. Barr Labs., 276 F.3d 627, 631 (D.C. Cir. 2002) (a case is
> moot if events have so transpired that the decision will neither presently affect the
> parties' rights nor have a more-than-speculative chance of affecting them in the
> future"). As the Supreme Court has put it "mootness deprives us of the power to
> act; there is nothing for us to remedy, even if we were disposed to do so." Spencer
> v Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Id. at p. 22. Counsel have a duty to advise the Court "without delay" of facts that raise the

possibility that a case has become moot. Arizonans for Official English v. Arizona, 520 U.S. 43,

68, n.23 (1997). The petitioner's release on July 12, 2005, constitutes a fact that causes the

---

parole. Section 24-406 dictates that a prisoner whose parole has been revoked must (unless
subsequently re-paroled): "serve the reminder of the sentence imposed less any commutation for
good conduct which may be earned after his return to custody."(emphasis added). The plain
language of the statute, therefore, requires that the good time credits for the petitioner's original
sentence be calculated on the basis of the sentence remaining after the revocation of his parole,
reduced only by institutional good time credit earned after his return to custody. See Teachey v.
Carver, 736 A.2d 998, 1006 n.12 (D.C. 1999) (noting that where defendant had violated parole,
he had "no valid claim for restoration of good time credits"). Accordingly, all of the petitioner's
good time credits previously earned prior to his last release on parole on July 12, 2005 are
properly forfeited upon his latest parole revocation.

[8]It is the United States' understanding that, on January 13, 2005, the petitioner was found
guilty of escape after a disciplinary hearing was conducted by BOP in accordance with its
regulations.

present controversy before the Court to be moot.

The petitioner's petition seeks his release based on alleged improprieties concerning the forfeiture of good time credits in January, 2005 and a purported erroneous security classification by BOP. However, given the petitioner's release on parole on July 12, 2005 and the fact that the petitioner is not currently in BOP's custody, any order directed to the respondent concerning the petitioner will have no effect on his present status. Because the petitioner's ultimate objective in bringing his habeas action was to obtain his release on February 2, 2005 instead of on July 12, 2005, the release of the petitioner on July 12, 2005 has made the relief sought by the petitioner moot. See, e.g., Qassim v. Bush, 466 F.3d 1073, 1076 (D.C. Cir. 2006) (release of petitioners mooted habeas claim challenging detention at Guantanamo Bay Naval facility); Abdussamadi v. Harris, 2003 WL 880993, *1 (D.C. Cir. 2003) (writ of mandamus challenging Commission's parole eligibility date moot when petitioner was released on parole); In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief is moot as a result of [petitioner's] release from prison"); Hardesty v. Draper, 687 A.2d 1386, 1371 (D.C. 1997) (habeas action challenging confinement in mental institution held moot because petitioner had been released from institution); Alonso-Martinez v. Meissner, 697 F.2d 1160, 1165-66 (D.C. Cir. 1983) (petitioner's release from INS detention to parole made his habeas petition moot); Banks v. Ferrell, 411 A.2d 54, 56 (D.C. 1979) (prisoner's suit regarding D.C. Board of Parole procedures held moot by his transfer to the Bureau of Prisons and the subsequent parole grant from the U.S. Parole Commission); Morton v. U.S. Parole Comm'n., 2006 WL 314559 at *2 (D.D.C. Feb. 9, 2006) (petitioner's challenge to extended presumptive parole date moot because of petitioner's parole); Kimberlin V. U.S. Parole Comm'n., 2004 WL 885215 at *1 (D.D.C. April 22, 2004)

-7-

(habeas petition challenging Commission's decision to revoke parole and delay reparole moot because petitioner had been reparoled).

Accordingly, because the petitioner was released to parole supervision on July 12, 2005 and because the petitioner is not currently in BOP custody, the United States respectfully requests that his petition for a writ of habeas corpus be dismissed as moot.[9]

A proposed Order is attached.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____

ROBERT D. OKUN

Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____

SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

_____

[9] If this Court determines that the petitioner's habeas petition has not become moot based on the petitioner's release from BOP custody on July 12, 2005, the government requests an opportunity to address the merits of petitioner's claims within 45 days of the Court's decision.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Motion To Dismiss has been served by mail upon the petitioner, Kenneth N. Hammond, DCDC #?          ).C. Correctional Treatment Facility, 1901 E. Street, S.E., Washington, D.C. 20003, this 6th day of September, 2007.

_____
Sherri L. Berthrong
Assistant United States Attorney

Attachment 23

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SPECIAL PROCEEDING SECTION

KENNETH N. HAMMOND,
    Petitioner

2007 SEP 21 P 5: 34

        Case No. 07-CNC-567
        Judge Robert S. Tignor

    v.

D.C. RECORDS CENTER, et al.,
    Respondents

FILED AND DOCKETED

SEP 17 2007

THE OFFICE OF
JUDGE-IN-CHAMBERS

ORDER

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the United

States' Motion to Dismiss Petitioner's Petition For a Writ of Habeas Corpus and for the reasons

stated in the United States' Motion to Dismiss, it is hereby

    ORDERED that the United States' Motion To Dismiss is GRANTED; Petitioner's

Petition For A Writ Of Habeas Corpus is DISMISSED as moot.

    SO ORDERED this _14__ day of ___Sept___, 2007.

Robert S. Tignor
Superior Court Judge

Copies:

Kenneth N. Hammond
DCDC #
D.C. Correctional Treatment Facility
1901 E Street, N.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530