UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAY - 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH N. HAMMOND
Plaintiff,

v.

D.C. RECORD CENTER,
FEDERAL BUREAU OF PRISONS, et, al.,
Defendants.

Civil Action No. 08-0326 (RMU)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO DISMISS IN OR THE ALTERNATIVE FOR SUMMARY JUDGEMENT

The Plaintiff moves pro-se before this Court with his Opposition to the Defendants

Motion to Dismiss or for Summary Judgement.

The Plaintiff states before this Court that the Defendant's Attorney wrongfully stated

before this Court that this Court did not have jurisdiction to hear the Plaintiff's action

before this Court, but under **28 U.S. C. § 1331 Federal question** ,states that the

district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States.

Therefore the Plaintiff asserts that this court have jurisdiction as according to 28 U.S. C.

§ 1331(a) over this subject matter where the actions of the defendants violated the

Plaintiff's Constitutional Rights.

Although there's no statute like §1983 providing for suits against federal officials who

violate a person's constitutional or federal law rights, because federal officials generally

act under color of federal, not state law and therefore may not be sued under §1983.

However the courts have held that a §1983 complaint erroneously filed against federal officials should be construed as a federal question action, **Brown v. Smith, 828 F.2d 1493,1494 (10th cir.1987)**.

For the courts may hear civil rights claims, and other claims based on federal law, against federal officials and employees as part of their "federal question" jurisdiction **Carlson v. Green, 446 U.S.14, 100 S.Ct. 1468 (1980); Davis v. Passman, 442 U.S. 228,99 S.Ct. 2264 (1979).**

This jurisdiction extends generally to actions of federal agencies unless Congress exempts a particular agency or activity from judicial review. **Webster v. Doe, 486 U.S. 592,599, 108 S.Ct. 2047 (1988)**

Also under **28 U. S. C. §§ 1346(b), 2671-80** waived the government's sovereign immunity in tort cases,  liability under the **FTCA** permits suit in federal court for damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee…while acting within the scope of his office or employment under the circumstances where the United States,  if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C.§ 1346(b)

Therefore the government can be sued under the FTCA see- **Mars v. Hanberry,** 745 F.2d 254, 255 (6th cir.1985)The plaintiff asserts because the defendants in this case Ms.

Ebony Hill & Ms. D. Livingston are employee's of the Federal Bureau of Prison, and were working within the scope of their employment, that this suit maybe converted into an FTCA suit against the United States. **28 U.S.C. § 2679(h)(d)**

## Abbreviations

(FBOP) - Federal Bureau of Prisons

(CCC) - Community Correctional Center

(CDC) - Center Disciplinary Committee

(DHO) - Disciplinary Hearing Officer

(DCMR) - District or Columbia Municipal Regulations

**NOTE:**

 The hearing by the (CDC) is not the same hearing as the (DHO) hearing, for the (CDC) only can make sanction recommendations they are not authorize nor have the authority to pass down any forfeiture sanction, for only the (DHO) has the authority to carryout this function" and this authority is only authorize after a full disciplinary hearing has been conducted by the (DHO) hearing officer, as according to ***Wolff v. McDonnell*, 418 U.S. 539, etc. 18 USC §§ 4161-4164; 28 C.F.R.§541.13(a)(1).**

For the plaintiff is a District of Columbia Code Offender being held at a District of Columbia Halfway House and therefore was to be held under the District of Columbia Department of Corrections D.C. Official Code Section 23-1321(c) (1) (b) (xi) (2001) Title 28DCMR chap.7 entitled **"Community Correctional Center Disciplinary Procedures"**.

3

For under the DCMR 23-1321(c) (1) (b) (xi) (2001) there's no sanction which allows forfeiture of Statutory Good Time Credits for (CCC) violations.

For as according to *Wolff v. McDonnell*, **418 U.S. 539**, before a prisoner's statutory good time can be forfeited and only after the prisoner has been given proper notice and a full disciplinary hearing can his statutory good time be forfeited.

For this plaintiff's complaint is not about him receiving proper notice of the charges brought against him, but is about him not receiving a (DHO) hearing and where 150 days were unlawfully forfeited from his sentence and where he was held unlawfully imprisoned for 150 days without any kind of (DHO) hearing; although Ms. D. Livingston the alleged (DHO) hearing officer who allegedly held a hearing without the plaintiff being present found him guilty of the charges that were brought against him.

