# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH HAMMOND,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0326 (RMU)** |
| ) | |
| **D.C. RECORD CENTER,** ) | |
| **FEDERAL BUREAU OF PRISONS, et al.,** ) | |
| **Defendants.** ) | |

## FEDERAL DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Federal Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully files this reply memorandum in response to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. ("Pltf's Opp.").

Plaintiff brought this action alleging that Defendants violated his Fifth, Eighth and Fourteenth Amendment rights and his rights under 42 U.S.C. § 1983, because they "unlawfully imprisoned [him] by illegally forfeiting credit days from his sentence." Complaint ("Compl."). Plaintiff's action should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1) and (b)(6). In the alternative, Federal Defendant should be granted summary judgment because there is no genuine issue as to any material fact, and Federal Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**ARGUMENT**[1]

**A.  To the Extent Plaintiff Requests Injunctive Relief, His Claim is Moot**

Plaintiff claims that he is "being held at a District of Columbia Halfway House and . . . entitled [to] 'Community Correctional Center Disciplinary Procedures[.]'" Pltf's Opp. at p. 2. However, on March 20, 2008, Plaintiff was released from custody.  See Federal Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Motion"), Exhibit 19.  Article III, Section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies."  McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citing Honig v. Doe, 484 U.S. 305, 317 (1988)).  See Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484 U.S. at 317).  A case or claim no longer involves an actual controversy, or is considered moot, where events have so transpired that the decision will not presently affect the parties' rights or have a more-than-speculative chance of affecting them in the future.  Id.  Inmates' claims for declaratory and injunctive relief regarding prison conditions are moot when they are released from prison.  See Sutton v. Rasheed,

---

[1]Plaintiff was advised that:

when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992); Local Civil Rule 7(h); Fed. R. Civ. P. 56(e).  However, Plaintiff failed to so respond and summary judgment is appropriate.

323 F.3d 236, 248 (3d Cir. 2003); <u>Anyanwutaku v. Moore</u>, 151 F.3d 1053, 1057 (D.C. Cir. 1998); <u>Green v. Branson</u>, 108 F.3d 1296, 1300 (10th Cir. 1997). <u>See Scott v. District of Columbia</u>, 139 F.3d 940, 941 (D.C. Cir. 1998) (Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement); <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C. Cir. 1993) (inmate's claim for an injunction for a low sodium diet at Indiana prison rendered moot when transferred to another institution); <u>Purvis v. Ponte</u>, 929 F.2d 822, 824-25 (1st Cir. 1991) (inmate's complaint against prison officers based on alleged deliberate indifference to need for protection from inmate threats and assaults was moot insofar as it sought equitable relief where inmate no longer resided at prison). Here, because Plaintiff is no longer incarcerated, the question sought to be adjudicated has been rendered moot. No justiciable controversy is presented, and a federal court can grant no effective relief. <u>Aguirre v. S.S. Sohio Intrepid</u>, 801 F.2d 1185 (9th Cir.1986); <u>Canez v. Guerrero</u>, 707 F.2d 443 (9th Cir.1983). Consequently, to the extent that Plaintiff is making a claim for injunctive relief, his claim should be denied as moot.

**B. Plaintiff's Claims Are Barred By Sovereign Immunity**

      1. <u>Official Capacity Claims</u>

Plaintiff argues that the Federal Defendant has "wrongfully stated . . . that this Court does not have jurisdiction [over this] action . . . ." Pltf's Opp. at 1. Plaintiff contends that the Court should hear his claims "as part of [its] 'federal question jurisdiction.'" <u>Id</u>. at 2. However, this Court lacks subject matter over Plaintiff's claims because they are barred by sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." <u>United States v. Mitchell</u>, 463 U.S. 206, 212

(1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  See United States v. Nordic Vill., 503

U.S. 30 (1992).  A waiver of the government's traditional immunity, must be explicit and strictly

construed.  Library of Cong. v. Shaw, 478 U.S. 310, 318 (1986).  Absent clear congressional

consent to entertain a claim against the United States, the District Court lacks authority to grant

relief.  United States v. Testan, 424 U.S. 392, 399 (1976).  See Meyer, 510 U.S. at 475

("Sovereign immunity is jurisdictional in nature.").  Although the United States has waived its

sovereign immunity in certain limited cases, constitutional tort claims are not included in the

waiver and therefore are not actionable.  See Meyer, 510 U.S. at 477-478.  Therefore, to the

extent Plaintiff seeks damages against Federal Defendant, his Complaint does not contain any

colorable basis for a waiver and his claims must be dismissed.  Meyer v. Reno, 911 F. Supp. 11

(D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. Dep't of Justice,

881 F. Supp. 49, 55 (D.D.C. 1995).  See United States v. Mitchell, 445 U.S. 535, 538 (1980)

(explaining that "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally

expressed.' ") (quoting United States v. King, 395 U.S. 1, 4 (1969)).

    Although Plaintiff did not name any individuals as defendants in his Complaint, see

Compl., in his opposition, Plaintiff states that Ebony Hill and D. Livingston are "defendants in

this case."  Pltf's Opp. at p. 3.  He also states that "because the[ir] actions . . . were acts that were

illegal, sovereign immunity is inapplicable"  Id. at 18.  However, in his opposition, Plaintiff

concedes that Ms. Hill and Ms. Livingston "are employee's (sic) of the Federal Bureau of Prison

(sic) . . . working within the scope of their employment . . . ."  Id. at 3.  It is well-settled that suits

against officials in their official capacity are, in effect, suits against the sovereign.  Hutchinson v.

4

U.S., 677 F.2d 1322 (9th Cir. 1982); McKnight v. Civiletti, 497 F.Supp. 657 (E.D. Pa. 1980).  To

the extent that Plaintiff seeks damages against these individual federal defendants in their official

capacities, his claims must be dismissed absent a waiver of sovereign immunity.  See Meyer, 911

F. Supp. at 11; Fed. R. Civ. P. 12(b)(1).

 2. Claims Under to the Federal Tort Claims Act

In his opposition, Plaintiff states that:

> because Ms. Ebony Hill & Ms. D. Livingston are employee's (sic) of the Federal
> Bureau of Prison (sic), and were working within the scope of their employment, . .
> . this suit maybe (sic) converted into an FTCA suit against the United States.

Pltf's Opp. at p. 3.  However, Plaintiff failed to assert a claim under the Federal Tort Claims Act

("FTCA") in his Complaint, see Compl., and the claim should be dismissed.  See Fed. R. Civ. P.

