**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| KENNETH HAMMOND, | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0326 (RMU) |
| v. | : | Document No.: | 6 |
| D.C. RECORD CENTER | : | | |
| and | : | | |
| FEDERAL BUREAU OF PRISONS, | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

## GRANTING IN PART AND DENYING IN PART, WITHOUT PREJUDICE, THE DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This case comes before the court on the defendants' motion to dismiss or in the alternative for summary judgment. The plaintiff, who was sentenced in the District of Columbia Superior Court to serve 15 ½ years for various crimes, alleges that the defendants violated his constitutional rights by denying him good-time credits that would have reduced his sentence. The defendants lodge several objections to the plaintiff's complaint that go largely unanswered. Because the plaintiff names improper defendants and because he does not state a cognizable claim under 42 U.S.C. § 1983 or under the Eighth and Fourteenth Amendments, the court grants the defendants' motion to dismiss these improper parties and claims. But because the plaintiff raises for the first time in his opposition to the defendants' motion new allegations under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and names two new defendants to

his Fifth Amendment claim, the court denies, without prejudice, the defendants' motion as to these claims so that the court may receive the benefit of full briefing.

## II. FACTUAL & PROCEDURAL BACKGROUND

The defendants' unopposed statement of facts indicates that the District of Columbia Superior Court sentenced the plaintiff to 3 to 9 years imprisonment for robbery on July 13, 1992. Defs.' Statement of Material Facts ("Defs.' Statement") ¶ 2. Four days later, the District of Columbia Superior Court sentenced the plaintiff to 3 to 6 years imprisonment for burglary and 180 days for violating the Bail Reform Act. *Id.* ¶ 3. The court ordered that these sentences run consecutively, for a maximum term of 15 years and 180 days. *Id.* ¶ 4.

On April 26, 1996, the Bureau of Prisons ("BOP") released the plaintiff on parole, but on February 25, 1998, the District of Columbia Board of Parole issued an order revoking the plaintiff's parole due to a violation, and ordered the plaintiff to serve the balance of his sentence. *Id.* ¶¶ 5-8 & n.3. The plaintiff filed a petition for a writ of habeas corpus on May 14, 2002 in the Eastern District of Virginia. *Id.* ¶ 10. He alleged that he was being illegally detained because the BOP miscalculated his good-time credits. *Id.* The court disagreed and denied the petition on March 1, 2004. *Id.* ¶ 11.

In January 2005, the BOP deducted 120 days of the plaintiff's good-time credit for "Escape" and "possessing Intoxicants." *Id.* ¶¶ 13-14. The plaintiff alleges in his current complaint and opposition that this forfeiture was illegal.[1] Compl. ¶ 1. The BOP released the plaintiff on July 12, 2005, but the plaintiff was to continue on parole until May 29, 2009. Defs.' Statement ¶ 15.

---

[1] The plaintiff contends that the BOP illegally deprived him of 150 days of good-time credit. Compl. ¶ 1.

On February 23, 2007, the plaintiff was arrested on a warrant for violation of parole, and on April 23, 2007, he admitted violating his parole and accepted a 13-month sentence. *Id.* ¶¶ 17, 19. He was subsequently released on March 20, 2008. *Id.* ¶ 29. Before his release, however, on January 25, 2008, the plaintiff filed a complaint in the Superior Court of the District of Columbia, alleging violations of the Fifth, Eighth and Fourteenth Amendments based on the purported illegal forfeiture of 150 days of good-time credit. Compl. ¶ 1. The BOP removed the action to this court and filed a motion to dismiss or in the alternative for summary judgment on April 3, 2008. *See generally* Defs.' Mot. The plaintiff responded on May 2, 2008, adding a claim under the FTCA and two new defendants. *See generally* Pl.'s Opp'n. The court now turns to address the defendants' motion.

## III. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14

(2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 127 S. Ct. at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

**B. The Court Treats the Plaintiff's Opposition as an Amendment to the Complaint**

The court first addresses the new claims and parties added in the plaintiff's opposition to the defendants' motion. Specifically, the plaintiff adds a claim under the FTCA and adds two

defendants, Ebony Hill[2] and D. Livingston.[3] Pl.'s Opp'n at 2-3. This Circuit has described four factors to consider in determining whether the court should treat statements made in response to a motion as an amendment to the complaint. *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (reversing a district court's decision to dismiss a *pro se* plaintiff's complaint because the court failed to consider the plaintiff's response to the defendant's motion to dismiss an amendment to the complaint). Here, the four factors clearly favor amending the complaint: (1) the plaintiff is *pro se*; (2) he could have amended his complaint as of right at the time he filed his opposition; (3) he intended to bring claims against the individual defendants; and (4) the defendants would not be unduly prejudiced. Accordingly, the court treats the plaintiff's opposition as an amendment to the complaint, and addresses all of the plaintiff's claims against all of the defendants in the analysis below.[4]

