UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| KENNETH HAMMOND, | : | |
|---|---|---|
| Plaintiff, | : | Civil Action No.: 08-0326 (RMU) |
| v. | : | Re Document No.: 23 |
| FEDERAL BUREAU OF PRISONS *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' RENEWED MOTION TO DISMISS

### I. INTRODUCTION

This matter comes before the court on the defendants' renewed motion to dismiss. The *pro se* plaintiff, who was sentenced to a term of imprisonment in the Superior Court of the District of Columbia, has asserted Fifth Amendment claims against certain individual defendants, as well as a claim under the Federal Tort Claims Act ("FTCA") against the Federal Bureau of Prisons ("BOP"). In their renewed motion to dismiss, the defendants assert that the plaintiff's Fifth Amendment claims must be dismissed because the plaintiff failed to serve the amended complaint on the individual defendants, and that the plaintiff's FTCA claims must be dismissed because he failed to exhaust his administrative remedies before bringing suit. For the reasons discussed below, the court grants the defendants' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

In January 2008, the plaintiff commenced this action against the "D.C. Records Center and Federal Bureau of Prisons," alleging violations of his constitutional rights.[1] *See generally* Compl. In April 2008, the BOP filed a motion to dismiss. *See generally* BOP's Mot. to Dismiss. In his opposition to the motion, the plaintiff asserted, for the first time, an FTCA claim against the BOP and Fifth Amendment *Bivens*[2] claims against two individuals not named in the original complaint, Ebony Hill[3] and D. Livingston.[4] *See generally* Pl.'s Opp'n to BOP's Mot. to Dismiss.

On January 22, 2009, the court issued a memorandum opinion construing the plaintiff's opposition as an amended complaint and dismissing all of the plaintiff's claims except the newly raised FTCA claim against the BOP and the Fifth Amendment claims against Hill and Livingston in their individual capacities. *See generally* Mem. Op. (Jan. 22, 2009). In the order accompanying the memorandum opinion, the court directed the plaintiff to serve the newly-named individual defendants with the amended complaint by May 22, 2009. *See* Order (Jan. 22, 2009). The plaintiff was advised that failure to effect service by that date could result in dismissal of his action. *See id*.

On November 16, 2009, the court granted the defendants' motion for leave to file a renewed motion to dismiss addressing the claims raised in the plaintiff's amended complaint. Mem. Order (Nov. 16, 2009) at 1-2. In the renewed motion to dismiss, the defendants contend

---

[1] A more detailed recitation of the factual background underlying this case may be found in the court's prior memorandum opinion. *See* Mem. Op. (Jan. 22, 2009) at 2-3.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a private right of action against federal officials for constitutional violations).

[3] The plaintiff describes Hill as "a staff member of the [Community Correction Center] and also the person who sat on the [Center Disciplinary Committee] hearing as a chairperson." Pl.'s Opp'n to Defs.' BOP's Mot. to Dismiss at 5.

[4] The plaintiff alleges that Livingston is the disciplinary hearing officer who "held a Disciplinary Hearing without the plaintiff being present." *Id.* at 7.

that the plaintiff's Fifth Amendment claims against Hill and Livingston must be dismissed because the plaintiff failed to properly serve these individuals as required by the court's January 22, 2009 order. Defs.' Renewed Mot. to Dismiss ("Defs.' Mot.") at 5-6. The defendants also argue that the plaintiff's FTCA claim must be dismissed because the plaintiff failed to properly exhaust his administrative remedies before bringing suit. *Id.* at 6-7.

In response to the defendants' motion for leave to file a renewed motion to dismiss, the plaintiff filed an opposition to the defendants' renewed motion to dismiss addressing the defendants' arguments regarding improper service of Hill and Livingston. *See generally* Pl.'s 2d Mot. for Default J. & Opp'n to Defs.' Renewed Mot. to Dismiss ("Pl.'s Opp'n"). The opposition did not, however, address the defendants' arguments concerning dismissal of the plaintiff's FTCA claims. *See generally id.*

Accordingly, the court directed the plaintiff to file a supplemental opposition by November 30, 2009 addressing the defendants' arguments concerning dismissal of the plaintiff's FTCA's claims. Mem. Order (Nov. 16, 2009) at 3. After obtaining numerous extensions of time, the plaintiff filed his supplemental opposition on August 12, 2010. *See generally* Pl.'s Suppl. Opp'n. With the defendant's motion now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