For the plaintiff was not allowed to be present at the (DHO) hearing nor was the plaintiff allowed to submit any document s in his defense nor was he allowed to call forth any of his witnesses because they were staff members of the (CCC) for five of these witnesses would have testified that they were present when one of their own co-worker took a Hall's cough drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

4

The plaintiff was not allowed to have a witness written statement by the Metro Station worker submitted, which stated that he had to awake the plaintiff up because the plaintiff was sleep on the train, but Ms. Ebony Hill a staff member of the (CCC) and also the person who sat on the (CDC) hearing as a chairperson and refused to submit the witness statement, which would have proved that the plaintiff was telling the truth.

Also the report from one of the staff members that also cleared the plaintiff was not allowed by Ms. Hill. For the report that was written by Ms. Moore, which stated that she had called the plaintiff's place of employment and was informed that the plaintiff was at work on the day in question from 10am to 8pm.

Therefore the plaintiff could not have been found guilty of the charge of escape, because the plaintiff was to have been given two hours travel time, from the time the plaintiff left his place of employment, which would have meet that the plaintiff was not do back at the (CCC) until 10pm and not at 9pm, therefore the plaintiff was place on escape one hour prior to the time that such report was to be done

For the (CCC) policy states that a prisoner has a two-hour grace period to return to the Facility. In this case the plaintiff was given only one hour which violates their own policy and was then unlawfully placed on escape. However, after they placed the plaintiff on escape they allowed him sign in on that same day, meaning that the plaintiff was received back into the (CCC) upon his return as required.

For the plaintiff was informed that no DHO package was being sent to him, the plaintiff then filed under his Administrative remedy Appeal seeking for the alleged charges to be removed from his files and that they restore the days from which they unlawfully forfeited.

For as according to **Wolff v. McDonnell, 418 U.S. 539** before a prisoner's Statutory Good Time can be forfeited is only after the prisoner was given or received a full disciplinary hearing.

For the plaintiff was not allowed to be present at the DHO hearing, nor was the plaintiff allowed to submit any documents in his defense for he was not allowed to call forth his witnesses because they were staff members of the (CCC).

For five of these witnesses would have testified that they were present when one of their own co-worker Ms. Everrett, had taken a Hall's Cough Drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

The plaintiff was not allowed to submit one of the staff members report in his behalf, which stated that she had called the plaintiff's place of employment and was informed that plaintiff was at work from 10am to 8pm on the day that the plaintiff was charged with the incident of escape when he fell asleep on the train on his way back to the (CCC) Facility.

He was also not allowed to have his witness testify which was a Metro Station Worker who called to tell them that he had awaken the plaintiff on the train.

Also this witness gave a written statement to be submitted, but the staff member Ms. Ebony Hill refused to submit those written statements, which also violated the plaintiff right of due process, his right to submit evidence in his own behalf.

**NOTE:**

This is why no criminal charges for an escape was ever filed against the plaintiff. Three days after this alleged escape the plaintiff was allowed to return to work, for it was not until two weeks after the day of the alleged escape, that the plaintiff was removed from the (CCC) program unlawfully and sent over to the D.C. Jail without a DHO finding.

For there was no finding until two days after the plaintiff was removed from the program, and this was done without a DHO hearing; for the plaintiff was removed from the program on 1/26/05 and the alleged DHO officer made her finding on 1/28/05.

While the plaintiff was being held at the D.C. Jail the alleged DHO officer Ms. D. Livingston, allegedly held a Disciplinary Hearing without the plaintiff being present at this hearing, which is a violation of plaintiff's fifth constitutional right and allegedly found the plaintiff guilty as charged, on January 28,2005 two days after the plaintiff was sent over to the jail.

7

Thereby the plaintiff was unlawfully removed from the (CCC) program two days before he was found guilty and two days before the alleged DHO hearing was conducted.

For One Hundred and Fifty days were unlawfully removed from the plaintiff's sentence without the plaintiff receiving or being present at a DHO Hearing in violation of the plaintiff's Fifth Constitutional Right.

The plaintiff was also held in transit and not allowed to appeal the alleged DHO Hearing officer's decision for a total of 142 days, for the plaintiff did not receive the DHO package until 6/28/05, "the date that the DHO's package was faxed to the plaintiff." This refusal by the (FBOP) to send or give plaintiff the DHO package so that he could appeal the DHO hearing officer's decision in a timely manner and within the timeframe to appeal is a clear violation of the plaintiff's first constitutional rights, the right to appeal an arbitrary decision.