8 (requiring short and plain statement of the claim).  However, even if Plaintiff properly had pled

this claim, it still should be dismissed.

The FTCA authorizes district courts to hear suits against the United States

> for money damages . . . for injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment, under
> circumstances where the United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the act or omission
> occurred.

28 U.S.C. § 1346(b)(emphasis added);[2] see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir.

1995).  Here, Plaintiff alleges that he was "illegally forfeited credit days."  Comp.  He has not

alleged any "injury" under the terms of the statute.  See 28 U.S.C. § 1346(b).  See People of State

---

[2]Employees of the federal government are defined as "officers or employees of any
federal agency, members of the military, and persons acting on behalf of a federal agency in an
official capacity."   28 U.S.C. § 2671.

of Cal. v. U.S., 307 F.2d 941, 943 (C.A. Cal. 1962)("express language of the Tort Claims Act grant[s] relief for . . . damages 'for injury or loss of property, or personal injury or death.'"). Therefore, any FTCA action must fail.

Even if Plaintiff properly had raised this claim and suffered an injury cognizable under the FTCA, he has failed to set forth a "sum certain" of damages.  See 28 U.S.C. §§ 2401(b) & 2675(a); Exhibit K.  "I[n] an FTCA suit, the plaintiff's presentation to the agenc[y] must meet the standards implicit in 28 U.S.C. §§ 2401(b) & 2675(a)."  Mittleman v. United States, 104 F.3d 410, 415 (D.C. Cir. 1997).  This jurisdiction has understood the standards to require "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim."  Id. (citing GAF Corp. v. United States, 818 F.2d 901, 919  (D.C. Cir.1987).  See Grant v. Sec'y, U.S. Dep't of Veterans Affairs, 2004 WL 287125, * 1 (D.C. Cir., February 04, 2004) (FTCA "claim must also set forth a 'sum certain' of damages so that the agency may make an informed decision whether to attempt settlement negotiations").  Because Plaintiff has failed to set forth a sum-certain claim for damages, his FTCA action must fail.

**C.  Plaintiff's <u>Bivens</u> Claims Fail.**

    1.  <u>Bivens Liability Does Not Extend to the Federal Bureau of Prisons.</u>

Plaintiff claims that, by "illegally forfeiting credit days from his sentence[,]" the BOP violated his rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution. Compl.  Plaintiff also appears to claim that his rights under the First and Sixth Amendments were

violated although he did not make these claims in his Complaint.[3]  See Pltf's Opp.  However, constitutional or Bivens claims, against the BOP must be dismissed because Plaintiff may not bring a Bivens action against the United States or one of its agencies.  In Bivens, the Supreme Court inferred a cause of action for money damages against federal agents directly from the Fourth Amendment, which the agents had allegedly violated under color of federal law.  Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 396-97 (1971).  The Supreme Court, in FDIC v. Meyer, unanimously refused to extend Bivens to imply a cause of action directly against the United States or a federal agency.  Meyer, 510 U.S. at 484-86.  The Court explained that the logic of Bivens did not support an action directly against the Federal Savings and Loan Insurance Corporation because the Bivens decision was based partly on the fact that a direct action against the Government was not available.  Id. at 485.  In further support of its holding, the Court reasoned that implying a direct damages cause of action against federal agencies would undermine Bivens' purpose of deterring officers from committing future constitutional violations because plaintiffs would try to circumvent qualified immunity by suing federal agencies instead of the individual officers.  Id.  Finally, the Court expressed its hesitance to extend Bivens liability to a federal agency considering the potentially enormous financial burden such a holding could impose on the federal government.  Id. at 486.

     Moreover, in deciding not to allow Bivens actions against private entities acting under color of federal law, the Supreme Court reaffirmed the above reasoning in FDIC v. Meyer and noted that inmates may not bring Bivens claims against the United States or the Bureau of

---

[3]Plaintiff failed to properly plead and thereby provide Federal Defendant with notice of these claims.  See Fed. R. Civ. P. 8 (requiring short and plain statement of the claim).  Therefore, Plaintiff's claims under the First and Sixth Amendment should be dismissed.

Prisons. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001); <u>Drake v. F.A.A.</u>, 291 F.3d 59, 72 (D.C. Cir. 2002) (stating that it is "well-settled" that <u>Bivens</u> liability cannot be imposed on an agency of the federal government); <u>Adeogba v. Migliaccio</u>, 266 F. Supp.2d 142, 145 n.2 (D.D.C. 2003) (concluding that a <u>Bivens</u> suit against the INS should be dismissed for lack of subject matter jurisdiction because sovereign immunity prevents Bivens actions against the United States and its agencies); <u>Mac'Avoy v. Smithsonian Inst.</u>, 757 F. Supp. 60, 69 (D.D.C. 1991) (noting that the <u>Bivens</u> doctrine does not apply to lawsuits brought against the federal government and are routinely dismissed for lack of subject matter jurisdiction). Therefore, assuming <u>arguendo</u> that Plaintiff has brought a proper <u>Bivens</u> claim, the constitutional claims against the BOP should be dismissed under Rule 12(b)(1) for lack of jurisdiction.[4]

### 2. <u>Plaintiff Has Not Served the Additional Purported Defendants</u>

Plaintiff has not claimed to sue Ms. Hill or Ms. Livingston in their individual capacities. However, if he properly had stated a claim under <u>Bivens</u> and sought to sue them in their individual capacities, this claim would be dismissed because this Court would be without personal jurisdiction over them in the absence of proper service. <u>See</u> Fed. R. Civ. P. 12(b)(2); Fed. R. Civ. P. 4(i)(2)(B). It is well established that, in an action against a federal employee in an individual capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. <u>See</u> <u>Simpkins v. District of Columbia Gov't</u>, 108 F.3d 366, 369 (D.C. Cir. 1997); <u>Lawrence v. Acree</u>, 79 F.R.D. 669, 670 (D.D.C. 1978); <u>Navy, Marshall & Gordon v. U.S. Int'l Dev.-Corp. Agency</u>, 557 F. Supp. 484, 489

---

[4]Moreover, Plaintiff's claim under the Fourteenth Amendment should be dismissed because the Fourteenth Amendment applies only to states and not the federal government. <u>See</u> <u>Bolling v. Sharpe</u>, 347 U.S. 497, 499 (1954).