**C. Because the Plaintiff Fails to Allege that a Person Acting Under Color of State Law Violated his Rights, the Court Dismiss the Plaintiff's § 1983 Claims**

The defendants allege that the plaintiff's § 1983 claims should be dismissed because he has not stated that a person acting under color of state law violated his rights. Defs.' Mot. at 5. Furthermore, the defendants aver that the plaintiff may not bring a § 1983 action against the BOP. *Id.* To his credit, the plaintiff acknowledges that "federal officials . . . may not be sued under § 1983," but nevertheless asserts that the claim is still valid as a federal question. Pl.'s

---

[2] Hill is further described as "a staff member of the [Community Correctional Center] and also the person who sat on the [Center Disciplinary Committee] hearing as a chairperson." Pl.'s Opp'n at 5.

[3] Livingston, the plaintiff states, is the disciplinary hearing officer who "held a Disciplinary Hearing without the plaintiff being present." *Id.* at 7.

[4] The defendants argue that the plaintiff's claims against the individual defendants should be dismissed for failure to effect service of process. Defs.' Reply at 8-9. Dismissal on such grounds, however, would not be in keeping with the greater leniency afforded *pro se* litigants. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (requiring a district court to provide notice to *pro se* litigants of the consequences of inadequate service of process before dismissing the case).

Opp'n at 1-2. The law is well settled in this area, and the court dismisses the plaintiff's § 1983 claims for failing to allege that a "deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Glendora v. Sellers*, 2003 WL 22890043, at *1 (D.C. Cir. Nov. 25, 2003).

**D. Constitutional Claims and the FTCA**

The plaintiff asserts violations of the Fifth, Eighth and Fourteenth Amendment. As to the latter, the court must dismiss the plaintiff's claims under the Fourteenth Amendment because the Amendment only applies to the states, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954), and as discussed above, the plaintiff's allegations are confined to federal officials and agencies acting under federal law, *see generally* Compl.; Pl.'s Opp'n. The plaintiff's claims under the Eighth Amendment do not fare any better because his allegations regarding "procedural irregularities [that] occurred during his disciplinary proceeding do not involve the Eighth Amendment's protection against 'the unnecessary and wanton infliction of pain.'" *Brown v. Smith*, 828 F.2d 1493, 1494-95 (10th Cir. 1987); *see Inmates of Occoquan v. Barry*, 850 F.2d 796, 796 (D.C. Cir. 1988) (noting that the "Eighth Amendment . . . requires an 'unnecessary and wanton infliction of pain,' or punishments 'grossly disproportionate to the severity of the crime'"). Accordingly, the court dismisses the plaintiff's claims under the Eighth and Fourteenth Amendments.

The plaintiff's remaining constitutional claims arise from the Fifth Amendment's due process protections. But, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (declining to extend a *Bivens*[5] cause of action against an agency of the Federal Government). The court agrees with the defendants' assertion that no waiver has been provided for constitutional claims

---

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a private right of action against federal officials for constitutional violations).

and that this immunity also applies to federal employees sued in their official capacity. *Johnson v. United States*, 2008 WL 5265711, at *7 (D.D.C. Dec. 11, 2008) (dismissing constitutional claims for damages against the BOP and federal officials sued in their official capacity). Consequently, the court dismisses the plaintiff's Fifth Amendment claims except as alleged against federal officials in their individual capacity.

The plaintiff lodged his constitutional claims against the individual defendants and his claim under the FTCA for the first time in his opposition to the defendants' motion. Pl.'s Opp'n at 2-3, 19. Because the parties have not fully briefed the court on the merits of these claims,[6] the court denies in part and without prejudice the defendants' motion.

## IV. CONCLUSION

For the foregoing reasons the court grants in part and denies in part, without prejudice, the defendants' motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of January, 2009.

RICARDO M. URBINA
United States District Judge

---

6 The defendants' reply contains conclusory statements regarding the plaintiff's claim under the FTCA, which are of little help to the court. Defs.' Reply at 5-6 (stating that the plaintiff "has not alleged any 'injury' under the terms of the statute" and "has failed to set forth a sum-certain claim for damages").