#### 1. The Court Dismisses the Plaintiff's Fifth Amendment Claims

The defendants contend that the court should dismiss the plaintiff's Fifth Amendment claims against Hill and Livingston because the plaintiff failed to properly serve them with the amended complaint. Defs.' Mot. at 5-6; Defs.' Reply in Support of Defs.' Mot. ("Defs.' Reply")

at 1-3. The plaintiff responds that he properly served Hill and Livingston by mailing a copy of the summons and amended complaint by certified mail, return receipt requested, to their last known places of employment. Pl.'s Opp'n at 1-2. The plaintiff has not, however, submitted any proof regarding when he mailed these documents or who received the mailings. *See generally id.*; Pl.'s Suppl. Opp'n.

A party can move the court to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. FED. R. CIV. P. 12(b)(5); *see also Chen v. Dist. of Columbia*, 256 F.R.D. 263, 266 (D.D.C. 2009) (noting that "[c]ourts routinely dismiss cases for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure"). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilsaka v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).

Rule 4(i)(3) provides that when a federal employee is "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States *and also serve the officer or employee under Rule 4(e), (f), or (g)*." FED. R. CIV. P. 4(i)(3) (emphasis added); *see also Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (observing that "defendants in *Bivens* actions must be served as individuals"); *Davis v. Mukasey*, 669 F. Supp. 2d 45, 50 n.4 (D.D.C. 2009) (holding that claims against officials in their personal capacities were "subject to dismissal because none of the defendants . . . have been served in his or her personal capacity"); *Henderson v. Ratner*, 677 F. Supp. 2d 37, 42 (D.D.C.

4

2009) (dismissing claims against a federal official in her personal capacity because the defendant "has not been served in her personal capacity and, absent effective service, this Court has no personal jurisdiction over her").

Federal Rule of Civil Procedure 4(e) governs the service of non-minor, competent individuals "within a judicial district of the United States." *See* FED. R. CIV. P. 4(e). More specifically, Rule 4(e)(2) provides that such an individual may be served by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an authorized agent. *Id.* 4(e)(2). Rule 4(e)(1) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." *Id.* 4(e)(1).

Rule 4(e) of the District of Columbia Superior Court Civil Rules sets forth the requirements for service of process in the District of Columbia. *See* D.C. Super. Ct. Civ. R. 4(e). These requirements mirror the requirements set forth in Federal Rule of Civil Procedure 4(e). *See id.* In addition, D.C. Superior Court Rule 4(c) permits service to be effect upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested" or "by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender." *Id.* 4(c).

Plainly, the plaintiff did not satisfy the requirements of Federal Rule 4(e)(2) by mailing copies of the summons and amended complaint to Hill and Livingston at their places of employment. *See* FED. R. CIV. P. 4(e)(2). Nor has the plaintiff demonstrated that he properly

effected service on Hill and Livingston under D.C. law, as he has not submitted any proof that Hill or Livingston signed for or otherwise received the mailings.[5] *See Wilson-Greene v. Dep't of Youth Rehab. Servs.*, 2007 WL 2007557, at *2 (D.D.C. July 9, 2007) (holding that the plaintiff failed to properly serve the individual defendants under D.C. law by certified mail, return receipt requested, because "[a]lthough the Civil Rules of the D.C. Superior Court allows service by mail, such service must be made on the individual to be served" and "[the] Plaintiff has offered no evidence that a copy of the complaint and the summons was delivered to the individual plaintiffs or that [the individuals who signed for the mailings] were in some way authorized to accept service of process); *see also Toms v. Hantman*, 530 F. Supp. 2d 188, 191 (D.D.C. 2008) (holding that the plaintiff did not properly serve the defendant under D.C. law by sending the summons and complaint by certified mail to the defendant's business address). Thus, because the plaintiff failed to properly serve Hill and Livingston, the court grants the defendants' motion to dismiss the plaintiff's Fifth Amendment claims.