For the plaintiff was informed that no DHO package was being sent to him, the plaintiff then filed under his administrative remedy appeal seeking for the alleged charges to be removed from his files and that they restore the days from which they unlawfully forfeited.

For as according to _Wolff v. McDonnell_, 418 U.S. 539 before a prisoner's statutory good time can be forfeited is only after the prisoner was given or received a full disciplinary hearing.

8

For the plaintiff was denied the right to be present at the DHO hearing, for he was not allowed to submit any documents in his defense or call forth his witness's because they were staff members of the CCC.

 For five of these witness would have testified that they were present when one of their own co-workers Ms. Everett took a Hall's cough drop and also tested positive on the breathalyzer test, which was one of the charges against the plaintiff.

The plaintiff was not allowed to have a staff members report submitted, which stated that she had called the plaintiff's place of employment and was informed that the plaintiff was at work form 10am to 8pm on the day that the plaintiff was charged with the incident of escape.

 He was also denied the right to have his witness testify in his behalf, which was a Metro Station worker who called the facility on the day in question.

 To verify that he was the person who called to tell them that he had awaken the plaintiff on the train,  also this witness gave a written statement to be submitted, but staff member Ms. Ebony Hill refused to submit those written statements, which also violated the plaintiff right of due process, the right to have evidence submitted in his defense.

This denial by the staff member Ms. Ebony Hill to allow the plaintiff to have his evidence submitted denied him his right to properly prepare any defense in violation of *Morrissey v. Brewer*, supra. 408 U.S. at 489.

The plaintiff asserts that he had a right to be heard and to present witness's or witness's statements, for the fundamental guaranty of due process is the opportunity to be heard, prior to the imposition of a disciplinary sanction, and that this right was violated when (FBOP) refused to conduct a DHO hearing with the plaintiff present.

The law provides that the (CCC) Committee is to be made up of three (3) members and that each member can not be apart of staff involved with the inmate's case, *Wolff v. McDonnell*, 418 U.S. 539,571 (1974).

For in this case this was not done where the inmate case manager Ms. Ebony Hill was the investigator and hearing committee officer and a witness in one of the disciplinary reports.

For she was the only person that sat on the inmate's discipline committee as the chairman, for there were no other members on the inmate's committee, also because credit days were taken, the inmate's case was to go before a Disciplinary Hearing Officer which did not happen in this case.

Therefore because no full hearing as according to the due process of the fifth amend was ever conducted, the forfeiture of 150 statutory credit days was done in violation of the plaintiff constitutional rights.

For if this court looks closely at this case it will find the (CCC) committee was made up of only the case manager Mrs. Ebony hill, and the plaintiff asserts that this presented such a hazard of arbitrary decision making that it can be seen to have violated the due process of law.

For Ms. Ebony Hill was already personally upset with plaintiff because he had went to her supervisor the Administrator, Mr.Wilburn of the (CCC) to uptain a waver so that the plaintiff did not have to pay halfway house subsistence.

Also because Ms. Ebony Hill was one of the witnesses to the #222 disciplinary report and because she also participated in the investigation, it was a violation of the plaintiff's rights for her to sit on the Disciplinary Committee as the Chairman in fact she was the only person (Member) of the Committee.

The plaintiff was denied the right to Appeal the alleged Disciplinary Hearing Officer's decision because there was no DHO hearing conducted and the plaintiff did not receive the disciplinary package until 6-28-05 some 142 days after the DHO alleged finding.

When the policy under 28 C.F.R.§ 541.17(g) makes very clear that the plaintiff was to be given the said report within 10 working days so that the inmate could Appeal.

In this case the plaintiff did not receive said report until some 142 days after the alleged DHO's decision, which violates the plaintiff's First Constitutional Right to Appeal in a timely manner.

The plaintiff not only asserts but the records herein reflect that not only did the defendants violate the plaintiff's Constitutional Rights but also violated their own Federal Policies under the 28 C.F.R.§§ 541.15 - 541.17.

For under 541.15(C ) states:

The inmate is entitled to be present at the initial hearing except during the deliberations of the decision makers or when institutional security would be jeopardized by the inmates presence.

For in this case the defendants can not show how it would have jeopardize the institutional security to have the plaintiff present at his disciplinary hearing, for the courts has unanimously viewed as necessary safeguard in prison disciplinary proceeding, it has also held that an individual's interest in an adequate hearing cannot be sacrificed to the State's interests in saving time and money; procedural due process is not intended to promote efficiency or accommodate all possible interest; it is intended to protect the particular interest of the person whose possessions {or liberties} are about to be taken.