8

(D.D.C. 1983); Delgado v. BOP, 727 F. Supp. 24 (D.D.C. 1989). Constructive notice will not substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). Because the record in this action does not establish proper personal service upon Ms. Hill or Ms. Livingston, any claim against them in their individual capacities would be subject to dismissal based upon insufficiency of service of process under Rule 12(b)(5).

### D. **Plaintiff's Claim Regarding the Forfeiture of Good Time Credits Is Without Merit.**

Plaintiff contends that he did not receive a Disciplinary Hearing Officer ("DHO") Hearing[5] and "150 days were unlawfully forfeited from his sentence[,]" Pltf's Opp. at pp. 4, 20,

---

[5]Plaintiff claims that the days were taken "away without any kind of (DHO) hearing . . . ." Pltf's Opp. at p. 20. However, Plaintiff fails to understand the process. When an inmate is cited for a disciplinary infraction, a Center Disciplinary Committee ("CDC") provides the inmate with a formal hearing, makes a finding, and reports the findings of the hearing to the DHO. The DHO then reviews the discipline record to ensure compliance with policy and, if satisfied, the hearing is certified and a final action is imposed. See BOP Program Statement 7300.09, Community Corrections Manual.

Here, Plaintiff was present for the CDC hearing as required. See Attachment B ("You attended you discipline hearing when you appeared before the CDC . . . .") More specifically, on January 12, 2005, Plaintiff was cited for escape after returning to the Community Correctional Center ("CCC") as designated. See Attachment C, Community Correctional Center Incident Report, January 12, 2005. He was given notice of the charges against him and of the hearing not less than twenty-four hours prior to the hearing. See Attachment D, Inmate Rights at Center Discipline Hearings, January 13, 2005; Wolf v. McDonnell, 418 U.S. 539, 564 (1974) (in inmate disciplinary hearings, inmates are to be given no less than twenty-four hours notice). Plaintiff declined an opportunity to have a written copy of the charges against him and signed a waiver to that effect. See Attachment D. Plaintiff was presented with specific evidence to support the CDC findings. See Attachment E, Center Discipline Committee Report, January 28, 2005. He was present at the hearing and given an opportunity to present witnesses on his behalf. Plaintiff declined that opportunity. See Attachment F, Checklist for CDC Certification, January 28, 2005.

On January 20, 2005, Plaintiff was cited for unexcused absence and use of intoxicants. See Attachment G, CCC Incident Report, January 20, 2005. On January 21, 2005, Plaintiff was

"ordering him to serve 150 days unlawfully . . . ." Compl. Plaintiff asks for "$5,000 for each Constitutional violation." Id. at 21. However, in Heck v. Humphrey, the Supreme Court held that a prisoner may not bring a civil rights action for money damages alleging unconstitutional conviction or imprisonment unless the conviction had first been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (plaintiff relying on 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). See Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (applying Heck analysis outside of section 1983 actions). See also Razzoli v. BOP, No. 99-5289 (D.C. Cir. Nov. 7, 2000).

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate, holding that a claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983. Id. at 647. Therefore, under Heck and Balisok, because Plaintiff's allegation that this forfeiture lengthened his incarceration, he would have to successfully challenge the legality of his

made aware of his rights and given notice of the CDC hearing. See Attachment H, Inmate Rights at Center Discipline Hearings, January 21, 2005. Plaintiff declined an opportunity to have a written copy of the charges against him and signed a waiver to that effect. See id. He was presented with specific evidence to support the CDC findings. See Attachment I, Center Discipline Committee Report, January 21, 2005. Plaintiff was present at the hearing and given an opportunity to present witnesses on his behalf. He declined that opportunity. See Attachment J, Checklist for CDC Certification, January 28, 2005.

confinement directly before he could bring this action.

    **E.  Plaintiff's Claims Under 42 U.S.C. § 1983 Must Fail.**

    Plaintiff's alleges a violation of 42 U.S.C. § 1983.  See Compl.  However, "[t]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting ***under color of state law***."  West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added). See Abramson v. Bennett, 707 F.Supp. 13, 16 (D.D.C.), aff'd 809 F.2d 291 (D.C. Cir. 1989)("Section 1983 only applies to state officials acting under color of state law.").  "The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Id., at 49.  See Heck, 512 U.S. at 477 (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials); Abramson, 707 F. Supp. at 16, aff'd 889 F.2d at 291 ("Section 1983 only applies to state officials acting under color of state law" not federal officials acting under color of federal law).

    Here, Plaintiff cannot show the deprivation of any right committed by a person acting under color of state law.  Moreover, the Federal Bureau of Prisons may not be sued under 42 U.S.C. §1983.  See Galvan v. Fed. Prison Ind., 199 F.3d 461, 462 (D.C. Cir. 1999) (sovereign immunity bars BOP from liability under Section 1983).  Therefore, Plaintiff's § 1983 claim against the Federal Bureau of Prisons must be dismissed for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

## IV.  CONCLUSION

Because Plaintiff's claims lack subject matter jurisdiction and Plaintiff has failed to raise

or state claims upon which relief may be granted, Plaintiff's Complaint should be dismissed.

Fed. R. Civ. P. 8, 12(b)(1) and (b)(6).  In the alternative, Federal Defendant requests that its

motion for summary judgment be granted.  Fed. R. Civ. P. 56(c).

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
(202) 514-6531
Attorney for Defendants


Of Counsel

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of June 2008, the foregoing was served, by first-class mail, upon plaintiff as follows:

Kenneth Hammond
9302 Piney Branch Road, #202
Silver Spring, MD 20903

/s/
_____
MARIAN L. BORUM
Assistant United States Attorney

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

# Civil Action No. 08-0326 (RMU)

# Attachment A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Kenneth Hammond,

    Plaintiff,

v.

    Civil Action No. 08-cv-0326 (RMU)

D.C. Record Center,
Federal Bureau of Prisons, et al.,

    Defendants.

### DECLARATION OF DELAINE HILL

I, Delaine Hill, hereby declare and state the following:

1.    I am an Assistant General Counsel for the Federal Bureau of Prisons ("BOP") in Washington, D.C. I have been employed as an attorney with the Bureau of Prisons since August 2001.

2.    I have access to BOP records pertaining to administrative remedy appeals submitted to this office and all computerized administrative remedy filings.

3.    Pursuant to BOP Program Statement 1330.16, Administrative Remedies, the BOP has implemented a two-tiered grievance mechanism which inmates must use to forward complaints about any aspect of disciplinary hearings. Disciplinary hearing appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located. If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel's office in the Central Office of the BOP. Using this grievance mechanism allows the BOP to accurately and thoroughly investigate inmates allegations at all levels.