Because insufficient service of process is typically a defect that can be cured, dismissal under Rule 12(b)(5) is ordinarily without prejudice. *See Simkins*, 108 F.3d at 369 (noting that "the insufficiency of service of process would have warranted the court's dismissing [parts of the complaint] without prejudice"); *see also Thomas v. Furness (Pac.) Co. Ltd.*, 171 F.2d 434, 434 (9th Cir. 1949) (concluding that a dismissal with prejudice for insufficient service was reversible

---

[5] Although the plaintiff also contends that he mailed a copy of the summons and amended complaint to the Assistant United States Attorney representing the Bureau of Prisons in this case, Pl.'s Opp'n at 1-2, such notice does not satisfy the plaintiff's obligation to effect personal service on Hill and Livingston, *cf. Jackson v. Telford*, 2006 WL 2559486, at *3 (D.D.C. Sept. 5, 2006) (observing that the defendant's actual receipt of the plaintiff's pleadings did not vitiate his obligation to properly serve the defendant because "[t]he law of the District of Columbia is . . . clear that actual receipt of service does not constitute valid service of process upon an individual because actual receipt does not satisfy any of the methods of service permitted by Rule 4(e) of the Federal Rules of Civil Procedure or by Rule 4(c) and 4(e) of the D.C. Superior Court Civil Rules").

error and modifying the dismissal to be without prejudice). Accordingly, the court dismisses the plaintiff's Fifth Amendment claim against Hill without prejudice.[6]

The defendants have, however, offered uncontested documentation that Livingston died in November 2007. *See* Def.'s Mot., Ex. A. Although Federal Rule of Civil Procedure 25(a)(1) provides for the substitution of the deceased party's estate upon timely motion by any party to the case, *see* FED R. CIV. P. 25(a)(1), given that Livingston died before she was ever served with process, the court dismisses with prejudice the claims against her, *see Goldlawr, Inc v. Shubert*, 175 F. Supp. 793, 797 (S.D.N.Y. 1959) (observing that "it is doubtful whether Rule 25(a)(1) . . . may be invoked to authorize substitution of the executors for a defendant who neither appeared nor was served with process"), *aff'd sub nom.*, *Goldlawr, Inc. v. Heiman*, 288 F.2d 579 (2d Cir. 1961), *rev'd on other grounds*, 369 U.S. 463 (1962); *see also Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (observing that if a party dies before suit is filed, then substitution under Rule 25(a)(1) is unavailable and dismissal is appropriate).

### 2. The Court Dismisses the Plaintiff's FTCA Claim

#### a. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen.*

---

[6] The defendants submit a declaration from a BOP official stating that during the relevant time period, Hill was not a BOP employee, but was instead an employee with Hope Village, a residential re-entry program. *See* Defs.' Mot., Ex. B (Decl. of Rina Desai) ¶¶ 1-4. Because Hill may not be a federal employee, it is not clear that the plaintiff's claim against Hill is properly characterized as a *Bivens* claim. Regardless, the fact remains that the plaintiff has not properly effected personal service on Hill and the court therefore lacks personal jurisdiction over that defendant. *See Henderson v. Ratner*, 677 F. Supp. 2d 37, 42 (D.D.C. 2009) (dismissing claims against a federal official in her personal capacity because the defendant "has not been served in her personal capacity and, absent effective service, this Court has no personal jurisdiction over her").

*Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992).

**b. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's FTCA Claim**

The plaintiff's FTCA claim against the BOP concerns its deduction in January 2005 of 150 days of the plaintiff's good-time credit based on violations he allegedly committed during his incarceration. Mem. Op. (Jan. 22, 2009) at 2. The defendants contend that this claim must

be dismissed because the plaintiff failed to exhaust his administrative remedies with the BOP before commencing this action. Defs.' Mot. at 8. Specifically, the defendants contend that the plaintiff failed to comply with the mandatory administrative grievance procedures set forth in 28 U.S.C. § 2401(b). *Id.* In support of their motion, the defendants submit a declaration from Rina Desai, Assistant General Counsel for the BOP, who states that according to the BOP's records, the plaintiff submitted two tort claims during the period of his incarceration, but "neither of them [concerned the] forfeiture of 150 days of statutory good time associated with his disciplinary action in 2005." *Id.*, Ex. B ("Desai Decl.") ¶ 6. Because compliance with § 2401(b) is a jurisdictional prerequisite to suit under the FTCA, the defendants argue that the plaintiff's failure to comply with the filing deadlines in that provision deprives this court of jurisdiction over the plaintiff's FTCA claim. *Id.*