Fuentes v. Shevin, supra, 407 U.S. at 90 n.22; accord, Goldberg v. Kelly, supra, 397 U.S. at 265-266.

The plaintiff asserts that because the defendants cannot justify why the plaintiff was not allowed to be present at his disciplinary hearing and because the DHO failed to make any written statements upon what evidence she relied upon to make her finding of guilt, that she willfully and knowingly denied the plaintiff of his procedure due process in violation of his fifth constitutional and in violation of 28 C.F.R. § 541.17(d) which states: the DHO "must" document in the records the reason(s) for excluding an inmate from the hearing.

Also the DHO Ms. D. Livingston is in violation of 28 C.F.R.§ 541.17 (g) which states: The DHO "shall" prepare a record of the proceeding which need not be verbatim.

This record must be sufficient to document the advisement of the inmates rights, the DHO's finding, the DHO's decision and specific evidence relied on by the DHO and must include a brief statement of the reason(s) for the sanctions imposed. The evidence relied upon, the decision and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security, the DHO shall give the inmate a written copy of the decisions and disposition, ordinarlly within 10 days of the DHO's decision.

For the plaintiff asserts that if this Court looks into the records it would find that there are

no written reports from the DHO explaining what specific evidence the DHO relied upon,

in fact this court won't even find a summary of a report from the DHO explaining how

she drew to the conclusion of her decision and disposition in passing down the sanctions

that she ordered upon the plaintiff.


For the only thing the DHO did was write at the bottom of the Committee

Recommendation Page the sanctions that was imposed by her.


The plaintiff asserts and this Court's sister circuits have found that a prisoner has a right

to be heard and to present witnesses and that the fundamental guaranty of due process is

the opportunity to be heard prior to the imposition of disciplinary sanctions, an accused

inmate must have an opportunity to show, if he can that he did not violate the rule as

charged or to explain that, although guilty of the charged infraction, there are mitigating

circumstances Sostre v. McGinnis, supra,442 F.2d at 198-199,203; Morrissey v. Brewer,

supra,408 U.S. at 489.


The plaintiff also has a right to present witnesses and documentary evidence to support

his contentions. Morrissey v. Brewer, supra, at 489 the procedural rules utilized at the

hearing should be flexible, so that it is possible to consider letters, affidavits and other

material that would not be admissible in an adversary criminal trial.

The ability to produce evidence other then his own testimony is necessary to assure that he will be heard "in a meaningful manner". Armstrong v. Manzo, 380 U.S. 545,552,85 S.Ct.1187, 14 L.Ed.2d 62(1965)

The right to confrontation and cross examination,  confrontation and cross examination of witnesses at a hearing help guarantee that the fact finding process is as complete and reliable as possible, accordingly in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross examine adverse witnesses. Goldberg v. Kelly, supra, 397 U.S. at 269.

Prison disciplinary hearings, no less than parole revocation proceedings Morrissey v. Brewer, supra, at 489,  involve factual determinations and thus must provide an opportunity for an accused inmate to demonstrate that the evidence against him is based on misperceptions or on faulty memories or that it is motivated by malice or prejudice. McDonnell v. Wolff, supra, at 1062-1063; Palmigiano v. Baxter, supra,487 F.2d at 1290; cf. Greene v. McElroy, 360 U.S. 474,496-497, 97 S.Ct. 1400, 3 L.Ed.2d 1377.

The plaintiff asserts and the records will show that Ms. Ebony Hill was the investigating officer, a witness to one of the infractions, and the sole Committee Chairmen that made the recommendations in this plaintiff's committee disciplinary hearing sanctions and it is for this reason,  the plaintiff states that he was denied a neutral and detached hearing body.

For the basic to an accused prisoner's constitutional guarantee of an accurate and fair fact finding determination prior to the imposition of sanctions is the right to be heard by an impartial disciplinary committee. <u>Morrissey v. Brewer</u>, supra, at 489 <u>Goldberg v. Kelly</u>, supra, at 271.