4.    On June 16, 2008, I searched the computerized administrative remedy records filed by plaintiff Kenneth Hammond (BOP Inmate Number: 09567-007) and found that he has failed to exhaust all of his available administrative remedies before the BOP on claims made in this case. BOP records indicate that Mr. Hammond has not completely exhausted his administrative remedies with respect to the disciplinary hearings where he was sanctioned for escape, possessing intoxicants or being absent from assignment. Specifically, records indicate that Plaintiff only filed administrative remedies regarding these issues with the BOP Regional Director. These remedies were filed on June 23, 2005. Both of these remedies were denied as it was determined that all required disciplinary procedures were substantially followed and the sanctions levied upon Mr. Hammond were appropriate for the offenses. See Attached Administrative Remedy Responses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of June 2008 in Washington, D.C.

Delaine Hill
Assistant General Counsel
Litigation Branch
Federal Bureau of Prisons

2

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

# Civil Action No. 08-0326 (RMU)

# Attachment B

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Date Filed: June 23, 2005**                    **Remedy ID No. 380434-R1**

You appeal the CDC decision of January 21, 2005, for Use of
Intoxicants (Code 222) and Unexcused Absence from Work or any
Assignment (Code 310), which was certified by the DHO on January
28, 2005. You claim you did use intoxicants. You claim the Code
310 is not the proper prohibited act code to describe your
misconduct. You state you did not appear before the DHO. You
request the incident report be expunged.

The CDC considered your statement. You admitted to not returning
to the CCC at the required time; however, you denied using
intoxicants. The CDC found you committed the prohibited act
based on the greater weight of the evidence which was the
reporting officer's statement. We find the CDC accurately and
adequately explained to you in Section V of the DHO report the
specific evidence relied on to find you committed the prohibited
act, and we find no need to elaborate further.

It is noted that you admitted to not returning to the CCC as
required. We find the Code 310 to be appropriate as you were not
at your assigned place at a certain time. Furthermore, we find
the Code 222 to be appropriate as you tested positive for
intoxicants.

You complain that you were not present at the DHO hearing. The
DHO certified your CDC hearing on January 28, 2005, and reviewed
the discipline record to ensure compliance with policy. You
attended your discipline hearing when you appeared before the CDC
on January 13, 2005. The incident report and CDC report were
forwarded to the DHO for certification and sanctioning in
accordance with P.S. 7300.09, Community Corrections Manual.

We find the required disciplinary procedures were substantially followed, the evidence supports the CDC's finding, and the sanctions were appropriate for the offense.

Your appeal is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JUL 2 1 2005
_____
Date

_____
K. M. White
Regional Director
Mid-Atlantic Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Date Filed: June 23, 2005**                    **Remedy ID No. 380435-R1**

You appeal the CDC decision of January 13, 2005, for Escape (Code
200), which was certified by the DHO on January 28, 2005. You
claim you did not commit the prohibited act. You state you did
not appear before the DHO. You request the incident report be
expunged.

The CDC considered your statement. The CDC found you committed
the prohibited act based on the greater weight of the evidence
which was the reporting officer's statement. We find the CDC
accurately and adequately explained to you in Section V of the
DHO report the specific evidence relied on to find you committed
the prohibited act, and we find no need to elaborate further.

It is noted that you admitted to not returning to the CCC as
required. Your actions in not being accountable to CCC staff
constitutes an escape. The rationale you provide for leaving
custody is irrelevant as you are required to be accountable to
staff at all times.

You complain that you were not present at the DHO hearing, nor
did you have the opportunity to present evidence to the DHO. The
DHO certified your CDC hearing on January 28, 2005, and reviewed
the discipline record to ensure compliance with policy. You
attended your discipline hearing when you appeared before the CDC
on January 13, 2005. The incident report and CDC report were
forwarded to the DHO for certification and sanctioning in
accordance with P.S. 7300.09, Community Corrections Manual.

We find the required disciplinary procedures were substantially
followed, the evidence supports the CDC's finding, and the
sanctions were appropriate for the offense.

Your appeal is denied.  If you are dissatisfied with this
response, you may appeal to the General Counsel, Federal Bureau
of Prisons, 320 First Street, N.W., Washington, D.C. 20534.  Your
appeal must be received in the General Counsel's Office within 30
days from the date of this response.

JUL 2 1 2005
_____
Date

_____
K. M. White
Regional Director
Mid-Atlantic Regional Office

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment C

06/28/2005 14:17 FAX 6067899110        USP BIG SANDY                        @013

01/21/2005  11:03    2026702569            HOPE VILLAGE INC              PAGE  01/07

BP-S063T3        **INCIDENT REPORT**     (CCC'S)        CDFRM
MAR 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

### Part I - Incident

| 1. Name of Center<br>Hope Village (2EE) | **HOPE VILLAGE** | | 1306277 | |
|---|---|---|---|---|
| 2. Name of Inmate<br>HAMMOND KENNETH | 3. Register Number<br>09567-007 | 4. Date of Incident<br>JANUARY 12, 2005 | | 5. Time<br>9:00 P.M |
| 6. Place of Incident<br>Hope Village | 7. Assignment<br>PRE-RELEASE | 8. Quarters<br>3890 | | |
| 9. Incident - ESCAPE | | 10. Code<br>200 | | |

11. Description of Incident (Date  JANUARY 12, 2005  and Time  9:00 P.M.  staff became aware of incident)

On January 12, 2005, at 9:45 A.M., resident Kenneth Hammond, #09567-007, signed out for work with a return time for 9:00 P.M., on the same date. He failed to returned to the facility as designated. Locator calls made to his home address, area hospitals and Central Cell Block were to no avail. It should be noted that Mr. Hammond contacted the facility at 10:25 P.M., stating that he had fallen asleep on the train. However, the caller ID indicated that he was calling out of area. Therefore, effective at 9:00 P.M., on January 12, 2005, Mr. Hammond was placed on escape.

On January 12, 2005, at 11:30 p.m., Mr. Hammond returned to the facility. He was given a breathalyser test with negative results.