The plaintiff responds that he submitted his claim to the BOP on July 9, 2005, through a form in which he set forth "the facts and the total of los[t] wages that would accrue for the time that [he] was to be unlawfully in custody." *See* Pl.'s Suppl. Opp'n at 1. The plaintiff further contends that "on July 25, 2005[,] [he] received the denial from the defendants and submitted a letter on [August 23, 2005] to the General Counsel . . . appeal[ing] . . . that adverse decision." *Id.* at 2. The plaintiff contends that the General Counsel never responded to his appeal. *Id.*

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of an unexhausted FTCA claim for lack of jurisdiction); *see also Grant v. Sec'y, U.S. Dep't of Veterans Affairs*, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004). The statute provides that an FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months

after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Failure to comply with these administrative filing deadlines deprives the district court of jurisdiction to consider the claim. *See In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442-43 (D.C. Cir 1989) (holding that motions to dismiss for failure to file a timely FTCA administrative complaint are evaluated under the stricter standard of Rule 12(b)(1) rather than the more lax standard of 12(b)(6)); *accord Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (observing that "if a litigant does not satisfy the timing requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction"); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (noting that "[u]nder the FTCA, a district court does not have jurisdiction over an action filed pursuant thereto if the plaintiff did not file an administrative claim within the two-year limitations period under 28 U.S.C. § 2401(b)").

> The defendants rely on a detailed declaration from Desai, who declares as follows:
>
> All administrative tort claims received by the BOP are entered into an electronic tracking system called Law Pack/Content Manager. I searched Law Pack/Content Manager for a record of any tort claims filed by Plaintiff Kenneth Hammond . . . . My search revealed, while Plaintiff has filed two tort claims since his incarceration with the BOP, neither of them has been about forfeiture of 150 days of statutory good time associated with his disciplinary action in 2005.

Desai Decl. ¶ 6. Desai's specific assertions, based on a search she personally performed of the BOP's records, provide persuasive evidence that the plaintiff did not submit an administrative complaint regarding the deprivation of 150 days of good time credit. *See id.* Although the plaintiff maintains that he filed his claim with the BOP in July 2005 on a Standard Form 95, Pl.'s Suppl. Opp'n at 2, he has not provided the court with a copy of that form or any other proof that he actually submitted such a claim to the BOP, *see generally id.* The court therefore concludes that the plaintiff has not established by a preponderance of the evidence that he administratively

10

exhausted his FTCA claim with the BOP before commencing this action. *See Lujan*, 504 U.S. at 561 (observing that the plaintiff must show by a preponderance of the evidence that the court has subject matter jurisdiction to overcome a Rule 12(b)(1) motion to dismiss).

Furthermore, even if the court were to credit the plaintiff's assertion that he filed his claim with the BOP in July 2005, *see* Pl.'s Suppl. Opp'n at 2, the plaintiff still would not have established the court's jurisdiction over his FTCA claim. As noted, the plaintiff asserts that after receiving a denial of his claim from the BOP on July 25, 2005, he filed an appeal with the BOP's Office of General Counsel on August 23, 2005, to which the General Counsel never responded. *Id.* Yet BOP regulations provide that before submitting an appeal to the General Counsel, an inmate must first appeal an adverse administrative determination to the Regional Director. *See* 28 C.F.R. § 542.15 (providing that an inmate "may submit an Appeal on the appropriate form . . . to the appropriate Regional Director within 20 calendar days of the date" of the adverse administrative determination and that "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response"). The plaintiff has offered no indication that he properly pursued this intermediate level of administrative appeal before filing an appeal with the General Counsel. *See generally* Pl.'s Suppl. Opp'n; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (observing that administrative exhaustion "means using all steps that the agency holds out, and doing so *properly*" (quoting *Pozo v. McCaughtry*, 286 F.3d1022, 1024 (7th Cir. 2002))). Because the plaintiff has failed to demonstrate that he properly pursued each step of the administrative review process, he has failed to establish the court's jurisdiction over his FTCA claim.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of September, 2010.

RICARDO M. URBINA  
United States District Judge