Ms. Ebony Hill forgot, failed or out-rightly refused to submit the plaintiff's written statement of the facts and events which would have supported the plaintiff's imposition of his innocence refused to submit the report of herself witnessing that her co-worker Ms. Everrett testing herself with the breathalyzer and tested positive after taking a Hall's Cough Drop,  for Ms.E. Hill knowing all of these facts nevertheless submitted a recommendation report requesting the forfeiture of 150 days from the plaintiff's sentence, because  Ms. E.Hill had personal knowledge of the material facts and was the investigator in the plaintiff's disciplinary reports as well as a witness in one of the infraction, she also sat on the disciplinary committee as the chairman (for the committee was made up of only one member- the chairman)  therefore the plaintiff was denied a neutral and detached hearing body in violation of his fourteenth constitutional right of due process clause and this violated the plaintiff's right to have a neutral and detached hearing body.

The plaintiff asserts that he has a constitutional right to have a decision based on the evidence presented, for information not presented at a hearing leaves the prisoner without any means of rebutting or seeking to mitigate the evidence against him. <u>United States v.</u> <u>Abilene & S.Ry</u>, 265 U.S. 274, 289, 44 S.Ct. 565, 68 L.Ed 1016.

For the right to confront and cross examine adverse witnesses to be meaningful, the disciplinary committee must be required to makes its fact finding determinations based solely upon the evidence presented at the hearing . Goldberg v. Kelly, supra, at 271.

For the plaintiff asserts that in this case where the plaintiff was disallowed to present evidence of his witnesses and the right to submit a report which would have change the whole out come of the disciplinary proceedings, for the plaintiff was not allowed to be present at this disciplinary hearing, denied the right of confrontation to cross examine any witnesses against him or to submit any evidence.

For as this Court and its sister circuits have already indicated, utilization of these procedural safeguards is necessary for any prison disciplinary proceeding to be consistent with the requirements of the due process clause of the fourteenth amendment, regardless of the sanction that is imposed.

Nothing this Court or its sister circuit have said concerning the minimum necessary procedural protections should be construed as limiting the safeguards which prison officials may provide, of course, to the extent that additional safeguards are utilized, they must be made available to all inmates subject to the same class of disciplinary sanction unless there is a rational basis for differentiating between the inmates, failure to provide such even handed treatment, as the District Court recognized violates the equal protection clause of the fourteenth amendment.

17

The plaintiff asserts that, because these procedures challenged in this case do not meet these minimums they are unconstitutional.

The plaintiff asserts that because the (CCC) & (CDC) has a unwritten policy that surpasses the plaintiff's rights to be present at his DHO hearing and were he is denied the rights to present any evidence, witnesses (or) documents in his behalf and were the defendant Ms. E. Hill willfully refused to submit the documents that were given to her into the records, this willful refusal was an illegal act.

For the defendant Ms. D. Livingston, to willfully and knowingly conduct a DHO hearing without the plaintiff being present is a clear violation of the Code of Federal Regulations and plaintiff's Constitutional Rights and can be seen as a clear unlawful and illegal action.

Because the defendants (agents for FBOP) Ms. E. Hill & Ms. D. Livingston both was working for the (FBOP) and because it can be seen that the FBOP is a Corporation and not the United States and because the actions of the agents Ms. Hill & Ms. Livingston were acts that were illegal, sovereign immunity is inapplicable.

Corporations have no constitutional immunity from illegal or unlawful actions, and a statute that attempts, by imposing conditions upon a general privilege to exact a waiver of a constitutional right is null & void. Harrisson v. St. Louis & San Francisco R.R.Co., 232 U.S. 318; Terral v. Burke Construction Co., 257 U.S.529.

Doctrine of Sovereign immunity is inapplicable to bar action attacking an illegal act by

the defendants, were acts by government officials are ultra vires prevents invocation of

doctrine. Tax Analysts & Advocates v. Shultz, 376 F.Supp.889 (D.C.Cir.1974)


Ex Parte Young,209 U.S. 123, 52 L.Ed 714, 28 S.Ct. 441 The ultra vires doctrine

removes a claim from the ambit of the eleventh amendment, permitting a suit versus a

State Official, if the Official is acting without the Color of State Authority, beyond the

scope of his or her responsibilities, some cases intimate that the eleventh amendment

does not apply.


Ultra Vires doctrine encompasses only corpora( actions that are expressly prohibited by

statute or by law. Columbia Hosp. For Women  ound.,Inc. v. Bank of Tokyo-Mitsubishi,

15 F.Supp.2d.1 (D.C.1997) aff'd 1998 U.S. Ap₁'. Lexis 7871 (D.C.Cir. Apr.17,1998)


For in this case the 28 C.F.R.'s make very clear that it prohibit the denial of the plaintiff's

rights to produce documents,  call witnesses and be present at the hearing and the law

under the constitution makes very clear that the plaintiff has the rights to be heard and to

present witnesses, the right to confrontation and cross examination, the right to a neutral

& detached hearing body, and the right to have   decision based on all the evidence that

is to be presented.