COMMUNITY CORRECTIONS   FEB 4 8 12 AM '05   RECEIVED U.S. BUREAU OF PRISONS BALTIMORE, MARYLAND

| 12. Signature of Reporting Employee<br>Robt Col | 13. Name and Title (Printed)<br>Robert Cook, Charge of Quarters | 13a. Date and Time<br>01/12/05   11:55 P.M. |
|---|---|---|
| 14. Incident Report Delivered to Inmate by<br>Ebony Hill | 15. Date Delivered<br>01/13/05 | 16. Time Delivered<br>3:35 p.m. |

(Continued below)

06/26/2005 14:17 FAX 6067699110    USP BIG SANDY    @014

02/21/2005 11:03    2025782565    HOPE VILLAGE INC    PAGE 32/87

## Part II - Investigation

**17. Inmate's Statement and Attitude**

Mr. Hammond stated that he called and fell asleep on the train.

Mr. Hammond's attitude was calm.

**18. Other Facts About the Incident**

Mr. Mays (Vac. counselor) called Mr. Hammond and was informed that he worked on Jan 13, 2005 from 10am - 8pm.

**19. Investigator's Comments and Conclusions**

Per Handbook, residents are required to be on time when returning to the facility. The prohibited act was committed as charged.

**20. Action Recommended**

REFER TO CDC

| Signature | | Title | Date |
|---|---|---|---|
| | | CASE MANAGER | 01/13/05 |

END FORM

(This form may be reproduced via WP.)

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment D

06/28/2005 14:17 FAX 6067899110          USP BIG SANDY                                    Ø015

01/21/2005  11:83   2026782569          HOPE VILLAGE INC                          PAGE  03/07

BP-5284.072  INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARINGS (CCC'S)    CDFRM
March 1994
U.S. Department of Justice                                      Federal Bureau of Prisons

Hope Village
Facility

As an inmate charged with a violation of Center rules or regulations referred to the Discipline Committee for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Center Discipline Committee;

2. The right to have a member of the staff who is reasonable available represent you before the Center Discipline Committee;

3. The right to call witnesses and present documentary evidence in your behalf, provided Center safety would not be jeopardized;

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the Center Discipline hearing except during committee deliberations and except where Center safety would be jeopardized;

6. The right to be advised of the Center Discipline Committee recommendation and Bureau of Prisons' decision, the facts supporting the recommendation and decision, except where Center safety would be jeopardized, and the disposition in writing; and,

7. The right to contest under Administrative Remedy procedures or by letter the Bureau of Prisons' decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a Center Discipline Committee hearing.

Signed: _____ Reg. No.: 09567-007    Date: 1-13-05
Notice of rights given to inmate on  1/3/05  by  Tamara K. Hill
                                   Date                   Employee Signature

INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (CCC'S)
                                    Facility

When an inmate has been advised of the rights afforded at a Center Discipline hearing, but refuses to sign the acknowledgement, the following should be completed.

I have personally advised _____ of the above
                              Inmate's name and Register No.
rights afforded at a Center Discipline Committee hearing, however, the inmate has refused to sign the

acknowledgement.                      Signed: _____

                                      (Employee's Typed Name)

                                      _____
                                              (Date)

WAIVER OF 24 HOUR NOTICE

I have been advised that I have the right to have a written copy of the charge(s) against me at least 24 hours prior to appearing before the Center Discipline Committee. I wish to waive this right and proceed with the Center Discipline Committee hearing at this time.

| Signed by inmate | Inmate Typed or Printed Name | Register No. |
|---|---|---|
| _____ | Kenneth N. Hammond | 09567-007 |
| Date and Time Inmate Signed | Witnesses by Employee Signature | |
| 1/13/05 6:35pm | Tamara K. Hill | |

(This form may be replicated via WP)

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment E

06/28/2005 14:16 FAX 8067899110          USP BIG SANDY                    ☒017

01/21/2005 21:03  2026782569              HOPE VILLAGE INC                      PAGE  05/07

**BP-S288.052**  **CENTER DISCIPLINE COMMITTEE REPORT**   (CCC'S)  CDFRM
March 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Name of Inmate<br>HAMMOND, KENNETH | Register Number<br>00567-007 | Hearing Date<br>01/13/05 |
|---|---|---|
| Date of Incident<br>01/12/05 | Date of Incident Report<br>01/12/05 | Prohibited<br>Act(s) Code   200 |
| Summary of Charge(s)<br>ESCAPE | | |

## 1. NOTICE OF CHARGE(S)

_1-28-05_                     _D. Livingston_
Date                          Type Name/Signature DHO

A. Advance written notice of charges (copy of incident report) was given to inmate on

___01/12/05___ at ___1:31 P.M.___ by ___Ebony Hill___
Date          Time

B. The CDC Hearing was held on ___01/13/05___ at ___7:00 P.M.___
Date          Time

C. The inmate was advised of his rights before this CDC by ___Vanessa Hill___

on ___01/13/05___ and a copy of the advisement of rights form is attached.
Day

## II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: (YES)

B. Inmate requested staff representative and ___N/A___ appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing
to obtain another staff representative with the result that

## III. PRESENTATION OF EVIDENCE

A. Inmate has been advised of his right to present a statement or to remain silent, to present documents, including
written statement of unavailable witnesses, and for relevant and material witnesses to appear in his behalf at the
hearing.
Inmate denies the charge(s).

B. Summary of Inmate Statement:  RESIDENT HAMMOND STATED THAT HE ADMITS TO UN-EXCUSED ABSENCE BUT
NOT ESCAPE.  HE STATED THAT HE FELL ASLEEP ON THE TRAIN.

C. Witness:
1. The inmate requested witnesses (NO)
2. The following persons were called as witnesses at this hearing and appeared:

3. A summary of testimony of each is attached (N/A)
4. The following persons requested were not called  for the reason(s) given: N/A
5. Unavailable witnesses were requested to submit written statements and those statements were considered:
(N/A)

D. Documentary Evidence:  In addition to the incident Report and investigation, the Committee considered the following
documents: SIGN IN/OUT SHEET

E. Confidential Information was considered by the CDC and not provided to inmate       (NO)

BP-S288 (Continued)

06/26/2008 14:19 FAX 6067899110    USP BIG SANDY    ☑018

01/21/2005  11:03    2625762569    HOPE VILLAGE INC    PAGE  06/07

## IV. FINDINGS OF THE COMMITTEE

(X) a. The act was committed as charged.
( ) b. The following act was committed:
( ) c. No prohibited act was committed: Expunge according to your Statement of Work.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS

The specific evidence relied upon to support a finding of guilt was the reporting officer's statement that on January 12, 2005, at 9:45 A.M., resident Kenneth Hammond, #09567-007, signed out for work with a return time for 9:00 P.M., on the same date. He failed to returned to the facility as designated. Locator calls made to his home address, area hospitals and Central Cell Block were to no avail. It should be noted that Mr. Hammond contacted the facility at 10:25 P.M., stating that he had fallen asleep on the train. However, the caller ID indicated that he was calling out of area. Therefore, effective at 9:00 P.M., on January 12, 2005, Mr. Hammond was placed on escape.
On January 12, 2005, at 11:30 p.m., Mr. Hammond returned to the facility. He was given a breathalyser test with negative results.