### Attorney's Wrongful Assertion that Plaintiff is
### Barred by Doctrine of Res Judicata and/or Collateral Estoppel

For the attorney, Ms. Marian L. Borum has made a wrongful statement before this court
when she stated that the case **Hammond v. Ga    aghty, civil action no: 02-671** is the
same case that the plaintiff is now bringing bef  re this court, for the case **Hammond v.
Garraghty** is a case about Meritorious Good 1 me Credits that was still owed to the
plaintiff from the time that he was being held in the District of Columbia Department of
Correction from the year of 1998 to 2002.

For this case that is before this court now is about the wrongful forfeiture of credit days
that were earned by the plaintiff but was unlawfully taken by the (CCC) in 2005 without
any kind of (DHO) hearing for these two cases   ive no bearing to each other and
therefore res judicata and/ or collateral estoppe  does not apply is this case.

Also she states that because the plaintiff filed a  case under a writ in 2007 **Hammond v.
D.C. Record Center, case no: 07-CNC-567** about the wrongful forfeiture of 150 days
and the holding the plaintiff unlawfully in prison beyond his mandatory release date of 2-
9-2005 until 7-12-2005, for although that case was dismissed as moot, it was wrongfully
done.

For the reason that the case was dismissed was   ecause the plaintiff was no longer being
held in prison, for the defendants waited until t   y had release the plaintiff from custody
and then answered the court order stating to th   court that because the plaintiff was no
longer in custody that the case was moot, the court then wrongfully dismissed the case in

violation of **Jones v. Cunningham, 371 U.S. 2  5 (1963)** for they ask that the case be
dismissed because the plaintiff was no longer i  :ustody but according to the Supreme
Court one is still in custody while on parole an  therefore that case should not have been
dismissed.

Because one of these case were about the withholding of credit days by the District of
Columbia Department of Correction in 1998 to 2002 prior to the forfeiture of credit days
that are in question,  and because the other case is about the unlawful holding of the
plaintiff beyond his mandatory release date, an  because nether of these cases were
dismissed with prejudice the plaintiff may file ,. :omplaint against the Constitutional
wrong that was done against him.

### Plaintiff's Sta  ·ment for
### Compensation & Mo etary Damages

For the Plaintiff seeks to be compensated for the loss of work wages and for the
constitutional violations committed by the defendants against the plaintiff.
The plaintiff seeks to be compensated for 150 days of loss work wages at ten dollars a
hour at 8 to 10 hours a day, which he would ha  : incurred if not for the violation of his
rights by the defendants, which total $15.000.0'' dollars for 150 days.
The plaintiff seeks to be awarded $5.000.00 do  ars for each Constitutional violation that
the defendant willfully inflicted upon the plaint ff.
Five Thousand dollars for the violation of the plaintiff's First Constitutional Right, the
Right to Appeal.

Five Thousand dollars for the violation of the plaintiff's Fifth Constitutional Right of due process, the right to be present at the DHO hearing and to be heard before the forfeiture of his Statutory Good Time.

Five Thousand dollars for the violation of the pl intiff's Fourteenth Constitutional Right of procedure due process and equal protection  l'law.

Five Thousand dollars for the violation of the plaintiff's Eighth Constitutional Right to be free from Cruel and Unusual Punishment, were the defendants unlawfully held the plaintiff imprisoned for 150 days beyond his mandatory release date.

Pursuant to Local Rule 7 (m), Plaintiff, *pro se* left message for the Defendant concerning this Motion of Opposition being filed before this Court and the granting of time from which the Defendant may have an appropriate time to response to said Motion,  because the Defendant can address any issues raised within this Motion prior to the Court making any judgements in this case, the defendants would not be prejudice.


### Certificate of Service

 I hereby declare that on this 22nd, day of April, 2008, I caused the forgoing to be served by first class mail, postage prepaid, to Defendants Attorney

Marian L. Borum, D.C. Bar # 435409
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th, Street, N.W.- Room E4810
Washington, D.C. 20530

Kenneth N. Hammond, pro se
9302 Piney Branch, Rd # 202
Silver Spring, Maryland, 20903
301-712-1079 Cell; 301-439-4054 Home