## VI. SANCTION RECOMMENDATION

Disciplinary transfer, disallowance of all eligible good time and restriction for 60 days from visiting, commissary and telephone privileges.

## VII. REASON FOR SANCTION RECOMMENDATION

Any lesser sanction recommendation would minimize the seriousness of this infraction.

## VIII. APPEAL RIGHTS   Yes

The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days of the imposition of the sanction to the Regional Director. A copy of this report has been given to the inmate.

## IX. DISCIPLINE COMMITTEE

| Chairperson Ebony Hill | Member | Member |
|---|---|---|

## X. ACTION BY DHO

The DHO imposes
1. Transfer
2. Forfeit 420 days SGT-60

D. Livingston    1-28-05
Typed Name/Signature - DHO    Date

(This form may be replicated via WP)

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

# Civil Action No. 08-0326 (RMU)

# Attachment F

06/28/2005 14:19 FAX 6067898110          USP BIG SANDY                    ☒019

01/21/2005  11:03    2926702569           HOPE VILLAGE INC              PAGE  07/07

BP-S304.073          **CHECKLIST FOR CDC CERTIFICATION**     CDFRM
March 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Name of Inmate  Hammond, Kenneth | Register No. 09567-007 |
|---|---|

| Facility | HOPE VILLAGE (ZEE) |
|---|---|

| YES | NO | NA | | |
|---|---|---|---|---|

**ADVANCE NOTICE OF CHARGE**

|  | X |  | (1) | The inmate was given written notice of the charge(s) against him no less than 24 hours before the appearance before the CDC. |
| X |  |  | (2) | If the answer to (1) is "No" |
|  |  |  |  | (a)   The inmate waived the 24-hour notice, or |
|  |  |  |  | (b)   There exists a valid reason why the 24-hour notice was not given. The reason is: |

**STAFF PRESENTATION**

|  | X | X | (3) | The inmate requested a staff representative and that staff representative appeared. |
| X |  |  | (4) | The inmate did not request a staff representative and, thereby, waived the right to a staff representative. |
|  |  | X | (5) | The inmate requested a representative who refused or was unable to appear, and the inmate chose to continue the hearing in the absence of the requested representative after being advised of the option to postpone the hearing in order to obtain another representative. |

**WITNESSES AND DOCUMENTARY EVIDENCE**

| X |  |  | (6) | The inmate waived the right to call witnesses. |
|  | X |  | (7) | The inmate requested witnesses. |
|  |  | X |  | (a)   The requested witnesses appeared and statements are summarized in the record. |
|  |  | X |  | (b)   Reasons for not calling requested witnesses are documented in the record. |
|  |  | X |  | (c)   Written statements of unavailable witnesses were submitted, considered, and included in the record. |
|  | X |  | (8) | The inmate submitted written documentation which was considered and is included in the record. |
| X |  |  | (9) | The inmate's statement to the CDC is summarized in the record. |

**FINDINGS AND SPECIFIC EVIDENCE**

| X |  |  | (10) | The findings of the CDC are supported by a substantial factual basis. |
| X |  |  | (11) | The specific evidence relied on is adequately documented in the record. |

**SANCTION**

| X |  |  | (12) | The sanction recommended by the CDC is proportionate to the offense committed. |
| X |  |  | (13) | The reasons for the sanction are adequately documented in the record. |
|  |  |  | (14) | The DHO imposed sanctions. |

DHO Signature _____          Date  1-28-05

(This form may be replicated via WP)

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment G

06/28/2005 14:13 FAX 6087899110                  USP BIG SANDY                                    ☐003

01/24/2005  89:08    2626792563                   HOPE VILLAGE INC                    PAGE   81/89

BP-S395.923    **INCIDENT REPORT**    (CCC'S)    CDFRM
MAR 94
**U.S. DEPARTMENT OF JUSTICE**                        **FEDERAL BUREAU OF PRISONS**

## Part I - Incident

| 1. Name of Center    HOPE VILLAGE |  |  |  |
|---|---|---|---|
| Hope Village (2EE) | 130627 | | |
| 2. Name of Inmate HAMMOND, KENNETH | 3. Register Number 40567-007 | 4. Date of Incident JANUARY 20, 2005 | 5. Time 8:45 P.M. |
| 6. Place of Incident Hope Village | 7. Assignment PRE-RELEASE | 8. Quarters 3I50 | |
| 9. Incident -  UN-EXCUSED ABSENCE, USE OF INTOXICANTS | | 10. Code 222/170 | |

11. Description of Incident (Date  JANUARY 20, 2005     and Time    8:45 P.M.     Staff became aware of Incident)

On January 20, 2005, at 5:00 A.M., resident Kenneth Hammond, #09567-007, signed out to Music Center at
Strathmore, 5301 Tuckerman Lane, Bethesda, Maryland, with a return time of 7:00 P.M., on the same date.
Mr. Hammond returned at 8:45 P.M., making him one hour and 45 minutes late.  An alcohol test was given
at 8:45 P.M., with a positive reading of .096.  At 9:00 P.M., a second test was given with a positive reading
of .061.

| 12. Signature of Reporting Employee   Robert Cook | 13. Name and Title (Printed) Robert Cook, Charge of Quarters | 13a. Date and Time 01/20/05   9:15 P.M. |
|---|---|---|
| 14. Incident Report Delivered to Inmate by  Vanessa R. Hill | 15. Date Delivered 01/21/05 | 16. Time Delivered 2:30 P.M. |

(Continued below)

COMMUNITY CORRECTIONS

RECEIVED
FEB 4 8 11 AM '05
U.S. BUREAU OF PRISONS
BALTIMORE, MARYLAND

06/28/2005 14:13 FAX 6087899110          USP BIG SANDY                              004

01/24/2005 09:36    2026782569            HOPE VILLAGE INC                      PAGE 02/09

## Part II - Investigation

17. Inmate's Statement and Attitude

Mr. Hammond stated that he didn't drink anything, he ate lunch and had chips and 2 cough drops on his way in from work.

Mr. Hammond attitude was calm.

18. Other Facts About the Incident

On January 12, 2004, Mr. Hammond received an incident report for Escape.

19. Investigator's Comments and Conclusions

Per handbook, residents are required to be on time when returning to the facility and using intoxicants is prohibited. The prohibited act was committed as charged.

20. Action Recommended

REFER TO CDC.

| Signature | Title | Date |
|---|---|---|
| *[signature]* | Case Manager | 01/21/05 |

(This form may be replicated via WP)                                          END FORM

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment H

06/26/2005 14:13 FAX 6067899110          USP BIG SANDY                    Ø005

01/24/2005  09:06   2026782569        HOPE VILLAGE INC              PAGE 03/03

BP-S204.073  INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARINGS (CCC'S)   CDFRM
March 1994
**U.S. Department of Justice**                                    **Federal Bureau of Prisons**

_____Hope Village_____
Facility

As an inmate charged with a violation of Center rules or regulations referred to the Discipline Committee for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Center Discipline Committee;
2. The right to have a member of the staff who is reasonably available represent you before the Center Discipline Committee;
3. The right to call witnesses and present documentary evidence in your behalf, provided Center safety would not be jeopardized;
4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;
5. The right to be present throughout the Center Discipline Committee hearing except during committee deliberations and except where Center safety would be jeopardized;
6. The right to be advised of the Center Discipline Committee recommendation and Bureau of Prisons' decision, the facts supporting the recommendation and decision, except where Center safety would be jeopardized, and the disposition in writing; and,
7. The right to contest under Administrative Remedy procedures or by letter the Bureau of Prisons' decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a Center Discipline Committee hearing.

Signed: _____ Reg. No: 09567-007  Date: 1-21-05
Notice of rights given to Inmate on  1/21/05  by _____
                         Date              Employee Signature

**INMATE RIGHTS AT CENTER DISCIPLINE COMMITTEE HEARING (CCC'S)**

_____
Facility

When an inmate has been advised of the rights afforded at a Center Discipline hearing, but refuses to sign the acknowledgement, the following should be completed.

I have personally advised _____ of the above
                          Inmate's name and Register No.

rights afforded at a Center Discipline Committee hearing, however, the inmate has refused to sign the

acknowledgement.               Signed: _____

                                       (Employee's Typed Name)

                                       _____
                                       (Date)

**WAIVER OF 24 HOUR NOTICE**

I have been advised that I have the right to have a written copy of the Charge(s) against me at least 24 hours prior to appearing before the Center Discipline Committee. I wish to waive this right and proceed with the Center Discipline Committee hearing at this time.

| Signed by Inmate | Inmate Typed or Printed Name | Register No. |
|---|---|---|
| | | 09567-007 |
| Date and Time Inmate Signed 1/21/05  8:300m | Witnesses by (Employee Signature) | |

(This form may be replicated via WP)

06/28/2005 14:14 FAX 6067899110          USP BIG SANDY                    ☒008

01/24/2005  03:06   2026782569          HOPE VILLAGE INC                PAGE  04/09

BP-S367.073   NOTICE OF CENTER DISCIPLINE COMMITTEE HEARING (CCC'S)   CDFRM
March 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Date | 1/21/05 | Facility | Hope Village |
|---|---|---|---|
| Inmate | Hammond, Kenneth | Register Number | 09567-007 |

Alleged Violation(s)  Unexcused Absence  Use of Intoxicants

| Date of Offense | 1/20/05 | Code Number | 222/310 |

You are being referred to the Center Discipline Committee for the above charge(s).

The hearing will be held on: ___1/21/05___ at ___2:40___ (A.M./P.M.)

at the following location: ___2850___

You are entitled to have a staff represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name:

Inmate's Initials _____  (  ) I (do) wish to have a STAFF representative

Inmate's Initials ___K.H.___  (X) I (do not) wish to have a staff representative

If so, the staff representative's name is:

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided calling your witnesses will not jeopardize Center safety. Names of witnesses you wish to call should be listed below.

Inmate's Initials ___K.H.___ Briefly state what each proposed witness would be able to testify to.

Name: ___none___ , Can Testify to: _____

Name: _____ , Can Testify to: _____

Name: _____ , Can Testify to: _____

The Chairman of the Center Discipline Committee will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by him/her to be necessary for an appreciation of the circumstances surrounding the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements.

Date, sign, and return the form to the Chairman of the Center Discipline Committee.

| Date | | Inmate Signature/Reg. No. | |
|---|---|---|---|
| 1-21-05 | | Hammond, Kenneth 09567-007 | |
| Notice of hearing given to inmate by: Employee Signature | J. Hill | Date | 1/21/05 |

(This form may be replicated via WP)

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment I

06/28/2005 14:14 FAX 6067889110                    USP BIG SANDY                    ☑007

01/24/2005  09:08  2024762569            HOPE VILLAGE INC                    PAGE  05/09

BP-S288.073
March 94
## CENTER DISCIPLINE COMMITTEE REPORT    (CCC'S)    CDFRM
## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Name of Inmate HAMMOND, KENNETH | Register Number 09569-087 | Hearing Date 01/21/05 |
| Date of Incident 01/20/05 | Date of Incident Report 01/20/05 | Prohibited Act(s) Code 222/316 |
| Summary of Charge(s) UN-EXCUSED ABSENCE; USE OF INTOXICANTS | | |

## I.  NOTICE OF CHARGE(S)

1-28-05  D. Livingston
Date                    Type Name Signature DHO

A.  Advance written notice of charges (copy of incident report) was given to inmate on

01/21/05    at  2:39 P.M.    by    Vanessa R. Hill
Date              Time              

B.  The CDC Hearing was held on    01/21/05    at    3:06 P.M.
Date                    Time

C.  The inmate was advised of his rights before this CDC by    Vanessa R. Hill

at    01/21/05    and a copy of the advisement of rights form is attached.
Date

## II.  STAFF REPRESENTATIVE

A.  Inmate waived right to staff representative: (YES)

B.  Inmate requested staff representative and    N/A    appeared.

C.  Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that

## III.  PRESENTATION OF EVIDENCE

A.  Inmate has been advised of his right to present a statement or to remain silent, to present documents, including written statements of unavailable witnesses, and for relevant and material witnesses to appear in his behalf at the hearing.
Inmate admits/denies the charge(s).

B.  Summary of Inmate Statement:  RESIDENT HAMMOND ADMITS TO THE CHARGE OF UN-EXCUSED ABSENCE BUT DENIES THE CHARGE OF USE OF INTOXICANTS.  HE STATED THE POSITIVE ALCOHOL READING MUST HAVE COME FROM THE TWO COUGH DROPS HE ATE.

C.  Witnesses:
  1.  The inmate requested witnesses: (NO)
  2.  The following persons were called as witnesses at this hearing and appeared:

  3.  A summary of testimony of each is attached: (N/A)
  4.  The following persons requested were not called  for the reason(s) given: N/A
  5.  Unavailable witnesses were requested to submit written statements and these statements were considered: (N/A)

D.  Documentary Evidence:  In addition to the Incident Report and Investigation, the Committee considered the following documents: SIGN IN/OUT SHEET AND ALCOHOL LOG.

E.  Confidential information was considered by the CDC and not provided to inmate    (NO)

BP-S288 (Continued)

06/26/2005 14:15 FAX 6067899110          USP BIG SANDY                              ☒008

01/24/2005  89:08  2026792559          HOPE VILLAGE INC                        PAGE  05/05

## IV. FINDINGS OF THE COMMITTEE

(X) a.  The act was committed as charged.

( ) b.  The following act was committed: _____

( ) c.  No prohibited act was committed: Expunge according to your Statement of Work.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS

The specific evidence relied upon to support a finding of guilt was the reporting officer's statement that on January 20, 2005, at 8:00 A.M., resident Kenneth Hammond, #09567-007, signed out to Music Center at Strathmore, 5301 Tuckerman Lane, Bethesda, Maryland, with a return time of 7:00 P.M., on the same date. Mr. Hammond returned at 8:45 P.M., making him one hour and 45 minutes late. An alcohol test was given at 8:45 P.M., with a positive reading of .096. At 9:00 P.M., a second test was given with a positive reading of .061.

Additionally, Mr. Hammond admits to returning late. Though he denied the use of alcohol, he was found guilty due to the preponderance of evidence against him.

## VI. SANCTION RECOMMENDATION

Disciplinary transfer, disallowance of all eligible good time and restriction for 60 days from visiting, commissary and telephone privileges.

## VII. REASON FOR SANCTION RECOMMENDATION

Any lesser sanction recommendation would minimize the seriousness of this infraction.

## VIII. APPEAL RIGHTS    Yes

The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal under the Administrative Remedy Procedure or by letter within 20 days of the imposition of the sanction to the Regional Director. A copy of this report has been given to the inmate.

## IX. DISCIPLINE COMMITTEE

| Chairperson Ebony Hill | Member | Member |
|---|---|---|
|  |  |  |

## X. ACTION BY DHO

The DHO imposes:

2221  1. Transfer
      2. Forfeit ~~42~~ days SGT-60
      3. Loss of Comm. 6 mo.

D. Hughes                                    1-28-05
Typed Name/Signature/Title          Date

(This form may be replaced via WP)

310:  1. Forfeit ~~30~~ days SGT-30

# KENNETH HAMMOND

## v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

## Civil Action No. 08-0326 (RMU)

## Attachment J

06/28/2005 14:15 FAX 6067899110          USP BIG SANDY                                  ☐009

01/24/2005 09:08  2026782559          HOPE VILLAGE INC                        PAGE 07/09

BP-S49.073                **CHECKLIST FOR CDC CERTIFICATION**    CDFRM
March 94
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Name of Inmate  Harwood, Kenneth | Register No. 09567-007 |
|---|---|

**Facility    HOPE VILLAGE (ZEE)**

| YES | NO | NA | | |
|---|---|---|---|---|
| | X | | (1) | **ADVANCE NOTICE OF CHARGE** |
| | | | | The inmate was given written notice of the charge(s) against him no less than 24 hours before the appearance before the CDC. |
| X | | | (2) | If the answer to (1) is "No" |
| | | | | (a)    The inmate waived the 24-hour notice, or |
| | | | | (b)    There exists a valid reason why the 24-hour notice was not given. The reason is: |
| | X | | (3) | **STAFF PRESENTATION** |
| | | | | The inmate requested a staff representative and that staff representative appeared. |
| X | | | (4) | The inmate did not request a staff representative and, thereby, waived the right to a staff representative. |
| | | X | (5) | The inmate requested a representative who refused or was unable to appear, and the inmate chose to continue the hearing in the absence of the requested representative after being advised of the option to postpone the hearing in order to obtain another representative. |
| X | | | (6) | **WITNESSES AND DOCUMENTARY EVIDENCE** The inmate waived the right to call witnesses. |
| | X | | (7) | The inmate requested witnesses. |
| | | X | | (a)    The requested witnesses appeared and statements are summarized in the record. |
| | | X | | (b)    Reasons for not calling requested witnesses are documented in the record. |
| | | X | | (c)    Written statements of unavailable witnesses were submitted, considered, and included in the record. |
| | X | | (8) | The inmate submitted written documentation which was considered and is included in the record. |
| X | | | (9) | The inmate's statement to the CDC is summarized in the record. |
| X | | | (10) | **FINDINGS AND SPECIFIC EVIDENCE** The findings of the CDC are supported by a substantial factual basis. |
| X | | | (11) | The specific evidence relied on is adequately documented in the record. |
| X | | | (12) | **SANCTION** The sanction recommended by the CDC is proportionate to the offense committed. |
| X | | | (13) | The reasons for the sanction are adequately documented in the record. |
| | | | (14) | The DHO has added remarks. |

DHO Signature                                                    | Date  1-28-05 |

(This form may be replicated via WP)

# KENNETH HAMMOND

# v.

# D.C. RECORD CENTER,
# FEDERAL BUREAU OF PRISONS, et al.

# Civil Action No. 08-0326 (RMU)

# Attachment K

U.S. Department of Justice

Federal Bureau of Prisons

*Disciplinary Appeal*

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

*And remove This report From my Files*

| | |
|---|---|
| 6-10-2005 | |
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

USP LVN

BP-230(13)
JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

*Disciplinary Appeal*

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL. | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

And remove _This_ report from my Files

w miller silver after 2-4-2 l
x 243 Piney Branch Rdl # ...
Silver Spring, Md. ~~20703~~
20703

_____
DATE

*Hammond N. Kenneth*
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                                              _____
DATE                                                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                          CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL.          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
USP LVN          DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982